KIRBY NOONAN LANCE &
   HOGE LLP
David J. Noonan (Bar No. 55966)
Ethan T. Boyer (Bar No. 173959)
350 10th Avenue, Suite 1300
San Diego, California 92101
Tel: (619) 231-8666
Fax: (619) 231-9593
dnoonan@knlh.com
eboyer@knlh.com

*Proposed Liaison Counsel for the Class*

[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>SEAWORLD ENTERTAINMENT, INC., JIM ATCHISON, JAMES HEANEY, DAN BROWN, MARC SWANSON, DAVID F. D'ALLESANDRO, and THE BLACKSTONE GROUP L.P.,<br><br>        Defendants. | No. 3:14-cv-02129-MMA-JMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF PENSIONSKASSEN FOR BØRNE- OG UNGDOMSPÆDAGOGER AND ARKANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF COUNSEL**<br><br>Date:  December 15, 2014<br>Time:  2:30 p.m.<br>Judge:  Hon. Michael M. Anello<br>Location:  Courtroom 3A |

## <u>TABLE OF CONTENTS</u>

I.    PRELIMINARY STATEMENT...................................................................1

II.   FACTUAL BACKGROUND ...................................................................5

III.  ARGUMENT ...........................................................................................6

    A.   The Pension Funds Have Timely Moved For Appointment ...................7

    B.   The Pension Funds Have the Largest Financial Interest in the Relief
        Sought by the Class.........................................................................7

    C.   The Pension Funds Satisfy The Relevant Requirements of Rule 23........8

        1.   Typicality.................................................................................8

        2.   Adequacy .................................................................................9

    D.   The Court Should Approve the Pension Funds' Selection of Counsel ..13

IV.   CONCLUSION .......................................................................................16

Memorandum of Points and Authorities in
Support of Motion
Case No. 14cv2129

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

CASES

3

*Bo Young Cha v. Kinross Gold Corp.*,
No. 12 Civ. 1203(PAE), 2012 WL 2025850 (S.D.N.Y. May 31, 2012) ............ 8

4

*City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*,
No. C 04-04362 MJJ, 2005 WL 318813 (N.D. Cal. February 7, 2005) ............. 9

5

*Glauser v. EVCI Career Colleges Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006).............................................................. 3, 12, 13

6

7

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998).......................................................................... 8

8

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009)...................................................................... 12

9

10

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002)................................................................ 2, 6, 8, 13

11

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ............................................................................ 13

12

13

*In re Cohen*,
586 F.3d 703 (9th Cir. 2009)...................................................................... 4, 13

14

*Kinnett v. Strayer Educ., Inc.*,
No. 8:10–cv–2317–T–23MAP, 2011 WL 317758 (M.D. Fla. Jan. 31, 2011)... 12

15

16

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
No. 13–CV–05368–LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) .. 10, 12

17

18

*Rafton v. Rydex Series Funds*,
No. C 10–1171 CRB, 2010 WL 2629579 (N.D. Cal. June 29, 2010) ................ 6

19

*Reimer v. Ambac Fin. Grp., Inc.*,
No. 08-cv-411-NRB, 2008 WL 2073931 (S.D.N.Y. May 9, 2008)................... 12

20

21

*Russo v. Finisar Corp.*,
No. 5:CV 11–01252–EJD, 2011 WL 5117560 (N.D. Cal. October 27, 2011).... 8

22

STATUTES

23

15 U.S.C. § 77z-1 ..................................................................................... passim

24

15 U.S.C. § 78u-4 ..................................................................................... passim

25

26

iii

27

Memorandum of Points and Authorities in
Support of Motion
Case No. 14cv2129

**OTHER AUTHORITIES**

FED. R. CIV. P. 23...................................................................................... 9

H.R. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730 ............... 3, 12

Memorandum of Points and Authorities in
Support of Motion
Case No. 14cv2129

1        Lead Plaintiff Movants Pensionskassen For Børne- Og Ungdomspædagoger

2    ("PBU") and Arkansas Public Employees Retirement System ("APERS")

3    (collectively, the "Pension Funds") respectfully submit this memorandum of points

4    and authorities in support of their motion for: (1) appointment as Lead Plaintiff

5    pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the

6    "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27(a)(3)(B) of the

7    Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as

8    amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA");[1]

9    (2) approval of their selection of Kessler Topaz Meltzer & Check, LLP ("Kessler

10   Topaz") and Nix, Patterson & Roach, LLP ("Nix Patterson") as Co-Lead Counsel for

11   the class and Kirby Noonan Lance & Hoge LLP ("Kirby Noonan") as Liaison

12   Counsel for the Class; and (3) any such further relief as the Court may deem just and

13   proper.

14   **I.    PRELIMINARY STATEMENT**

15       Currently pending in this District is the above-captioned federal securities class

16   action (the "Action") against SeaWorld Entertainment, Inc. ("SeaWorld" or the

17   "Company"), certain of its executive officers, and SeaWorld's controlling

18   shareholder, The Blackstone Group L.P. ("Blackstone") (collectively, "Defendants"),

19   arising out of the harm to investors caused by, *inter alia*, Defendants' failure to

20   disclose that the Company was experiencing significant attendance declines at its

21   theme parks due to negative attention surrounding SeaWorld's treatment of its orca

22   whales.  The Action alleges violations of Sections 10(b) and 20(a) of the Exchange

23   Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t), and Rule 10b-5

---

[1]    As they relate to this Motion, 15 U.S.C. § 78u-4 and 15 U.S.C. § 77z-1 are functionally identical in all respects.

1

1  promulgated thereunder (17 C.F.R. § 240.10b-5), on behalf of all persons who

2  purchased or otherwise acquired SeaWorld common stock between April 18, 2013

3  and August 13, 2014 (the "Class Period").  Additionally, the Action alleges that

4  Defendants violated Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and

5  77o) as the result of false and misleading statements contained in the registration

6  statement for the Company's April 18, 2013 initial public offering (the "IPO").

7  Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff"

8  to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-

9  1(a)(3)(B)(i).  In that regard, the Court is to adopt a rebuttable presumption that the

10  "most adequate plaintiff" is the group asserting the "largest financial interest" in the

11  relief sought by the Class if that group also makes a *prima facie* showing of adequacy

12  and typicality under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §

13  78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see also In re Cavanaugh*,

14  306 F.3d 726, 729 n.2 (9th Cir. 2002) ("The Act sets up a rebuttable presumption that

15  the plaintiff with the largest stake in the controversy will be the lead plaintiff.").

16  The Pension Funds are the "most adequate plaintiff" and should be appointed

17  Lead Plaintiff.  The Pension Funds suffered approximately $4,352,836 in losses from

18  their Class Period investments in SeaWorld common stock—a substantial financial

19  interest that will ensure their vigorous prosecution of the claims against SeaWorld.[2]

20  In addition to asserting the largest financial interest, the Pension Funds readily

21  satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure

22  because their claims are typical of all members of the Class, and they will fairly and

23
2  *See* Declaration of David J. Noonan in Support of the Motion of
24  Pensionskassen For Børne- Og Ungdomspædagoger and Arkansas Public Employees
25  Retirement System for Appointment as Lead Plaintiff and Approval of Their
   Selection of Counsel (the "Noonan Decl."), Exs. A, B, & C.
26

27

1   adequately represent the Class.  As set forth in the accompanying Joint Declaration,

2   the Pension Funds personally discussed this Action before concluding that their joint

3   institutional leadership would ensure that this Action is effectively prosecuted in the

4   best interests of the Class.[3]  While the Pension Funds are sophisticated and capable

5   fiduciaries in their own right, the Pension Funds have also taken additional steps in

6   order to formalize their joint oversight of this action and their chosen counsel,

7   including participating in a joint conference call in which PBU and APERS

8   discussed, among other things, the measures they have undertaken to ensure the

9   Action is prosecuted effectively without duplication, their commitment to jointly

10  overseeing this Action as Lead Plaintiff, their purpose for seeking appointment as

11  with one another, and the importance of maximizing the recovery for the Class.

12  Undoubtedly, the Pension Funds have both the incentive and ability to supervise and

13  monitor counsel, and are more than adequate to represent the Class.

14      Moreover, as institutional investors collectively responsible for approximately

15  $15 billion in assets, the Pension Funds are the prototypical lead plaintiff envisioned

16  by Congress under the PSLRA, and their appointment would fulfill this critical

17  legislative purpose.  *See* H.R. Rep. No. 104-369, at *34 (1995), reprinted in 1995

18  U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors

19  in class actions will ultimately benefit shareholders and assist courts by improving

20  the quality of representation in securities class actions"); *Glauser v. EVCI Career*

21  *Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was

22  passed, at least in part, to increase the likelihood that institutional investors would

23  serve as lead plaintiffs in actions such as this one") (citation omitted).

24      Finally, the Pension Funds have retained Kessler Topaz and Nix Patterson as

25  _____

    [3]    Noonan Decl., Ex. D.

26                              3

27                                    Memorandum of Points and Authorities in
                                      Support of Motion
                                      Case No. 14cv2129

1    Co-Lead Counsel and Kirby Noonan as Liaison Counsel for the Class.  As the "most
2    adequate plaintiff" under the PSLRA, the Pension Funds' selection of Counsel should
3    be approved.  15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v).

4           Kessler Topaz and Nix Patterson are nationally recognized securities class
5    action litigation firms that have recovered billions of dollars in damages for injured
6    shareholders.   Additionally, Kessler Topaz and Nix Patterson have significant
7    experience jointly prosecuting complex class action throughout the United States,
8    including actions under the PSLRA and under APERS' leadership.  *See In re*
9    *Brocade Sec. Litig.*, No. 05-cv-02042-CRB (N.D. Cal. filed May 19, 2005) (litigated
10   by Nix Patterson and Kessler Topaz under APERS's leadership; settled for $160
11   million); *see also In re MGM Mirage Sec. Litig.*, No. 09-cv-01558-GMN-VCF (D.
12   Nev. filed Aug. 19, 2009) (Nix Patterson and Kessler Topaz serving as Co-Lead
13   Counsel).  The firms have also jointly prosecuted a number of other complex class
14   actions asserting claims under common law and the Employee Retirement Income
15   Security Act of 1974 ("ERISA").  *See, e.g.*, Noonan Decl., Exs. E & F (*CompSource*
16   *Okla. v. BNY Mellon, N.A.*, No. 08-cv-00469-KEW (E.D. Okla. filed Dec. 19, 2008)
17   ($280 million recovery); *Bd. of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase*
18   *Bank, N.A.*, No. 09-cv-00686-SAS-DCF (S.D.N.Y. filed Jan. 23, 2009) ($150 million
19   recovery)).  Kessler Topaz and Nix Patterson are highly qualified to prosecute this
20   case and should be appointed Co-Lead Counsel for the class.  *See In re Cohen*, 586
21   F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has
22   the power to select lead counsel.").  The Pension Funds' selection of Kirby Noonan
23   as Liaison Counsel should similarly be approved.  *See* Noonan Decl., Ex. G.

24          Based on the Pension Funds' asserted financial interest, their demonstrated
25   commitment to act as a cohesive unit, and their commitment and ability to oversee

26                                              4

27                                Memorandum of Points and Authorities in
                                           Support of Motion
                                       Case No. 14cv2129

1   their selected counsel, the Pension Funds respectfully request that the Court appoint

2   them as Lead Plaintiff and approve their selection of Counsel.

3   **II.   FACTUAL BACKGROUND**

4        SeaWorld, a Delaware corporation headquartered in Orlando, Florida, is an

5   entertainment company that operates theme parks under various brands.  On April 18,

6   2013, the Company conducted its IPO, in which the Company sold 10 million shares

7   and Blackstone sold 19.9 million shares of SeaWorld common stock at $27.00 per

8   share.  The Company conducted additional offerings on December 11, 2013 and

9   April 4, 2014, in which Blackstone sold an additional total of more than 35 million

10  Company shares at $30.00 per share (the "SPOs").  Collectively, the IPO and SPOs

11  netted SeaWorld and Blackstone approximately $1.9 billion.

12       The Action alleges that Defendants made false and misleading statements and

13  failed to disclose materially adverse facts about the Company's business and

14  operations in the prospectus and registration statement related to the IPO, and

15  throughout the Class Period in regulatory filings and communications with the

16  market.  Specifically, Defendants falsely touted the care that the Company provides

17  to its orca population and attributed attendance declines at its SeaWorld-branded

18  parks to weather conditions and when holidays fell on the calendar.

19       Then, on August 13, 2014, the Company revealed that "demand pressures

20  related to recent media attention surrounding proposed legislation in the state of

21  California" had negatively impacted attendance at its parks.   The legislation

22  referenced in the disclosure would impose fines and jail time for holding orcas in

23  captivity for entertainment purposes, and arose out of the controversy related to a

24  documentary, *Blackfish*, that exposed the questionable treatment of orca whales at

25  SeaWorld-branded parks.  On this news, the price of SeaWorld common stock

26  

5

27

1  declined $9.25 per share, or nearly 33%, from a close of $28.15 per share on August

2  12, 2014 to close at $18.90 per share on August 13, 2014.

3  **III.  <u>ARGUMENT</u>**

4  The PSLRA establishes the procedure for selecting a lead plaintiff in a class

5  action lawsuit asserting claims under the federal securities laws.  15 U.S.C. § 78u-

6  4(a)(1)-(3)(B)(i); 15 U.S.C. § 77z-1(a)(1)-(3)(B)(i); *see also Cavanaugh*, 306 F.3d at

7  729; *Rafton v. Rydex Series Funds*, No. C 10–1171 CRB, 2010 WL 2629579, at *5

8  (N.D. Cal. June 29, 2010) (discussing steps for selecting a lead plaintiff under the

9  PSLRA).

10  First, a plaintiff who files the initial action must publish a notice to the class

11  within twenty days of filing the action informing class members of: (i) the pendency

12  of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv)

13  the right to move the court to be appointed as lead plaintiff within sixty days of the

14  publication of the notice.   15 U.S.C. § 78u-4(a)(3)(A)(i); 15 U.S.C. § 77z-

15  1(a)(3)(A)(i).  Within sixty days after publication of the notice, any member of the

16  proposed class may apply to the court to be appointed as lead plaintiff, whether or not

17  they have previously filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A)-(B);

18  15 U.S.C. § 77z-1(a)(3)(A)-(B).

19  Second, the PSLRA provides that within ninety days after publication of the

20  notice, the court shall consider any motion made by a class member and shall appoint

21  as lead plaintiff the member or members of the class that the court determines to be

22  most capable of adequately representing the interests of class members.  *See* 15

23  U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. § 77z-1(a)(3)(B); *see also Cavanaugh*, 306 F.3d

24  at 729-32.  In determining the "most adequate plaintiff," the PSLRA provides that the

25  court shall adopt a presumption that the most adequate plaintiff in any private action

26

27

1  arising under the PSLRA is:

2         the person or group of persons that –

3  (aa) has either filed the complaint or made a motion in
4  response to a notice . . . ;

5  (bb) in the determination of the court, has the largest
financial interest in the relief sought by the class; and

6  (cc) otherwise satisfies the requirements of Rule 23 of the
7  Federal Rules of Civil Procedure.

8  15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii).

9      Here, the Pension Funds are the "most adequate plaintiff" because the Pension

10  Funds: (i) have timely moved for appointment as Lead Plaintiff; (ii) possess the

11  "largest financial interest in the relief sought by the class;" and (iii) "otherwise

12  satisfy[y] the requirements of Rule 23" for purposes of this Motion. *See* 15 U.S.C. §

13  78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

14      **A.**    **The Pension Funds Have Timely Moved For Appointment**

15      The PSLRA allows any member of the class to move for appointment as lead

16  plaintiff within sixty days of the publication of notice that the first action has been

17  filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); 15 U.S.C. § 77z-1(a)(3)(A)(i)(II).  Here,

18  the Action was filed on September 9, 2014, and notice was published the same day in

19  *GlobeNewswire*.  *See* Noonan Decl., Ex. H.  Accordingly, the deadline to seek lead

20  plaintiff status is November 10, 2014.  The Pension Funds' Motion is therefore

21  timely.

22      **B.**    **The Pension Funds Have the Largest Financial Interest in the Relief**
23          **Sought by the Class**

24      The PSLRA presumes that the movant asserting the largest financial interest in

25  the relief sought by the class and who otherwise satisfies the requirements of Rule 23

26            7

27

1   is the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-

2   1(a)(3)(B)(iii).  Here, the Pension Funds suffered a loss of $4,352,836 on a last-in

3   first-out ("LIFO") basis in connection with their purchases of SeaWorld securities.

4   *See* Noonan Decl., Exs. A, B, & C; *see also Bo Young Cha v. Kinross Gold Corp.*,

5   No. 12 Civ. 1203(PAE), 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) ("the

6   overwhelming trend both in this district and nationwide has been to use LIFO to

7   calculate such losses").  To the best of the Pension Funds' knowledge, there are no

8   other applicants seeking lead plaintiff appointment asserting a larger financial interest

9   in the outcome of this Action.

10   **C.      The Pension Funds Satisfy The Relevant Requirements of Rule 23**

11   In addition to possessing the largest financial interest in the outcome of the

12   litigation, the Pension Funds satisfy the relevant requirements of Rule 23 of the

13   Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. §

14   77z-1(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, the movant need

15   only make a preliminary showing that it satisfies Rule 23's typicality and adequacy

16   requirements.  *See Cavanaugh*, 306 F.3d at 730 (noting that only a "prima facie

17   showing of typicality and adequacy" is necessary); *see also Russo v. Finisar Corp.*,

18   No. 5:CV 11–01252–EJD, 2011 WL 5117560, at *3-4 (N.D. Cal. October 27, 2011)

19   (appointing a movant who had made an "adequate preliminary showing" of typicality

20   and adequacy).    As demonstrated herein, the Pension Funds satisfy these

21   requirements.

22   *1.    Typicality*

23   The Pension Funds' claims are typical of the claims of other Class members.

24   "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those

25   of absent class members; they need not be substantially identical."  *Hanlon v.*

8

1   *Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *see also City of Harper Woods*

2   *Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-04362 MJJ, 2005 WL 318813, at *4 (N.D.

3   Cal. February 7, 2005) (stating that the typicality requirement is satisfied when the

4   named plaintiffs "(1) suffer the same injuries as the absent class members; (2) as a

5   result of the same course of conduct by the defendants; and (3) their claims are based

6   on the same legal issues").

7          The typicality requirement is satisfied here because the Pension Funds seek the

8   same relief and advance the same legal theories as other Class members, and are not

9   subject to any unique or special defenses.  Like all members of the Class, they seek to

10   recover for losses incurred as a result of Defendants' alleged misrepresentations and

11   omissions and subsequent declines in the value of SeaWorld common stock.  These

12   shared claims, which are based on the common legal theories and arise from the same

13   events and course of conduct as the claims of the other Class members, satisfy Rule

14   23(a)(3)'s typicality requirement.  *See AXT*, 2005 WL 318813, at *4.

15                            *2.     Adequacy*

16          The Pension Funds likewise satisfy the adequacy requirement of Rule 23.

17   Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party

18   must "fairly and adequately protect the interests of the Class."  FED. R. CIV. P.

19   23(a)(4).  Whether a party can "fairly and adequately" protect the interests of the

20   class depends on: (a) the qualifications of the representative's chosen counsel; (b) an

21   "absence of antagonism" between the representative and the proposed class; (c)

22   "shared interests" between the representative and the proposed class; and (d) the

23   "unlikelihood that the suit is collusive."  *AXT*, 2005 WL 318813, at *4.

24          The Pension Funds satisfy these elements because their substantial financial

25   stake in the litigation provides the ability and incentive to vigorously represent the

26                                     9

27                            Memorandum of Points and Authorities in
                              Support of Motion
                              Case No. 14cv2129

Class.  Further, the Pension Funds' interests are perfectly aligned with those of the other Class members and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest, collusion, or other antagonism between the Pension Funds and other Class members.

To further demonstrate their adequacy and cohesiveness, the Pension Funds submit herewith Certifications and a Joint Declaration which affirm their understanding of the duties owed to the Class and their commitment to oversee and monitor the prosecution of this action in the best interests of the Class.  *See* Noonan Decl., Exs. A, B, & D.  Through their Certifications and the Joint Declaration, the Pension Funds have demonstrated that they accept the fiduciary obligations that they will assume if appointed Lead Plaintiff in this action.  *Id.*

The Joint Declaration demonstrates that the Pension Funds are a cohesive group that is able to function separate and apart from their lawyers to ensure the litigation is prosecuted in the best interests of the Class.  Indeed, the Pension Funds comprise a small, cohesive partnership of two sophisticated institutional investors that determined on their own to jointly seek appointment as Lead Plaintiff.  *See* Noonan Decl., Ex. D at ¶¶4-6; *see also Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13–CV–05368–LHK, 2014 WL 2604991, at *5 (N.D. Cal. June 10, 2014) ("Small, cohesive groups . . . are routinely appointed as lead plaintiff in securities actions when they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel.").

The Joint Declaration specifically establishes, *inter alia*, that:

- Based on their respective financial losses and in order to provide the class representation of sophisticated institutional

10

investors, the Pension Funds affirmatively decided to seek joint appointment as lead plaintiff (Noonan Decl., Ex. D ¶¶ 4-6);

- The Pension Funds personally discussed seeking appointment in this case before filing a motion (*Id.* ¶¶ 7-10);

- The Pension Funds have explicitly acknowledged and accepted their duties and obligations to all Class members if selected as Lead Plaintiff and are committed to seeking the largest possible recovery for the Class (*Id.* ¶¶ 2-3; 14);

- The Pension Funds are committed to overseeing proposed co-lead counsel to ensure that the case is efficiently litigated in the Class's best interest and without duplication by counsel (*Id.* ¶¶ 7; 10-13); and

- The Pension Funds are committed to collaboratively working together to manage this litigation on behalf of the proposed Class (*Id.* ¶¶ 7-8; 14).

Moreover, as part of their effort to formalize their commitment to jointly prosecute this action, before seeking appointment as Lead Plaintiff, representatives of the Pension Funds participated in a conference call to discuss, among other things: the significance of institutional investors prosecuting claims against SeaWorld; the need for the action to be driven by sophisticated institutional investors intent on maximizing recovery for the Class; the Pension Funds' interests in serving jointly as Lead Plaintiff; and ensuring that the claims of the Class will be efficiently and zealously prosecuted. *See id.* at ¶ 7.

The evidence submitted by the Pension Funds demonstrating their commitment to vigorously and effectively representing the interest of the Class as members of a

11

1   Lead Plaintiff group is more than sufficient to satisfy the adequacy and typicality
2   requirements.  *See, e.g., Fusion-io*, 2014 WL 2604991, at *5 (appointing a group of
3   two "sophisticated investors" whose joint declaration demonstrated that they would
4   "manage the litigation effectively in the interest of the class without undue influence
5   of counsel"); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D.
6   260, 270 (S.D.N.Y. 2009) (finding that "demonstrated cooperation among plaintiffs
7   [through discussions and declarations memorializing their joint oversight over
8   counsel and the action], particularly plaintiffs that are sophisticated institutional
9   investors, satisfies concerns about designating groups as lead plaintiffs that are in fact
10  dominated by counsel"); *Reimer v. Ambac Fin. Grp., Inc.*, No. 08-cv-411-NRB, 2008
11  WL 2073931, at *3 (S.D.N.Y. May 9, 2008) (finding that "joint conference calls"
12  between group members to discuss the litigation demonstrated that the group was
13  able to function independently of counsel).

14  In addition to satisfying the typicality and adequacy requirements of Rule 23,
15  the appointment of the Pension Funds also fulfills a critical legislative goal
16  underlying the enactment of the PSLRA—encouraging sophisticated institutions with
17  large financial interests to serve as lead plaintiff.  "[T]he PSLRA was passed, at least
18  in part, to increase the likelihood that institutional investors would serve as lead
19  plaintiffs in actions such as this one."  *Glauser*, 236 F.R.D. at 188 (citation omitted);
20  *see also* H.R. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730,
21  733 ("The Conference Committee believes that increasing the role of institutional
22  investors in class actions will ultimately benefit shareholders and assist courts by
23  improving the quality of representation in securities class actions."); *Kinnett v.*
24  *Strayer Educ., Inc.*, No. 8:10–cv–2317–T–23MAP, 2011 WL 317758, at *1 (M.D.
25  Fla. Jan. 31, 2011) ("Congress reasoned that such large investors would have an

26

12

27

1    incentive to actively monitor the conduct of their attorneys and ensure that members

2    of the class were well represented.") (citation omitted).   The Pension Funds are

3    collectively responsible for overseeing approximately $15 billion in assets on behalf

4    of more than 187,000 participants.   Noonan Decl., Ex. D.   As such, the Pension

5    Funds are the ideal lead plaintiff envisioned under the PSLRA.   *See, e.g.*, *Glauser*,

6    236 F.R.D. at 188 (concluding that the institutional investor movant in that case was

7    "precisely the type of sophisticated institutional investor that Congress and this Court

8    have recognized as being ideally suited to control this type of securities class action

9    litigation").

10    Finally, the Pension Funds have demonstrated their adequacy through their

11    selection of Kessler Topaz and Nix Patterson as Co-Lead Counsel and Kirby Noonan

12    as Liaison Counsel for the Class.   As discussed more fully below, the Pension Funds'

13    proposed counsel are qualified, experienced, and able to conduct this complex

14    litigation in an efficient, effective, and professional manner.

15    **D.     The Court Should Approve the Pension Funds' Selection of Counsel**

16    The PSLRA vests authority in the lead plaintiff to select and retain counsel for

17    the class, subject to the Court's approval.   *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15

18    U.S.C. § 77z-1(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732 n.11; *Cohen*, 586 F.3d at

19    709 ("The statute expressly provides that lead plaintiff has the power to select lead

20    counsel.").   "[T]he [C]ourt should generally employ a deferential standard in

21    reviewing the lead plaintiff's choices."   *In re Cendant Corp. Litig.*, 264 F.3d 201, 274

22    (3d Cir. 2001).   Here, the Pension Funds have selected Kessler Topaz and Nix

23    Patterson as proposed Co-Lead Counsel and Kirby Noonan as Liaison Counsel for

24    the Class.   The Court should approve the Pension Funds' selection of Counsel.

25

26

27

Memorandum of Points and Authorities in
Support of Motion
Case No. 14cv2129

1    Kessler Topaz specializes in prosecuting complex class action litigation and is

2 one of the leading law firms in its field.  *See* Noonan Decl., Ex. E.  The firm is

3 actively engaged in complex litigation and has successfully prosecuted numerous

4 securities fraud class actions on behalf of injured investors, including: *In re Tyco*

5 *International, Ltd. Securities Litigation*, No. 02-1335-B (D.N.H. 2002) ($3.2 billion

6 recovery); *In re Bank of America Corp. Securities, Derivative, and Employee*

7 *Retirement Income Security Act (ERISA) Litig.*, No. 09-MDL-2058 (PKC) (S.D.N.Y.)

8 ($2.425 billion recovery); *In re Wachovia Preferred Securities and Bond/Notes*

9 *Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re*

10 *Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.)

11 ($615 million recovery).  Additionally, Kessler Topaz is currently serving as lead or

12 co-lead counsel in several high profile securities class actions, including: *In re*

13 *JPMorgan Chase & Co. Securities Litigation*, No. 12-3852-GBD (S.D.N.Y.) and *In*

14 *re HP Securities Litigation*, No. 12-cv-5980-CRB (N.D. Cal.).

15    Similarly, Nix Patterson is among the premiere securities class action law

16 firms in the country and has considerable experience litigating complex class actions.

17 *See* Noonan Decl., Ex. F.  In addition to the recoveries jointly obtained with Kessler

18 Topaz listed herein, Nix Patterson's past successes include a $17 billion tobacco

19 settlement negotiated on behalf of the State of Texas in *Texas v. American Tobacco*

20 *Co.*, No. 96-cv-00091 (E.D. Tex. filed March 28, 1996); *In re MoneyGram Int'l, Inc.*

21 *Sec. Litig.*, No. 08-cv-00883-DSD-JJG (D. Minn. filed Mar. 28, 2008) ($80 million

22 recovery); and *In re Triton Energy Ltd. Sec. Litig.*, No. 98-cv-00256-DF (E.D. Tex.

23 filed July 17, 1998) ($49.5 million recovery).  *See id.*

24    Kessler Topaz and Nix Patterson are not only each well-qualified and

25 experienced law firms in their own right, they also have a history of effectively

26

27
Memorandum of Points and Authorities in
Support of Motion
Case No. 14cv2129

working together as co-counsel in securities actions that have recovered hundreds of millions of dollars for investors—including one significant action under APERS's leadership.  *See*, *e.g.*, *In re Brocade Sec. Litig.*, No. 05-cv-02042-CRB (N.D. Cal. filed May 19, 2005) ($160 million recovery with APERS serving as lead plaintiff); *see also In re Delphi Corp. Sec., Derivative, & "ERISA" Litig.*, No. 05-md-01725-GER (E.D. Mich. filed Dec. 14, 2005) ($322 million recovery); *In re MGM Mirage Sec. Litig.*, No. 09-cv-01558-GMN-VCF, 2010 WL 4316754, at *3 (D. Nev. 2010) (stating that "[t]here is also no reason to doubt the competence of" Nix Patterson and Kessler Topaz "in complex civil proceedings").  Kessler Topaz and Nix Patterson also have jointly recovered hundreds of millions of dollars on behalf of institutional investors harmed by their custodial banks.  *See*, *e.g.*, Noonan Decl., Exs. E & F (*CompSource Okla. v. BNY Mellon, N.A.*, No. 08-cv-00469-KEW (E.D. Okla. filed Dec. 19, 2008) ($280 million recovery); *Bd. of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, No. 09-cv-00686-SAS-DCF (S.D.N.Y. filed Jan. 23, 2009) ($150 million recovery)).

Finally, Kirby Noonan has substantial experience litigating complex actions and is well qualified to represent the Class as Liaison Counsel.  See Noonan Decl., Ex. G.

Thus, the Court can be assured that the Class will receive the highest caliber of legal representation should it approve the Pension Funds' selection of Kessler Topaz and Nix Patterson as Co-Lead Counsel and Kirby Noonan as Liaison Counsel for the Class.

Memorandum of Points and Authorities in
Support of Motion
Case No. 14cv2129

IV.   **CONCLUSION**

For the reasons set forth above, the Pension Funds respectfully request that the Court:  (1) appoint them to serve as Lead Plaintiff; (2) approve their selection of Kessler Topaz and Nix Patterson as Co-Lead Counsel and Kirby Noonan as Liaison Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: November 10, 2014

*/s/ David J. Noonan*
David J. Noonan (Bar No. 55966)

KIRBY NOONAN LANCE &
    HOGE LLP
Ethan T. Boyer (Bar No. 173959)
350 10th Avenue, Suite 1300
San Diego, California 92101
Tel: (619) 231-8666
Fax: (619) 231-9593
dnoonan@knlh.com
eboyer@knlh.com

*Proposed Liaison Counsel for the Class*

KESSLER TOPAZ MELTZER
    & CHECK, LLP
Eli Greenstein (Bar No. 217945)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:   (415) 400-3000
Fax:   (415) 400-3001
egreenstein@ktmc.com

-and-

Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Tel:   (610) 667-7706
Fax:   (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com

Memorandum of Points and Authorities in
Support of Motion
Case No. 14cv2129

1

NIX, PATTERSON & ROACH, LLP
Bradley E. Beckworth
Jeffrey J. Angelovich

2

3600 N. Capital of Texas Hwy.,
Suite 350

3

Austin, TX 78746
Tel: (512) 328-5333

4

Fax: (512) 328-5332
bbeckworth@nixlawfirm.com

5

jangelovich@npraustin.com

6

-and-

7

Susan Whatley
205 Linda Drive

8

Daingerfield, TX 75638
Tel:   (903) 645-7333

9

Fax:   (903) 645-4415
susanwhatley@nixlawfirm.com

10

11

*Counsel for Pensionskassen For Børne-
Og Ungdomspædagoger and Arkansas*

12

*Public Employees Retirement System,
and Proposed Co-Lead Counsel for the*

13

*Class*

14

15

16

17

18

19

20

21

22

23

24

25

26

17

27

Memorandum of Points and Authorities in
Support of Motion
Case No. 14cv2129