KIRBY NOONAN LANCE &
    HOGE LLP
David J. Noonan (Bar No. 55966)
Ethan T. Boyer (Bar No. 173959)
350 10th Avenue, Suite 1300
San Diego, California 92101
Tel: (619) 231-8666
Fax: (619) 231-9593
dnoonan@knlh.com
eboyer@knlh.com

*Proposed Liaison Counsel for the Class*

[additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SEAWORLD ENTERTAINMENT, INC., JIM ATCHISON, JAMES HEANEY, DAN BROWN, MARC SWANSON, DAVID F. D'ALLESANDRO, and THE BLACKSTONE GROUP L.P.,<br><br>Defendants. | No. 3:14-cv-02129-MMA-KSC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF PENSIONSKASSEN FOR BØRNE- OG UNGDOMSPÆDAGOGER AND ARKANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF**<br><br>Date: December 15, 2014<br>Time: 2:30 p.m.<br>Judge: Hon. Michael M. Anello<br>Location: Courtroom 3A |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 3

    A. The Pension Funds are the Presumptive Lead Plaintiff and Should be Appointed ............................................................................................. 3

        1. The Pension Funds Have the Largest Financial Interest in the Litigation ................................................................................... 4

        2. The Pension Funds Satisfy the Requirements of Rule 23 ............. 5

    B. No Movant Challenges the Appointment of the Pension Funds as Lead Plaintiff .................................................................................................. 7

III. CONCLUSION ............................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bo Young Cha v. Kinross Gold Corp.*,
   No. 12 Civ. 1203(PAE), 2012 WL 2025850 (S.D.N.Y. May 31, 2012) ............... 2

*Bruce v. Suntech Power Holdings Co. Ltd.*,
   No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) ................ 4

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ....................................................................... *passim*

*City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*,
   No. C 04-04362 MJJ, 2005 WL 318813 (N.D. Cal. Feb. 7, 2005) ................ 5,6

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
   No. 5:11–CV–04003–LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012) ............... 4

*Glauser v. EVCI Career Colleges Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ......................................................................... 6

*Hevesi v. Citigroup Inc.*,
   366 F.3d 70 (2d Cir. 2004) ................................................................................. 6

*Lax v. First Merchants Acceptance Corp.*,
   Nos. 97 C 2715, *et al.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................... 5

*Nicolow v. Hewlett Packard Co.*,
   Nos. 12-05980 CRB, *et al.*, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ........ 2, 4

*Richardson v. TVIA, Inc.*,
   No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ............... 5

*Smilovits v. First Solar, Inc.*,
   No. CV12–0555 PHX DGC, 2012 WL 3002513 (D. Ariz. July 23, 2012) ......... 3

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B)(iii) ................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................ 2

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................................................ 2,3

**OTHER AUTHORITIES**

H.R. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730 ....................... 6

Lead plaintiff movants Pensionskassen For Børne- Og Ungdomspædagoger ("PBU") and Arkansas Public Employees Retirement System ("APERS," and with PBU, the "Pension Funds"), suffering losses in excess of $4.3 million and as the presumptively most adequate plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), respectfully submit this memorandum of points and authorities in further support of their unopposed motion for appointment as Lead Plaintiff and approval of Co-Lead and Liaison counsel [ECF No. 13].[1] As detailed herein, the Pension Funds' appointment as Lead Plaintiff is supported by the plain language of the PSLRA and binding Ninth Circuit authority. *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

## I. INTRODUCTION

On November 10, 2014, the Pension Funds filed a timely motion under the PSLRA seeking: (1) the appointment of the Pension Funds as Lead Plaintiff; and (2) the Court's approval of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") and Nix, Patterson & Roach, LLP ("Nix Patterson") as Co-Lead Counsel for the class and Kirby Noonan Lance & Hoge LLP ("Kirby Noonan") as Liaison Counsel for the class. *See* ECF No. 13. Two other movants also filed motions, both of which have since been withdrawn:

(1) Oklahoma City Employee Retirement System ("OCERS") and Pembroke Pines Firefighters and Police Officer Pension Fund ("Pembroke") (collectively, the "OCERS-Pembroke Group") [ECF No. 12], which withdrew its motion in support of the Pension Funds' motion on December 1, 2014 [ECF No. 21]; and

(2) Louis H. Baker ("Mr. Baker") [ECF No. 10], who withdrew his motion on November 17, 2014 [ECF No. 18].

---

[1] Unless otherwise noted, all references to "ECF No." refer to docket entries in *Baker v. SeaWorld Entertainment, Inc.*, No. 3:14-cv-02129-MMA-KSC (S.D. Cal.). All emphases herein are added unless indicated otherwise.

The absence of opposition to the Pension Funds' appointment and the filings with the Court confirm that the Pension Funds are the "presumptively most adequate plaintiff" under the PSLRA and are entitled to appointment under the statute. *See* ECF No. 13.

The PSLRA employs a straightforward process for selecting a lead plaintiff and directs that the presumptive lead plaintiff in a securities class action is the group that "has the largest financial interest" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure" ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). If the movant asserting the largest financial interest makes a *prima facie* showing of adequacy and typicality, it presumptively becomes the "most adequate plaintiff" and should be appointed as lead plaintiff for the class. *See id.*; *see also Cavanaugh*, 306 F.3d at 730, 732 ("Nor does the Reform Act authorize the district judge to examine the relative merits of plaintiffs seeking lead status on a round-robin basis.").

As the only remaining movant before the Court, and with losses in excess of $4.3 million under the last-in, first-out ("LIFO") loss calculation method, the Pension Funds assert the largest financial interest in this matter.[2] *See infra* at Section II.A.1.

In addition to asserting the largest financial interest in this litigation, the Pension Funds also satisfy Rule 23's prerequisites for appointment, and thus, are clearly entitled to appointment as Lead Plaintiff under the "sequential" process

---

[2]   *See Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB, *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) ("The weight of authority puts the most emphasis on … using a last in, first out ('LIFO') methodology."); *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) ("the overwhelming trend both in this district and nationwide has been to use LIFO").

established by the PSLRA and Ninth Circuit authority. *See Cavanaugh*, 306 F.3d at 729, 732.

Accordingly, the Pension Funds respectfully request that the Court grant their unopposed motion.

## II. ARGUMENT

### A. The Pension Funds are the Presumptive Lead Plaintiff and Should be Appointed

The PSLRA provides for a "sequential" "process for identifying the lead plaintiff." *Cavanaugh*, 306 F.3d at 729, 732. As explained by the Ninth Circuit, courts should begin this process by "consider[ing] the losses allegedly suffered by the various plaintiffs," in order to determine which movant has the largest financial stake in the litigation, and "then focus its attention on *that* plaintiff and determine . . . whether he satisfies the requirements of Rule 23[.]" *Id.* at 729-30 (emphasis in original).

Here, the Pension Funds have timely filed a motion for appointment as lead plaintiff, possess the largest financial interest of any movant, and satisfy Rule 23's typicality and adequacy requirements. Thus, the Pension Funds are presumptively the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-30, 732.

The Pension Funds' status as the presumptive lead plaintiff cannot be rebutted unless competing movants present "***proof***" that the Pension Funds will not fairly and adequately represent the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (demanding "proof"). "Speculation does not satisfy an objector's burden in overcoming the presumption established by the PSLRA." *Smilovits v. First Solar, Inc.*, No. CV12-0555 PHX DGC, 2012 WL 3002513, at *5 (D. Ariz. July 23, 2012). Because no

3

"proof" can be produced to rebut the presumption that the Pension Funds are the most adequate plaintiff—as none exists—the Pension Funds should be appointed as Lead Plaintiff. *See Cavanaugh*, 306 F.3d at 729 n.2 ("proof" required to rebut presumption).

### 1. The Pension Funds Have the Largest Financial Interest in the Litigation

Courts in the Ninth Circuit have consistently held that a movant's loss is the most important factor in determining which movant has the largest financial interest. *See Hewlett Packard Co.*, 2013 WL 792642, at *4 ("The weight of authority puts the **most emphasis** on the competing movants' estimated losses...."); *Bruce v. Suntech Power Holdings Co. Ltd.*, No. CV 12-04061 RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012) ("While the PSLRA does not specify how to calculate the largest financial interest, approximate losses in the subject securities is the preferred measure.").

With losses exceeding $4.3 million, and with no other movants challenging the Pension Funds' financial interest, it is indisputable that the Pension Funds assert the largest loss in this litigation.[3]

In addition to possessing the largest loss, the critical measure at this juncture, the Pension Funds also have the largest financial interest under the other "*Lax* Factors" used by courts to determine financial interest under the PSLRA. *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11–CV–04003–LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (applying four financial interest factors as set

---

[3] The OCERS-Pembroke Group asserted an aggregate loss of $243,356 in relation to their Class Period purchases of SeaWorld securities [ECF No. 12], and Mr. Baker asserted a loss of $2,009 [ECF No. 10].

forth in *Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715, *et al.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997): "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period")); *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (same). The following chart sets forth the Pension Funds' financial interest as measured by each of the *Lax* Factors:

| Movant | Total Shares | Net Shares | Net Expenditure | LIFO Losses |
|---|---|---|---|---|
| The Pension Funds | 443,075 | 369,975 | $11,861,569 | $4,352,836 |

Accordingly, the Pension Funds assert the largest financial interest of any movant before the Court.

### 2. The Pension Funds Satisfy the Requirements of Rule 23

In addition to having the largest financial interest, the Pension Funds also meet Rule 23's relevant requirements, which are limited to considerations of typicality and adequacy at this stage of the litigation. *See Cavanaugh*, 306 F.3d at 730 (noting that typicality and adequacy are the relevant requirements of Rule 23 at the lead plaintiff stage).

The test for typicality "is satisfied when the named plaintiffs: (1) suffer the same injuries as the absent class members; (2) as a result of the same course of conduct by the defendants; and (3) their claims are based on the same legal issues." *City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-04362 MJJ, 2005 WL 318813, at *4 (N.D. Cal. Feb. 7, 2005). The Pension Funds' claims are typical because—just like the other plaintiffs—the Pension Funds purchased or acquired

SeaWorld securities during the Class Period in reliance upon Defendants' false and misleading statements and suffered damages thereby. *See id.*; *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 81-82 (2d Cir. 2004) (discussing appointment of lead plaintiff under the PSLRA).

The Pension Funds also meet Rule 23's adequacy requirement, which "depends on the following considerations: (a) the qualifications of counsel for the representatives; (b) an absence of antagonism between the proposed representative and other members of the proposed class; (c) shared interests between the representative and other members of the proposed class; and (d) the unlikelihood that the suit is collusive." *AXT, Inc.*, 2005 WL 318813, at *4. As set forth in their opening brief, the Pension Funds have interests well-aligned with those of the class and are able to mount a vigorous prosecution. *See* ECF No. 13-1.

Moreover, as sophisticated institutional investors collectively responsible for approximately $15 billion in assets, the Pension Funds are the prototypical lead plaintiff envisioned by Congress under the PSLRA, and their appointment would fulfill this critical legislative purpose. *See* H.R. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one") (citation omitted).

Accordingly, the appointment of the Pension Funds ensures that the class's claims will be zealously prosecuted by a committed lead plaintiff. *See id.*

### B. No Movant Challenges the Appointment of the Pension Funds as Lead Plaintiff

As set forth above, only three movants filed for appointment as lead plaintiff. Mr. Baker, who asserted the smallest loss of all movants, withdrew his motion on November 17, 2014. ECF No. 18. The OCERS-Pembroke Group, which asserted the second-largest loss, also withdrew its motion in support of the Pension Funds on December 1, 2014. ECF No. 21 ("Based on the submissions to date, it appears that [PBU and APERS] have the largest financial interest of any of the competing movants. In addition, the PBU/Arkansas group appears to satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure.").

With no movant challenging the appointment of the Pension Funds, the Pension Funds are the "most adequate plaintiff" under the PSLRA and should be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### III. CONCLUSION

For the reasons stated herein and in their opening brief, the Pension Funds respectfully request that the Court appoint the Pension Funds as Lead Plaintiff, approve their selection of Kessler Topaz and Nix Patterson as Co-Lead Counsel and Kirby Noonan as Liaison Counsel for the class, and grant such other relief as the Court may deem just and proper.

Dated: December 1, 2014

/s/ Ethan T. Boyer
Ethan T. Boyer (Bar No. 173959)

KIRBY NOONAN LANCE & HOGE LLP
David J. Noonan (Bar No. 55966)
350 10th Avenue, Suite 1300
San Diego, California 92101
Tel: (619) 231-8666
Fax: (619) 231-9593
eboyer@knlh.com

dnoonan@knlh.com

*Proposed Liaison Counsel for the Class*

KESSLER TOPAZ MELTZER
 & CHECK, LLP
Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com

NIX, PATTERSON & ROACH, LLP
Bradley E. Beckworth
Jeffrey J. Angelovich
3600 N. Capital of Texas Hwy.,
Suite 350
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5332
bbeckworth@nixlawfirm.com
jangelovich@npraustin.com

-and-

Susan Whatley
205 Linda Drive
Daingerfield, TX 75638
Tel: (903) 645-7333
Fax: (903) 645-4415
susanwhatley@nixlawfirm.com

*Counsel for Pensionskassen For Børne-Og Ungdomspædagoger and Arkansas Public Employees Retirement System, and Proposed Co-Lead Counsel for the Class*

8

Memorandum of Points and Authorities in
Further Support of Motion
Case No. 14cv2129

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 1, 2014.

/s/ *Ethan T. Boyer*
Ethan T. Boyer (Bar No. 173959)