REDACTED

NOONAN LANCE BOYER &
    BANACH LLP
David J. Noonan (Bar No. 55966)
Ethan T. Boyer (Bar No. 173959)
701 Island Avenue, Suite 400
San Diego, CA 92101
Tel: (619) 780-0880
dnoonan@noonanlance.com
eboyer@noonanlance.com
*Liaison Counsel for the Class*

[additional counsel listed on signature page]

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>        Defendants. | Case No.:  3:14-cv-2129-MMA-AGS<br><br>**<u>CLASS ACTION</u>**<br><br>**LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RULING ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS**<br><br>Hearing Date:   August 28, 2017<br>Time:               2:30 p.m.<br>Courtroom:      3D<br>Judge:             Hon. Michael M. Anello<br><br>[Filed concurrently herewith: Notice of Motion and Motion; Declaration of Cody L. Hill] |

REDACTED

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................... 1

II.  BACKGROUND OF THE DISPUTE ....................................................... 2

III.  LEGAL STANDARD ............................................................................ 5

IV.  ARGUMENT AND AUTHORITIES – No Compelling Reasons Exist to
     Warrant Confidential Treatment of the Objected-to Materials ...................... 7

V.  CONCLUSION ..................................................................................... 11

LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR RULING
ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS
3:14-CV-2129-MMA-AGS

i

# <u>TABLE OF AUTHORITIES</u>

CASES

*Aldapa v. Folwer Packing Co*,
    2017 U.S. Dist. LEXIS 90796 (E.D. Cal. June 13, 2017) ...........................5-6

*Barker v. Insight Global, LLC*,
    2017 U.S. Dist. LEXIS 98627 (N.D. Cal. June 26, 2017) ............................ 6

*Cohen v. Trump*,
    2016 U.S. Dist. LEXIS 69985 (S.D. Cal. May 27, 2016).............................. 6

*Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*,
    340 F. Supp. 2d 1118 (D. Or. 2003) ............................................................7-8

*Corvello v. Wells Fargo Bank, N.A.*,
    2016 U.S. Dist. LEXIS 11647 (N.D. Cal. Jan. 29, 2016) ...................... 8, 10

*Ctr. For Auto Safety v. Chrysler Grp., LLC*,
    809 F.3d 1092 (9th Cir. 2016)..............................................................*passim*

*Digital Reg of Texas, LLC v. Adobe Sys. Inc.*,
    2013 U.S. Dist. LEXIS 112085 (N.D. Cal. Aug. 8, 2013) ........................... 9

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
    331 F.3d 1122 (9th Cir. 2003)....................................................... 5, 7, 10

*Hodges v. Apple, Inc.*,
    2013 U.S. Dist. LEXIS 164674 (N.D. Cal. Nov. 18, 2013) .......................... 8

*Kamakana v. City of Honolulu*,
    447 F.3d 1172 (9th Cir. 2006)................................................... 6, 7, 10

*Opperman v. Path, Inc.*,
    2016 U.S. Dist. LEXIS 17222 (N.D. Cal. Feb. 11, 2016) ............................ 5

*Perez v. Lantern Light Corp.*,
    2017 U.S. Dist. LEXIS 75421 (W.D. Wash. May 17, 2017).................... 6, 9

LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR RULING
ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS
3:14-CV-2129-MMA-AGS

ii

**REDACTED**

*Phillips v. Ford Motor Co.*,
   2016 U.S. Dist. LEXIS 176826 (N.D. Cal. Dec. 20, 2016) ...................... 5, 10

*Ramirez v. Trans Union, LLC*,
   2017 U.S. Dist. LEXIS 66194 (N.D. Cal. May 1, 2017) ............................... 8

*Welle v. Provident Life & Accident Ins. Co.*,
   2013 U.S. Dist. LEXIS 162524 (N.D. Cal. Nov. 14, 2013) ...................... 8-9

*Zavala v. Wal-Mart Corp.*,
   2007 U.S. Dist. LEXIS 67282 (D. N.J. Sept. 12, 2007) ................................ 8

LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR RULING
ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS
3:14-CV-2129-MMA-AGS

iii

REDACTED

## I.    INTRODUCTION

Defendants[1] have designated *every* document produced in this litigation—90,000 so far—as "Confidential" under the Protective Order (ECF No. 158, Attachment A), including stale documents concerning past business relationships, events and potential developments, and even public documents that have appeared on SeaWorld's websites. Defendants' blanket designation is patently improper, violates the express terms of the Federal Rules and the Protective Order, and has resulted in the needless expenditure of time and resources by the Court and the parties. Defendants' conduct has also dealt a blow to the public's longstanding right to open access to judicial documents. The public's interest in this matter and the documents Defendants have produced is especially clear here, where SeaWorld has recently disclosed investigations by both the U.S. Department of Justice and the U.S. Securities and Exchange Commission into the very same conduct at issue in this action—i.e., "disclosures and public statements made by the Company and certain executives and/or individuals on or before August 2014, including those regarding the impact of the 'Blackfish' documentary, and trading in the Company's securities." ECF No. 191.  As much as it would like to do so, SeaWorld cannot unilaterally conceal these clearly non-confidential documents any longer.

While Lead Plaintiffs believe the vast majority of Defendants' 90,000 documents are inappropriately designated, at issue here are eighteen (18) documents (the "Objected-to Materials") produced by Defendants and attached as evidence in support of a dispositive motion, Lead Plaintiffs' Memorandum of Points and Authorities in Support of Lead Plaintiffs' Motion for Class Certification (the "Class

---

[1]    "Defendants" collectively refers to the Defendants in this action, SeaWorld Entertainment, Inc. ("SeaWorld"), The Blackstone Group L.P. ("Blackstone"), James Atchison, James M. Heaney and Marc Swanson (the "Individual Defendants").

Cert. Papers").[2] The Objected-to Materials do not pertain to any trade secret, or otherwise contain any information that could warrant confidential treatment under the Protective Order or any other applicable law. Instead, the Objected-to Materials reflect Defendants' stale reactions to historical events that occurred between three and four years ago.

Defendants cannot carry their heavy burden of presenting specific and compelling evidence to overcome the strong presumption of public access and justify concealing the Objected-to Materials from the public. Therefore, Lead Plaintiffs' Motion should be granted.

## II.    BACKGROUND OF THE DISPUTE

On January 12, 2017, the Court granted the parties' Joint Motion and entered the Protective Order in this action. *See* ECF No. 158. The Protective Order allows a producing party to "designate as 'Confidential' information that has not been made public and that the" producing party "believes in good faith constitutes a trade secret or other confidential research, development or commercial information, specifically including any information for which applicable federal, state or foreign law requires confidential treatment." *Id.* at ¶4. Once information is designated as "Confidential," it must be filed under seal if a party wishes to present the evidence to the Court or use it

---

[2]    Because Defendants designated the Objected-to Materials as "Confidential," Lead Plaintiffs were required to file a motion to file their Class Cert. Papers under seal. *See* ECF No. 158 at ¶16. Therefore, Lead Plaintiffs' Class Cert. Papers are currently filed as "SEALED LODGED Proposed Documents", *see* ECF No. 188, pending the Court's ruling on Lead Plaintiffs' Motion to File Under Seal (ECF No. 187). The Objected-to Materials are attached as Exhibits 1 through 18 to the Declaration of Cody Hill in Support of Lead Plaintiffs' Motion for Class Certification. *See* ECF No. 188.

LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR RULING ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS
3:14-CV-2129-MMA-AGS

2

**REDACTED**

in any proceeding. *Id.* at ¶16.[3] However, "[f]iling a document under seal is without prejudice to any party's right to argue to the Court that the document is not Confidential and need not be preserved under seal." *Id.*

The Protective Order enables "any party" to object to another's designation of information as "Confidential" at "any stage in the proceedings" by providing written notification of the objections to counsel for the designating party. *Id.* at ¶15. And, if "the dispute is not resolved consensually between the parties within fifteen (15) days of receipt of such notice of objection, the objecting party may move the Court for a ruling on the objection." *Id.*

Since discovery commenced in this action, Defendants collectively have produced approximately 90,000 documents. *See* Declaration of Cody L. Hill ("Hill Decl."), submitted herewith, at ¶2. Defendants have designated every document "Confidential" under the Protective Order. *Id.* Such blanket designation is inherently overbroad and improper under the Protective Order and the Federal Rules. As just one example, the Protective Order expressly states that information which has "been made public" cannot qualify as confidential. ECF No. 158 at ¶4. Nonetheless, SeaWorld has designated as "Confidential" documents it broadcast to the public at large on its own website. *See, e.g.*, Ex. 1.[4] Because of Defendants' across-the-board

---

[3]      "If counsel for any party or non-party files in or submits to this Court any Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information, the pages containing or revealing the Confidential Discovery Material must be filed only in sealed envelopes or other appropriately sealed containers...in accordance with the relevant rules and procedures of the Court." *Id.* The Protective Order also provides that any materials subject to a confidentiality challenge "must be treated as Confidential until the Court has ruled on the objection or the matter has otherwise been resolved." *Id.* at ¶15.

[4]      *See also* SEAWORLDCARES.COM, *"An Open Letter,"* https://seaworldcares.com/~/link.aspx?_id=E72EFC67FC5A4B14B31AD681C87F1C20&_z=z     (SeaWorld's

REDACTED

confidentiality designations, the Protective Order has required Lead Plaintiffs to file multiple documents under seal. *See, e.g.,* ECF No. 174. Furthermore, the Court required Defendants to submit a brief explaining what, if any, good cause existed to seal documents related to Lead Plaintiffs' Motion to Compel filed earlier this year. ECF No. 176. Thus, the parties have engaged in needless extra briefing, the Court has been required to make additional rulings, and the Clerk of Court has been forced to perform ancillary work related to litigation papers required to be filed under seal. *See, e.g.*, ECF Nos. 174-76, 178-83.

Most recently, on May 19, 2017, Lead Plaintiffs filed their Class Cert. Papers. *See* ECF Nos. 187-88; *see also* n.2, *supra*. Due to Defendants' indiscriminate confidentiality designations, the Protective Order required these filings, as well, to be made under seal. *See* ECF No. 158 at ¶16. To comply with the Protective Order, Lead Plaintiffs sought permission to file their Class Cert. Papers under seal. *See* ECF No. 187. Lead Plaintiffs made clear they did not agree with Defendants' blanket confidentiality designations, did not believe the Objected-to Materials qualified as confidential, and reserved the right to challenge Defendants' designations. *See id.*

Thereafter, pursuant to ¶15 of the Protective Order, Lead Plaintiffs notified Defendants in writing of Lead Plaintiffs' objections to the confidentiality designations on the Objected-to Materials and explained why each document does not qualify for confidential treatment. *See* Ex. 2. Asserting boilerplate arguments, Defendants stood by their designations, stating the Objected-to Materials "were appropriately designated Confidential under the Protective Order and should remain sealed." Ex. 3. Defendants did not provide any specific basis for why these stale documents should continue to be treated as confidential.

website publishing the supposedly confidential Ex. 1 to the world at large). Citations herein to "Ex. __" refer to Exhibits attached to the Hill Decl. submitted herewith.

REDACTED

Because this dispute has not been resolved consensually between the parties within fifteen (15) days of Defendants' receipt of Lead Plaintiffs' notice of objection, ECF No. 158 at ¶15, the matter is ripe for decision.

## III.   LEGAL STANDARD[5]

The common law right of the general public to access judicial records and documents "antedates the Constitution and . . . is now beyond dispute." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). For this reason, the analysis of any request to keep a judicial record sealed begins "with a strong presumption in favor of access to court records." *Id.* at 1096 (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Generally, the "showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached[,]" and a "compelling reasons standard applies to most judicial records." *Opperman v. Path, Inc.*, 2016 U.S. Dist. LEXIS 17222, at *18-19 (N.D. Cal. Feb. 11, 2016).

Here, the documents in issue are attached to Lead Plaintiffs' motion for class certification. *See* ECF Nos. 187-88. "[M]ost district courts to consider the question have found that a motion for class certification is 'more than tangentially related to the underlying cause of action' and therefore merits application of the 'compelling reasons' standard."[6] Accordingly, Defendants must overcome the strong presumption

---

[5]    Unless otherwise noted, all emphasis is added herein, and all internal citations and quotations are omitted.

[6]    *Phillips v. Ford Motor Co.*, 2016 U.S. Dist. LEXIS 176826, at *7 (N.D. Cal. Dec. 20, 2016) (citing *Opperman*, 2016 U.S. Dist. LEXIS 17222, at *20 ("Under the test most recently articulated by [*Chrysler*], a motion for class certification involves issues that are 'more than tangentially related to the merits of the case,' thereby requiring the Court to apply the compelling reasons standard")); *see also, e.g.*, *Aldapa v. Fowler Packing Co.*, 2017 U.S. Dist. LEXIS 90796, at *n.2 (E.D. Cal. June 13, 2017) (finding, after *Chrysler*, the "motion for class certification at issue here is

LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR RULING ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS
3:14-CV-2129-MMA-AGS

5

in favor of public access and satisfy the "compelling reasons standard" to justify sealing the Objected-to Materials. *Chrysler*, 809 F.3d at 1096 (quoting *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).[7]

"Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97. Thus, to carry their burden, Defendants must "articulate[] compelling reasons supported by specific factual findings...that outweigh the general history of access and the public policies favoring disclosure such as the public interest in understanding the judicial process[,]" *Kamakana*, 447 F.3d at 1178-79, and make "a particularized showing that a specific prejudice or harm will result if the information is disclosed." *Perez v. Lantern Light Corp.*, 2017 U.S. Dist. LEXIS 75421, at *11 (W.D. Wash. May 17, 2017). Defendants cannot carry this heavy burden.

---

clearly more than tangentially related to the merits of the case"); *Barker v. Insight Global, LLC*, 2017 U.S. Dist. LEXIS 98627, at *5 (N.D. Cal. June 26, 2017) (citing *Chrysler* to hold that "sealing motion relate[d] to a motion for class certification and a motion for preliminary injunction, which are more than tangentially related to the merits of the case...[must be] resolved under the compelling reasons standard").

[7]   Defendants have contended they need only satisfy the lower "good cause" standard to justify sealing the Objected-to Materials because motions for class certification are "non-dispositive" motions. *See* Ex. 3 at 2-3. Defendants are wrong, and their purported authorities are outdated. *See, e.g., Chrysler*, 809 F.3d at 1097-1101 (acknowledging "carved out" exception for "sealed materials attached to a ***discovery motion unrelated to the merits of a case***," but holding: "[W]e make clear that public access to filed motions and their attachments ***does not*** merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case."); *see also Cohen v. Trump*, 2016 U.S. Dist. LEXIS 69985, at *8-9 (S.D. Cal. May 27, 2016) (explaining *Chrysler* disapproved of "binary approach based on mechanical classifications"); n.7, *supra* (collecting post-*Chrysler* cases ruling on sealing applications related to motions for class certification).

LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR RULING ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS
3:14-CV-2129-MMA-AGS

6

REDACTED

## IV.    ARGUMENT AND AUTHORITIES

## No Compelling Reasons Exist to Warrant Confidential Treatment of the Objected-to Materials

The Objected-to Materials are prime examples of Defendants' overreaching confidentiality designations. When weighed against the "strong presumption in favor of access to court records[,]" *Chrysler*, 809 F.3d at 1096, no "compelling reasons" exist that permit Defendants to conceal these documents from the public. *Id.*

Compelling reasons that warrant confidential treatment *may* exist when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. But, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will **not**, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). Here, the Objected-to Materials cannot be used for any improper purposes, and no other valid reasons, much less compelling reasons, exist to justify keeping them from the public.

As set forth in detail in Lead Plaintiffs' June 16, 2017 Letter, none of the Objected-to Materials contains any proprietary or trade secret information. *See* Ex. 2 at 3-4 & Appendix A (explaining, on an individual basis, how each of the Objected-to Materials contains no proprietary or trade secret information that could warrant confidential treatment). Even assuming, *arguendo*, that proprietary information was contained in the Objected-to Materials, that information became stale long ago because each document pertains to Defendants' reactions to events and circumstances occurring **between three and four years ago**. *See id.; see, e.g.*, *Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*, 340 F. Supp. 2d 1118, 1123 n.3 (D. Or. 2003) (in considering whether to seal court records, a "court must consider

LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR RULING ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS
3:14-CV-2129-MMA-AGS

7

whether the information in question is stale, or is really not a secret, or can be derived from other available sources").[8]

To date, Defendants have suggested two hollow reasons for sealing the Objected-to Materials. First, Defendants assert the Objected-to Materials "reflect SeaWorld's internal policies and strategies" and "general marketing strategies," and therefore should be sealed to protect SeaWorld's competitive standing. *See* Ex. 3 at 2. Second, Defendants contend the Objected-to Materials contain "email exchanges that could potentially embarrass, harm or otherwise burden a non-party," and that Magistrate Judge Schopler "already decided" as a general matter that such email exchanges "should be subject to sealing" in ruling on Lead Plaintiffs' prior Motion to Compel. *See id.* at 3 (citing ECF No. 183). Neither of these purported reasons satisfies Defendants' burden.

Defendants' conclusory assertion about SeaWorld's "competitive standing" fails. "An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient."[9] Defendants cannot identify any "particularized harm that would

---

[8]     *See also, e.g.*, *Ramirez v. Trans Union, LLC*, 2017 U.S. Dist. LEXIS 66194, at *11-12 (N.D. Cal. May 1, 2017) (finding the "compelling reasons standard" was not met and, thus, refusing to seal information regarding a third-party's products because the information related to the non-party's "systems six to seven years ago"); *Zavala v. Wal-Mart Corp.*, 2007 U.S. Dist. LEXIS 67282, at *27 (D.N.J. Sept. 12, 2007) ("the materials date back to more than three years ago, supporting the stale nature of these documents").

[9]     *Hodges v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 164674, at *2 (N.D. Cal. Nov. 18, 2013); *see also Corvello v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 11647, at *4 (N.D. Cal. Jan. 29, 2016) ("conclusory statements that the public dissemination of the information could harm [Defendants']business, do not present compelling reasons to conceal the material from the public." (citing *Chrysler*, 809 F.3d at 1092)); *Welle v. Provident Life & Accident Ins. Co.*, 2013 U.S. Dist. LEXIS

LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR RULING
ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS
3:14-CV-2129-MMA-AGS

8

**REDACTED**

occur if a competitor was to receive" any of the specific information contained in the Objected-to Materials "or how a competitor could even use now three-year-old information" to gain an unfair competitive advantage.[10] Virtually all of the marketing employees involved in the documents Lead Plaintiffs reference have left SeaWorld, making it even more dubious that the emails of these former employees would reveal present Company strategies or secrets. Thus, Defendants' first purported basis for sealing the Objected-to Materials—the "generic claim" that unidentified aspects of the Objected-to Materials are "confidential, proprietary business information"—cannot satisfy Defendants' heavy burden. *See Perez*, 2017 U.S. Dist. LEXIS 75421, at *14.

Defendants' next contention, that "Magistrate Judge Schopler has already decided that email exchanges that could potentially embarrass, harm or otherwise burden a non-party should be subject to sealing[,]" Ex. 3 at 3 (citing ECF No. 183), is wrong.



162524, at *2 (N.D. Cal. Nov. 14, 2013) (finding lower "good cause" standard not met where company failed to "provide reasons beyond the boilerplate references to competitive disadvantage if the information were publicly available").

[10]   *Perez*, 2017 U.S. Dist. LEXIS 75421, at *12; *see also, e.g.*, *Digital Reg of Texas, LLC v. Adobe Sys. Inc.*, 2013 U.S. Dist. LEXIS 112085, at *7-9 (N.D. Cal. Aug. 8, 2013) (finding "blanket assertion[s]" and "conclusory statements" about competitive disadvantage failed to satisfy compelling reasons standard by failing to "state what harm they would experience if this material were publicly disclosed or to provide any specific reasons, supported by facts, that could outweigh the public policy favoring public access to court filings").

1

2

████████████████████████████████████████████████████

██████████████████████████████ Further, at no point did Magistrate Schopler

3  make a specific ruling, let alone announce a general rule, that email exchanges that

4  could potentially embarrass, harm or otherwise burden a non-party are categorically

5  subject to sealing. *See* ECF No. 183 (never mentioning the words "embarrass, harm

6  or otherwise burden a non-party").

7      However, even if the Court had made such a finding in its prior ruling related

8  to Lead Plaintiffs' Motion to Compel, it would have no bearing on the Court's

9  analysis here. In its prior sealing order, the Court was applying a different standard

10  ("good cause")[11] in the context of a discovery motion to seal different documents.

11  Here, however, the Court must apply the more stringent "compelling reasons"

12  standard because the documents are attached to a class certification motion. *See, e.g.*,

13  *Phillips*, 2016 U.S. Dist. LEXIS 176826, at *7 (citing *Chrysler*, 809 F.3d at 1099);

14  *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136) (under compelling

15  reasons standard "[t]he mere fact that the production of records may lead to a

16  litigant's embarrassment, incrimination, or exposure to further litigation will ***not***,

17  without more, compel the court to seal its records"); *Corvello*, 2016 U.S. Dist. LEXIS

18  11647, at *3 ("Perhaps Wells Fargo is concerned that these materials make it look

19  bad..., but a litigant's embarrassment is not enough to justify concealing material

20  from the public"); *see also* n.5, *supra*.

21      Defendants cannot meet that stringent standard, particularly in light of the clear

22  public interest in the documents in question, and this litigation generally.  As noted

23

---

24  [11]    To justify sealing "materials attached to a discovery motion unrelated to the

25  merits of a case," "a party need only satisfy the less exacting 'good cause' standard."
   *Chrysler*, 809 F.3d at 1097; *see also* ECF Nos. 181 & 183 (finding "good cause"

26  shown to seal papers filed in connection with Lead Plaintiffs' Motion to Compel).

27

28

Lead Plaintiffs' Memorandum of Points and Authorities in Support of Lead Plaintiffs' Motion for Ruling
on Objections to Defendants' Confidentiality Designations
3:14-cv-2129-MMA-AGS

10

REDACTED

above, SeaWorld has disclosed investigations by both the U.S. Department of Justice and the U.S. Securities and Exchange Commission into the very same conduct at issue in this action—"disclosures and public statements made by the Company and certain executives and/or individuals on or before August 2014, including those regarding the impact of the "Blackfish" documentary, and trading in the Company's securities." ECF No. 191. The public interest in the matters in issue and the Objected-To Materials is amply evidenced by the widespread media coverage of the federal investigations into SeaWorld's alleged conduct.[12] Thus, Defendants' second purported basis for sealing the Objected-to Materials cannot justify concealing these materials from the public.

## V. CONCLUSION

Defendants' blanket confidentiality designations have wasted the time and resources of both the Court and the parties and now threaten to deprive the public of a right that "antedates the Constitution." *Chrysler*, 809 F.3d at 1101. Because no "compelling reasons" exist to seal the Objected-to Materials, Lead Plaintiffs respectfully request the Court enter an Order that: (i) sustains Lead Plaintiffs' objections to Defendants' confidentiality designations of the Objected-to Materials; (ii) requires Defendants to de-designate the Objected-to Materials and reproduce them to Lead Plaintiffs with the "Confidential" bates-stamps removed from each

---

[12]   *See, e.g.*, NYTIMES.COM, *How SeaWorld Disregards Its Shareholders*, https://www.nytimes.com/2017/06/30/business/killer-whales-aside-seaworlds-shareholders-are-mistreated.html; CNN.COM, *SeaWorld subject of federal probes related to CNN's 'Blackfish' documentary*, http://money.cnn.com/2017/06/23/media/seaworld-subpoenae-blackfish-cnn/index.html.; CNBC.COM, *SeaWorld shares tank as feds investigate execs surrounding 'Blackfish'*, http://www.cnbc.com/2017/06/26/seaworld-shares-sec-doj-investigate-blackfish.html.

REDACTED

document; and (iii) instructs the Clerk of Court to docket Lead Plaintiffs' Class Cert. Papers, in their entirety, in an unrestricted and publicly accessible manner on the Court's public docket.


DATED:      July 20, 2017          Respectfully submitted,

                                   **KESSLER TOPAZ MELTZER &**
                                   **CHECK, LLP**

                                   By: */s/ Joshua E. D'Ancona*
                                   Gregory M. Castaldo
                                   Eric L. Zagar (Bar No. 250519)
                                   Joshua E. D'Ancona
                                   Joshua A. Materese
                                   280 King of Prussia Road
                                   Radnor, PA 19087
                                   Tel: (610) 667-7706
                                   Fax: (610) 667-7056
                                   gcastaldo@ktmc.com
                                   ezagar@ktmc.com
                                   jdancona@ktmc.com
                                   jmaterese@ktmc.com

                                   **NIX, PATTERSON & ROACH, LLP**

                                   Jeffrey J. Angelovich
                                   Bradley E. Beckworth
                                   Cody L. Hill
                                   3600 N. Capital of Texas Hwy.,
                                   Suite 350
                                   Austin, TX 78746
                                   Tel: (512) 328-5333
                                   Fax: (512) 328-5332
                                   jangelovich@nixlaw.com
                                   bbeckworth@nixlaw.com
                                   codyhill@nixlaw.com

---

LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR RULING ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS
3:14-CV-2129-MMA-AGS

12

**REDACTED**

-and-

Susan Whatley
205 Linda Drive
Daingerfield, TX 75638
Tel: (903) 645-7333
Fax: (903) 645-4415
swhatley@nixlaw.com

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**NOONAN LANCE BOYER & BANACH LLP**

David J. Noonan (Bar No. 55966)
Ethan T. Boyer (Bar No. 173959)
701 Island Avenue, Suite 400
San Diego, California 92101
Tel: (619) 780-0880
dnoonan@noonanlance.com
eboyer@noonanlance.com

*Liaison Counsel for the Class*

Lead Plaintiffs' Memorandum of Points and Authorities in Support of Lead Plaintiffs' Motion for Ruling on Objections to Defendants' Confidentiality Designations
3:14-cv-2129-MMA-AGS

13

REDACTED

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system.  Based upon the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Chet A. Kronenberg          ckronenberg@stblaw.com
Jonathan K. Youngwood       jyoungwood@stblaw.com
Janet A. Gochman            jgochman@stblaw.com
Meredith D. Karp            meredith.karp@stblaw.com
Dean McGee                  dean.mcgee@stblaw.com

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:      July 20, 2017

                              /s/ Joshua E. D'Ancona
                              Joshua E. D'Ancona