SANDRA MOSER
Acting Chief, Fraud Section
MICHAEL J. RINALDI
Trial Attorney
Fraud Section, Criminal Division
　　1400 New York Ave., N.W.
　　Washington, D.C.  20530
　　Telephone: (202) 598-2508
　　Facsimile: (202) 514-0152
　　E-mail:　　Michael.Rinaldi@usdoj.gov

Attorneys for
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>SEAWORLD ENTERTAINMENT, INC., <u>et al.</u>,<br><br>　　　　　Defendants. | Case No. 3:14-cv-2129-MMA-AGS<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNITED STATES'S UNOPPOSED MOTION:<br>　(1)　　TO INTERVENE; and<br>　(2)　　TO PARTIALLY STAY<br>　　　　DISCOVERY<br><br><br>Date:  T.B.D.<br>Time:  T.B.D.<br>Courtroom:  3D<br>Judge:  Hon. Michael M. Anello |

I.　　INTRODUCTION

　　　The Unites States seeks a partial and time-limited stay of discovery in this action because of an ongoing federal criminal investigation.  Counsel for the United States has met and conferred with counsel for the Plaintiff and counsel for the Defendants and obtained their agreement to the terms of the proposed order.  Pursuant to the terms of the proposed order—which are uncontested by all of the parties to this action—depositions would be stayed through November 30, 2017, subject to the United States's ability to seek an extension thereof.

The partial stay of discovery being sought by the United States appropriately balances the interests of the civil litigants with the need of the United States to conduct its criminal investigation.

The proposed partial stay is not indefinite:  it would expire November 30, subject to the United States's ability to move for further stays.  Nor would the partial stay terminate all action in this case—the parties could continue, for instance, to take written and document discovery.

Because of the important interest in maintaining the integrity of criminal investigations, it is well-established that, under these circumstances, such intervention is appropriate and in the public interest.  Further, the fact that the government's proposal is unopposed by the civil litigants is an indication of the reasonableness of the relief being sought.

II.   FACTS

On June 23, 2017, Defendant SeaWorld Entertainment, Inc., furnished to U.S. Securities and Exchange Commission a Form 8-K, in which it disclosed, inter alia, "an investigation by the U.S. Department of Justice concerning disclosures and public statements made by the Company and certain executives and/or individuals on or before August 2014, including those regarding the impact of the 'Blackfish' documentary, and trading in the Company's securities."  (ECF 191-1.)

Because of the sensitive nature of the ongoing federal criminal investigation, the government is prepared to provide the Court, should the Court desire it, with further details of the status of that investigation through an ex parte declaration or other ex parte communication.[1]

---

[1] Pursuant to the Court's Local Rules, the government will submit electronically to chambers a proposed form of order.  The government has received from counsel for the Plaintiff and from counsel for the Defendants agreements that they do not oppose the relief sought through that proposed form of order.  One provision of that proposed form of order, should it be entered by the Court, permits the United States to submit an ex parte declaration.  The government is prepared to make such a submission should the Court permit it and desire it.

2

The United States understands that discovery is currently ongoing in this matter, with a fact discovery cutoff of October 20, 2017.  (ECF 166.)  The United States further understands that the parties have taken written and document discovery, and the parties have been in contact with each other regarding the scheduling of certain depositions.  Because the taking of these depositions may implicate and negatively affect the ongoing criminal investigation, counsel for the United States contacted counsel for the Plaintiff and counsel for the Defendants and met and conferred with them, which ultimately led to the filing of this motion, which is uncontested.[2]

## III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a)(2), any person may intervene in an action when that person "claims an interest relating to the property or transaction that is the subject of the action, and [he] is so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest . . . ."  Alternatively, Rule 24(b) permits intervention when an applicant "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).

Whatever the basis, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding which is anticipated or already underway that involves common questions of law or fact."  Bureerong v. Uvawas, 167 F.R.D. 83, 86 (C.D. Cal. 1996) (quoting SEC v. Mersky, No. 93-5200, 1994 WL 22305, at *1 (E.D. Pa. Jan. 25, 1994)).

"Courts have granted stays of discovery in order to protect the integrity of the pending criminal investigations, even where an indictment has not yet been returned."

---

[2] The United States understands that the Plaintiff and the Defendants have reached an agreement to jointly move for the modification the scheduling order in this case, pursuant to Federal Rule of Civil Procedure 16(b)(4).  The United States takes no position with respect to any such motion, when or if it is made.  Further, although the proposed form of order permits the government to seek additional stays or partial stays of discovery (including, but not limited to, an extension of the terms of the proposed partial stay requested here), the Plaintiff and the Defendants reserve their respective rights as to whether to oppose or to not oppose any such future government request.

1   SEC v. Downe, No. 92 Civ 4092, 1993 WL 22126, at *13 (S.D.N.Y. Jan. 26, 1993)

2   (citing cases).  Whether to grant a stay involves a balancing of various interests,

3   including those of the civil litigants, but "[a]dministrative policy gives priority to the

4   public interest in law enforcement," such that it is "necessary and wise that a trial judge

5   should give substantial weight to [the public interest] in balancing the policy against the

6   right of a civil litigant to a reasonably prompt determination of his civil claims or

7   liabilities."  Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962); accord Bureerong,

8   167 F.R.D. at 87.

9   IV.   ARGUMENT

10          A.    Intervention Under Rule 24 Is Appropriate.

11          Either provision of Rule 24 supports intervention here.  See, e.g., Philip Morris

12   Inc. v. Heinrich, No. 95 Civ. 0328, 1996 WL 363156, at *18 (S.D.N.Y. June 28, 1996)

13   (stating "a district court does not abuse its discretion in allowing intervention under

14   either of the provisions of Rule 24" and granting government motion for a stay).

15          This case presents the classic instance in which the government is permitted,

16   under Rule 24, to intervene in a civil proceeding, i.e., for the purpose of seeking a stay of

17   civil discovery based on the pendency of a criminal investigation.  Indeed, it is well

18   recognized that the public interest in the integrity of criminal investigations is vindicated

19   through such a stay, because it prevents the premature disclosure of evidence that could

20   impede the criminal investigation.

21          B.    This Court Should Grant the Requested Partial Stay.

22          The Court has the authority to stay civil discovery in this action pending the

23   resolution of the government's criminal investigation.  See Grubbs v. Irey, No. Civ. S-

24   06-1714 RRB GGH, 2008 WL 906246, at *1 (E.D. Cal. Mar. 31, 2008).  Such a

25   determination is made "in light of the particular circumstances and competing interests

26   involved in the case" and with consideration of the following factors:

27
28          (1) the interest of the plaintiffs in proceeding expeditiously with [the]
           litigation or any particular aspect of it, and the potential prejudice to

4

plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation."

Id. at *1 (quoting Keating v. Office of Thrift Supervision, 45 F.3d 322, 324, 325 (9th Cir. 1995). Courts have granted discovery stays "to protect the integrity of the pending criminal investigations, even where an indictment has not yet been returned." Downe, 1993 WL 22126, at *13; accord Grubbs, 2008 WL 906246, at *2 (granting six-month discovery stay based ongoing investigation).

These factors weigh in favor of a stay. With respect to the interests of the Plaintiff and the Defendants, the requested stay does not put the civil litigation completely on hold. Rather, it merely imposes a partial and time-limited stay on one aspect of the litigation (depositions), while allowing the parties to otherwise litigate their case. Further, the parties are not contesting the government's request. See, e.g., Bureerong, 167 F.R.D. at 87 (citing the plaintiffs' lack of opposition to a requested stay as a factor militating in favor of the stay).

As to judicial economy, the nature of the criminal investigation (as described in the company's recent Form 8-K) and the subject matter of the civil action[3] are "related" and "substantially similar." Grubbs, 2008 WL 906246, at *2. In that regard, resolution of any criminal matter may narrow the scope of this civil action.

Next, a stay would serve the interests of the United States, a non-party in this civil action, by preventing premature disclosure of criminal discovery

---

[3] Compare 2d Am. Consol. Class Action Compl. ¶ 3 [ECF 123] ("This action involves a series of false and misleading statements and omissions by Defendants regarding the critically acclaimed 2013 documentary Blackfish . . . ."), with, 6/23/2017 Form 8-K [191-1] (discussing "an investigation by the U.S. Department of Justice concerning disclosures and public statements made by the Company and certain executives and/or individuals on or before August 2014, including those regarding the impact of the 'Blackfish' documentary, and trading in the Company's securities").

materials and by maintaining the public interest in criminal proceedings that remain untainted by perjury, manufactured evidence, witness intimidation, and unfairness due to the limited ability of the government to discover evidence from potential targets and defendants.  See Campbell, 307 F.2d at 487; Grubbs, 2008 WL 906246, at *4; Bureerong, 167 F.R.D. at 86; SEC v. Mersky, No. CIV. A. 93-5200, 1994 WL 22305, at *5 (E.D. Pa. Jan. 25, 1994); Downe, 1993 WL 22126, at *12–13.

Finally, the public interest is in accord.  Although the public has an interest in the resolution of civil cases such as the one here, "that interest pales in comparison to the public interest as a whole in unraveling the criminal . . . scheme and punishing those responsible for that scheme."  Ashworth v. Albers Med., Inc., 229 F.R.D. 527, 532 (S.D. W. Va. 2005); see also Grubbs, 2008 WL 906246, at *4 (noting public interest in the priority of a criminal investigation); Bureerong, 167 F.R.D. at 87 ("the interests of the Government in protecting its criminal investigation are clearly the paramount concern here").

V.     CONCLUSION

The government has proposed a partial and time-limited discovery stay that is unopposed by the parties and that vindicates the important public interest in the integrity of criminal investigations.  It follows that the requested partial stay of discovery should be granted

For the foregoing reasons, the United States's Unopposed Motion to Intervene and to Partially Stay Discovery should be granted.

Dated:  August 25, 2017.                    Respectfully submitted,

                                            SANDRA MOSER
                                            Acting Chief, Fraud Section

                                            s/ Michael J. Rinaldi
                                            Michael J. Rinaldi
                                            Trial Attorney