# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No.: 14cv2129-MMA (AGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RULING ON OBJECTIONS TO DEFENDANTS' CONFIDENTIALITY DESIGNATIONS**<br><br>[Doc. No. 194[1]] |

Lead Plaintiffs Arkansas Public Employees Retirement System and Pensionskassen for Børne-Og Ungdomspædagoger (collectively, "Plaintiffs") move to unseal certain documents filed in support of their pending motion for class certification and previously designated as confidential by Defendants SeaWorld Entertainment, Inc., The Blackstone Group L.P., James Atchison, James M. Heaney, and Marc Swanson (collectively, "Defendants"). *See* Doc. No. 214. Defendants filed an opposition to

---

[1] Plaintiffs filed a redacted version of the instant motion on July 20, 2017 (Doc. No. 194), but later filed a sealed version on August 25, 2017 (Doc. No. 214). In this Order, the Court references the sealed versions of the pleadings by citing to docket entries 214, 216 and 217 (Plaintiffs' motion, Defendants' opposition, and Plaintiffs' reply brief, respectively).

-1-  14cv2129-MMA (AGS)

1  Plaintiffs' motion, to which Plaintiffs replied.  *See* Doc. Nos. 216, 217.  The Court found
2  the matter suitable for determination on the papers and without oral argument pursuant to
3  Civil Local Rule 7.1.d.1.  *See* Doc. No. 205.  For the reasons set forth below, the Court
4  **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion.

## BACKGROUND

On January 12, 2017, the assigned magistrate judge granted the parties' joint motion and entered the Protective Order in this action.  *See* Doc. No. 158.  The Protective Order permits a producing party to "designate as 'Confidential' information that has not been made public and that the Disclosing Party believes in good faith constitutes a trade secret or other confidential research, development or commercial information, specifically including any information for which applicable federal, state or foreign law requires confidential treatment."  *Id.* ¶ 4.  Once a party designates a document or information as confidential, the party must file such information under seal if the party wishes to present the evidence to the Court.  *Id.* ¶ 16.

The Protective Order allows for a party to object to another's designation of information as "Confidential" at "any stage in the proceedings" by providing written notification to counsel for the designating party.  *Id.* ¶ 15.  "If the dispute is not resolved consensually between the parties within fifteen (15) days of receipt of such notice of objection, the objecting party may move the Court for a ruling on the objection."  *Id.*

Plaintiffs filed their Motion for Class Certification on May 19, 2017, and in support of their motion, Plaintiffs attached eighteen (18) exhibits, which have all been designated as "Confidential" under the Protective Order.  *See* Doc. No. 213.  Pursuant to the procedure set forth in the Protective Order, Plaintiffs moved to file under seal certain documents and exhibits in support of their Motion for Class Certification and Motion for Ruling on Objections to Defendants' Confidentiality Designations.  *See* Doc. Nos. 187, 195, 203.  In light of the Protective Order, the Court granted Plaintiffs' motions, subject to either party's right to object.  *See* Doc. No. 212.

Plaintiffs now object to Defendants' confidentiality designations as to Exhibits 1-

18 (hereinafter "Confidential Materials"), and argue that these exhibits do not qualify for confidential treatment. *See* Doc. No. 214 at 4. Pursuant to the Protective Order, Plaintiffs served Defendants with objections to Defendants' confidentiality designations on June 16, 2017. *See* Doc. No. 214-2. Because the parties were unable to resolve the dispute within fifteen (15) days of Plaintiffs' objections, Plaintiffs filed the instant motion. Plaintiffs request the Court issue an order: 1) sustaining Plaintiffs' objections; 2) requiring Defendants to de-designate the Confidential Materials and reproduce them with the "Confidential" bates-stamps removed; and 3) directing the Clerk of Court to docket Plaintiffs' motion for class certification "in an unrestricted and publicly accessible manner on the Court's public docket." Doc. No. 214 at 12.

## **LEGAL STANDARD**

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

When a party moves to file under seal a motion or documents attached to a motion, the focus is on the underlying motion and whether it is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. If the motion is more than tangentially related to the merits, the movant must show compelling reasons for overcoming the presumption in favor of public access. *See id.* at 1096-99. Otherwise, a party need only show good cause. *See id.* The party must present

1 "articulable facts" identifying the interests favoring continued secrecy, and show that these specific interests overcome "the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181.

## DISCUSSION

**1. Whether the Confidential Materials are Integral to the Merits of Plaintiffs' Motion for Class Certification**

As an initial matter, Defendants argue the Confidential Materials are irrelevant to Plaintiffs' motion for class certification and "serve exclusively as extraneous information in the background section of a brief." Doc. No. 216 at 6. As such, Defendants claim they need only satisfy the "good cause" standard in order to keep the Confidential Materials under seal. *See id.* In response, Plaintiffs contend that in the Ninth Circuit, as long as the documents "speak to the elements of the underlying causes of action," the documents at issue need not be integral to the merits of the pending motion. Doc. No. 217 at 10.

Here, the Court finds that Defendants' relevance argument is misplaced. Notably, the cases Defendants rely upon from the Northern District of California pre-date the Ninth Circuit's decision in *Center for Auto Safety*. In *G&C Auto Body Incorporated v. Geico General Insurance Company*, a case heavily relied upon by Defendants, the district court found that the information "at issue constitutes extraneous material attached to a dispositive motion, and should not be considered a judicial document subject to the heightened 'compelling reasons' standard." 2008 WL 687372, at *3 (N.D. Cal. Mar. 11, 2008) (citing *McConnell v. Fed. Election Comm'n*, 251 F. Supp. 2d 919, 932 (D.D.C. 2003) ("[W]hat makes a document a judicial record and subjects it to the common law right of access is the role it plays in the adjudicatory process.")).

In *Center for Auto Safety*, however, the most recent Ninth Circuit opinion to address this issue, the Ninth Circuit expressly stated, "we make clear that public access to filed *motions* and their attachments does not merely depend on whether the *motion* is technically 'dispositive.'" 809 F.3d at 1101 (emphasis added). "Rather, public access will turn on whether the *motion* is more than tangentially related to the *merits* of a case."

1 *Id.* (emphasis added). Thus, the emphasis is on the motion itself—not necessarily the attachments thereto.

The Ninth Circuit also examined the various approaches employed by the circuit courts in determining when the presumption of public access applies. *Id.* at 1099. The Ninth Circuit explained that in the Second Circuit, "the weight given to the presumption of access is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). The Second Circuit requires that the document filed "must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995), reversed in part on other grounds by *Amodeo*, 71 F.3d 1044. Additionally, in the First Circuit, "the public has a right of access to 'materials on which a court relies in determining the litigants' substantive rights' which are 'distinguished from those that relate[ ] merely to the judge's role in management of the trial and therefore play no role in the adjudication process.'" *Id.* at 1100 (quoting *United States v. Kravetz*, 706 F.3d 47, 54 (1st Cir. 2013) (citations omitted) (alterations in original)). Thus, in considering these varying approaches, the Ninth Circuit never endorsed the relevance argument Defendants rely upon.

Moreover, Defendants cite to *Krueger v. Ameriprise Financial, Incorporated* for the proposition that documents attached to a motion for class certification that played no role in the court's class certification decision were not judicial documents, and should remain under seal. 2014 WL 12597948, at *8-9 (D. Minn. Oct. 14, 2014), *adopted by* 2015 WL 224705 (D. Minn. Jan. 15, 2015)). Notably, the court in *Krueger* recognized that the Eighth Circuit rejects the "strong presumption standard" applied in the Ninth Circuit, and instead concluded that documents filed by parties are "judicial records" only if they are "relevant to and integrally involved in the resolution of the merits of a case[.]" *Id.* at 7, 9.

Accordingly, the Court is unpersuaded by Defendants' argument that "the

presumption of public access does not attach to documents unless they are integral to the merits of the motion at issue."[2] Doc. No. 216 at 4.

### 2. Whether the "Compelling Reasons" Standard Applies

Defendants further contend that they need only satisfy the "good cause" standard because "[t]he Ninth Circuit has never held that a motion for class certification is 'more than tangentially related to the merits of a case.'" Doc. No. 216 at 8. Plaintiffs, however, assert Defendants must demonstrate compelling reasons exist to justify keeping the Confidential Materials under seal. *See* Doc. No. 214 at 5-6. The Court agrees.

As the Supreme Court noted in *Wal-Mart Stores, Incorporated v. Dukes*, the "rigorous analysis" district courts engage in to ensure that the prerequisites of Federal Rule of Civil Procedure 23(a) have been satisfied at the class certification stage "frequently . . . will entail some overlap with the merits of the plaintiff's underlying claim." 564 U.S. 338, 351 (1982) (internal quotation marks omitted). Moreover, numerous district courts have found that the "compelling reasons" standard applies to motions for class certification. *See e.g.*, *Opperman v. Path, Inc.*, 2017 WL 1036652, at *5 (N.D. Cal. Mar. 17, 2017); *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016); *Shahinian v. Kimberly-Clark Corp.*, 2016 7177533, at *1 (C.D. Cal. July 29, 2016); *Cohen v. Trump*, 2016 WL 3036302, at *3 (S.D. Cal. May 27, 2016).

Accordingly, the Court concludes that Plaintiffs' motion for class certification is more than tangentially related to the merits of the case, and that the "compelling reasons" standard applies to the instant motion.

### 3. Plaintiffs' Objections to Exhibits 1-18

Defendants claim that even if the "compelling reasons" standard applies, the

---

[2] For the same reasons, the Court is similarly unpersuaded by Defendants' argument that Plaintiffs' objections "cannot be resolved until the Court determines what role, if any, the Confidential Materials will play in the resolution of the Class Certification Motion." Doc. No. 216 at 6. Moreover, the Court has reviewed in depth the parties' briefing in connection with Plaintiffs' motion for Class Certification in preparation of the upcoming hearing.

Confidential Materials should remain under seal. Specifically, Defendants argue Exhibits 1, 3, 6, 8, 9, 10, 16, and 17 contain information that could harm their competitive standing if disclosed. *See* Doc. No. 216 at 11. Defendants further claim that Exhibits 1, 2, 3, 5, 6, 9-15, 17, and 18 contain confidential business materials, including business plans, marketing strategies, market research reports, and financial analyses. Defendants contend Exhibits 4, 5, 7, and 12 include negotiations between SeaWorld and third parties, which would result in an invasion of privacy of the third party if the information were disclosed. *See* Doc. No. 216 at 13. Lastly, Defendants assert that any Confidential Materials that have been produced to both the DOJ and SEC are "currently protected from public disclosure pursuant to Federal Rule of Criminal Procedure 6(e) and 17 C.F.R. § 200.83, respectively." Doc. No. 216 at 15.

In response, Plaintiffs argue Defendants fail to demonstrate how or why public disclosure of the Confidential Materials will harm Defendants' competitive standing, and that Defendants fail to explain how Defendants' interest in maintaining the secrecy of this information outweighs the public's interest in disclosure. Further, Plaintiffs contend much of the information at issue has already been publicly disclosed; thus, the information is stale. *See* Doc. No. 217 at 6. Finally, Plaintiffs assert both Federal Rule of Criminal Procedure 6(e) and 17 C.F.R. § 200.83 are inapplicable in the instant action.

Generally, a party seeking to seal a judicial record can overcome the presumption in favor of access by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178 (citations omitted) (internal quotation marks omitted). "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). "Compelling reasons must continue to exist to keep judicial records sealed." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

The Court has conducted a thorough and extensive review of each exhibit. The Court is mindful that it "must articulate a factual basis for each compelling reason to seal[.]" *In re Midland Nat. Life Ins. Co.*, 686 F.3d at 1119 (citing *Kamakana*, 447 F.3d at 1179).

### a. Exhibits 1, 2, 5, 7, 8, 16, 18

The Court finds that Defendants have not met the compelling reasons standard in large part as to Exhibits 1, 2, 5, 7, 8, 16, and 18. First, Exhibits 5, 7, 8, 16, and 18 contain information relating to cancelled performances at SeaWorld events, how employees should respond to questions about *Blackfish*, SeaWorld's catering business, and an online poll. As noted above, Defendants assert several grounds for keeping these exhibits under seal. Contrary to Defendants' assertion, Exhibits 8 and 16 do not contain any proprietary or trade secret information, and Defendants do not adequately explain how dissemination of such information would harm their competitive standing. *See Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 26, 2017) (noting courts in the Ninth Circuit have found compelling reasons to seal records containing "information about proprietary business operations, a company's business model or agreements with clients" and "internal policies and strategies[.]") (internal citations omitted).

Moreover, Exhibits 5, 7, and 18 do not contain any "confidential business materials, including marketing strategies" or market research. *Bauer Bros. LLC v. Nike,*

*Inc.*, 2012 U.S. Dist. LEXIS 72862, at *6 (S.D. Cal. May 24, 2012). Exhibits 5 and 7 also do not contain detailed information regarding third parties that would result in an invasion of privacy of the third parties, as the information in these exhibits "has already been publicly disclosed." *Doe v. City of San Diego*, 2014 WL 1921742, at *3 (S.D. Cal. May 14, 2014); *cf. Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) ("The Court is satisfied that release of this information would result in an invasion of the third party's privacy").

Finally, the Court finds Defendants have not met the compelling reasons standard in large part as to Exhibits 1 and 2, which consist of email communications that do not contain any proprietary or trade secret information, or any internal business strategies. However, Defendants have met the compelling reasons standard to keep the charts included in both exhibits under seal, as the charts contain confidential financial information and details about contracts with third parties. The Court finds disclosure of such information would harm SeaWorld in future negotiations with third parties. *See Icon-IP Pty Ltd.*, 2015 WL 984121, at *2-3.

In sum, the Court finds that the public's interest in disclosure justifies unsealing these exhibits in substantial part. However, because these exhibits contain personal and sensitive information including, but not limited to, email addresses, telephone numbers, and physical addresses, redactions are warranted. Accordingly, the Court **SUSTAINS in substantial part** Plaintiffs' objections to Exhibits 1, 2, 5, 7, 8, 16, and 18, subject to redactions for personally identifiable information and the charts included in Exhibits 1 and 2.

### b. Exhibits 3, 4, 6, 9-15, 17

The Court further finds that Defendants satisfy the compelling reasons test to keep Exhibits 3, 4, 6, 9-15, and 17 under seal.[3] First, Exhibits 3, 6, 9, 10, 13, 14, 15, and 17 all

---

[3] To the extent Plaintiffs request the Court unseal certain phrases or sentences contained in the various exhibits, the Court declines to adjudicate the instant motion on a piecemeal basis. *See* Doc. No. 217-1 at

contain internal business materials including SeaWorld's legislative strategies, SeaWorld's planning of annual events and analyses of competitors' events, the CFO's detailed notes for a Board of Directors presentation, communications regarding SeaWorld's public relations strategy, a confidential consumer report, a draft of the Board of Directors Meeting presentation slides, a performance summary, and communications regarding SeaWorld's pricing and marketing strategies. Contrary to Plaintiffs' assertions, the Court finds disclosure of the relevant documents could lead to an improper use by competitors, "circumvent[ing] the time and resources necessary in developing [the competitor's] own practices and strategies." *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014); *see also Lathrop v. Uber Techs., Inc.*, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) ("[U]nder Ninth Circuit law . . . internal reports are appropriately sealable under the 'compelling reasons' standard where that information could be used to the company's competitive disadvantage."); *Bauer Bros. LLC*, 2012 U.S. Dist. LEXIS 72862, at *6-8 (finding compelling reasons to seal documents containing marketing and advertising strategies and business data). Moreover, because the information contained in these documents relates to SeaWorld's strategies for partnerships and SeaWorld's long-term plans, this information is not stale or otherwise already publicly available. *Cf. City of San Diego*, 2014 WL 1921742, at *3.

Second, Exhibits 4, 11, and 12 contain information relating to negotiations with third parties, as well as contract fees owed to third party performers. The Court concludes that release of this information would result in an invasion privacy of the relevant third parties, and that SeaWorld would suffer competitive harm in future negotiations with third parties. *See Icon-IP Pty Ltd.*, 2015 WL 984121, at *2-3

---

8 ("Defendants do not specify any reason or make any argument as to why *the single factual statement* in Exhibit 17 quoted in Plaintiffs' class certification motion . . . should be concealed from the public.") (emphasis added). Further, the parties' protective order does not provide for such a procedure. *See* Doc. No. 158 ¶ 16 ("Filing a *document* under seal is without prejudice to any party's right to argue to the Court that the *document* is not Confidential and need not be preserved under seal. Redacted *pages* must be filed in the public record.") (emphasis added).

(concluding compelling reasons exist to seal an exhibit containing information about assignments, and consulting and licensing agreements between a third party consultant and the defendant).

In sum, the Court finds that Defendants have shown compelling reasons that outweigh the public's interest in disclosure of the above-referenced exhibits. *See Kamakana*, 447 F.3d at 1178. Accordingly, the Court **OVERRULES** Plaintiffs' objections to Exhibits 3, 4, 6, 9-15, and 17.

### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion.[4] The Court **OVERRULES** Plaintiffs' objections to Exhibits 3, 4, 6, 9-15, and 17. The Court **SUSTAINS in substantial part** Plaintiffs' objections to Exhibits 1, 2, 5, 7, 8, 16, and 18, subject to redactions for personally identifiable information and the charts included in Exhibits 1 and 2. Plaintiffs must file the redacted versions of Exhibits 1, 2, 5, 7, 8, 16, and 18, on or before **November 10, 2017**.

**IT IS SO ORDERED.**

Dated: November 3, 2017

HON. MICHAEL M. ANELLO
United States District Judge

---

[4] The Court notes that Plaintiffs request the Court enter an Order "requir[ing] Defendants to de-designate the Objected-to Materials and reproduce them to Lead Plaintiffs with the 'Confidential' bates-stamps removed from each document[.]" Doc. No. 214 at 11-12. The Court declines to grant such relief, as such a request is more appropriately addressed to the assigned magistrate judge.