# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No.: 14cv2129-MMA (AGS)<br><br>**ORDER GRANTING UNITED STATES' UNOPPOSED MOTION TO INTERVENE AND TO EXTEND PARTIAL STAY OF DISCOVERY**<br><br>[Doc. No. 261] |

Plaintiffs commenced this class action against Defendants in September 2014, alleging violations of federal securities laws. *See* Doc. No. 1. On August 25, 2017, the United States filed an unopposed motion to intervene for the limited purpose of partially staying discovery through November 30, 2017, which the Court granted. *See* Doc. Nos. 210, 236. On November 30, 2017, the United States filed a second unopposed motion to intervene for the limited purpose of extending the partial stay of discovery in this case through April 2, 2018. *See* Doc. No. 261. For the reasons set forth below, the Court **GRANTS** the government's motion to intervene and to extend the partial stay of discovery.

## BACKGROUND

On June 23, 2017, Defendant SeaWorld Entertainment, Inc. submitted a Form 8-K to the U.S. Securities and Exchange Commission which disclosed "an investigation by the U.S. Department of Justice concerning disclosures and public statements made by [SeaWorld] and certain executives and/or individuals on or before August 2014, including those regarding the impact of the 'Blackfish' documentary, and trading in the Company's securities." Doc. No. 261-1 at 2.

Discovery is currently ongoing in this action, with a fact discovery cutoff date of January 22, 2018. *See* Doc. No. 237. The United States filed the instant motion in order to intervene and extend the partial stay of discovery for another four-month period. *See* Doc. No. 261-1 at 2. Specifically, the government requests the Court stay all depositions in this case through April 2, 2018. *See id.*

On November 30, 2017, the Court issued an Order requesting the United States submit a supporting declaration of counsel in connection with the government's motion to intervene and to extend the partial stay of discovery. *See* Doc. No. 262. On December 6, 2017, the United States filed an *ex parte* motion to file the declaration of Michael J. Rinaldi under seal, which the Court granted.[1] *See* Doc. Nos. 264, 265, 266.

## DISCUSSION

**1. Motion to Intervene**

The Court previously found permissive intervention by the government to be appropriate pursuant to Federal Rule of Civil Procedure 24(b). *See* Doc. No. 236. The government contends that permissive intervention is once again appropriate "[b]ecause of the important interest in maintaining the integrity of criminal investigations[.]" Doc. No. 261-1 at 2.

---

[1] Mr. Rinaldi's declaration relates to matters concerning the ongoing criminal investigation.

Federal Rule of Civil Procedure 24 governs motions to intervene in federal court. Specifically, pursuant to Rule 24(b), courts may allow permissive intervention to anyone who:

> (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact. [. . .] (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1)-(3). Further, a party seeking to permissively intervene must establish that their motion was timely and that the court has an independent jurisdictional basis for the party's claims. *See C.S. ex rel. Struble v. California Dep't of Educ.*, 2008 WL 962159, at *2 (S.D. Cal. Apr. 8, 2008).

Here, the Court finds that permissive intervention is appropriate for the same reasons articulated in the Court's previous order. First, the United States' motion is timely because discovery is ongoing. *See S.E.C. v. Holcom*, 2013 WL 12073831, at *2 (S.D. Cal. Sept. 6, 2013) (finding the United States' motion to intervene timely "because the parties have engaged in little . . . discovery."). Second, the United States does not assert a new claim based on state law; thus, the Court has independent grounds for jurisdiction. *See id.* Third, the civil action and the criminal investigation clearly involve common questions of law and fact, as the Department of Justice is investigating the same disclosures and public statements made by SeaWorld and its executives which form the basis of the civil complaint. *See S.E.C. v. Mazzo*, 2013 WL 12172132, at *1 (C.D. Cal. Sept. 3, 2013) ("The U.S. Attorney's ability to intervene is well established when there are parallel criminal and civil proceedings that involve common questions of law and fact.") (citing *Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996)). Fourth, the parties' rights will not be unduly delayed or prejudiced if the Court permits the United States to intervene for the limited purpose of extending the stay of depositions. The requested partial stay is not indefinite. Rather, the requested stay expires on April 2,

2018. *See* Doc. No. 261-1 at 2. Additionally, "the parties could continue, for instance, to take written and document discovery" during this time. *Id.* Finally, the parties do not oppose the instant motion. *See id.* at 1.

Thus, in considering all of the relevant factors, the Court concludes, in its discretion, that the United States may intervene to extend the partial stay of discovery. Accordingly, the Court **GRANTS** the government's motion to intervene for the limited purpose of extending the partial stay of discovery in the civil action.

### 2. Motion to Stay

Second, the United States moves to extend the partial stay civil discovery in this action in light of the ongoing criminal investigation. Specifically, the United States seeks to stay all depositions through April 2, 2018. *See* Doc. No. 261-1 at 1.

Courts have discretion to stay civil proceedings where the interests of justice appear to require it. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). Courts should consider the following factors in determining whether to stay civil proceedings in light of parallel criminal proceedings:

> (1) the extent to which the defendant's Fifth Amendment rights are implicated, (2) the interest of the plaintiffs in proceeding expeditiously, (3) the burden the proceedings may impose on the defendants, (4) the convenience of the court and the efficient use of judicial resources, (5) the interests of persons not parties to the civil litigation, and (6) the interest of the public in the pending civil and criminal litigation.

*S.E.C. v. Glob. Express Capital Real Estate Inv. Fund, I, LLC*, 289 F. App'x 183, 190-91 (9th Cir. 2008) (citing *Keating*, 45 F.3d at 324-25).

Here, the *Keating* factors weigh in favor of a extending the temporary and partial stay of discovery. First, the parties do not oppose extending the partial stay. *See Bureerong*, 167 F.R.D. at 87 (citing the plaintiffs' lack of opposition to a requested stay as a factor militating in favor of the stay). Additionally, as noted above, the United States does not seek an indefinite stay; rather, the United States seeks to stay depositions for

approximately four months. Further, the nature of the criminal investigation and the subject matter of the civil action are substantially similar. As such, a stay would serve judicial economy. *See Grubbs v. Irey*, 2008 WL 906246, at *2 (E.D. Cal. Mar. 31, 2008) (noting that the related nature of the civil and criminal actions weighs in favor of a stay "because the parallel proceedings will likely involve an overlap of witnesses and documentary evidence[.]"). Finally, the government has a strong interest in protecting and maintaining the integrity of its criminal investigation, and a stay would prevent premature disclosure of criminal discovery materials. Thus, this factor similarly weighs in favor of a stay. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) ("a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.").

In considering the relevant factors, the Court finds that extending the partial stay of discovery is appropriate at this time. Accordingly, the Court **GRANTS** the United States' motion to extend the partial stay of discovery through April 2, 2018.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the government's motion to intervene and to extend the partial stay of discovery. As such, no depositions may be noticed nor taken, nor any subpoenas for such purpose be served, through **April 2, 2018**.

**IT IS SO ORDERED.**

Dated: December 7, 2017

HON. MICHAEL M. ANELLO
United States District Judge