# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No.: 14cv2129-MMA (AGS)<br><br>**ORDER REQUIRING PLAINTIFFS TO SUBMIT SUPPLEMENTAL BRIEFING RE: MOTIONS TO FILE UNDER SEAL;**<br><br>**AND SETTING DEADLINE FOR THE PARTIES TO FILE OBJECTIONS TO DOCUMENTS DESIGNATED AS CONFIDENTIAL** |

Class Representatives Arkansas Public Employees Retirement System and Pensionskassen for Børne-Og Ungdomspædagoger ("Plaintiffs") and Defendants SeaWorld Entertainment, Inc. ("SeaWorld"), James M. Heaney, Marc Swanson, and the Blackstone Group L.P. (collectively, "Defendants") move to file under seal certain documents and exhibits in connection with Defendants' motion for summary judgment and the parties' respective *Daubert* motions. In total, there are twenty (20) motions to file under seal pending before the Court. *See* Doc. Nos. 345, 348, 350, 352, 356, 360, 368, 371, 374, 377, 382, 384, 387, 403, 405, 408, 412, 415, 418, 421.

In support of their motions to file under seal, Defendants cite to both the Protective Order entered in this case (*see* Doc. No. 158) and the compelling reasons standard, articulating why compelling reasons exist to seal each document. Additionally, Defendants agree in large part that compelling reasons exist to seal the documents designated by Plaintiffs as confidential in this action.

Plaintiffs rely solely on the Protective Order and maintain that they reserve the right to challenge Defendants' confidentiality designations. The Protective Order permits a producing party to "designate as 'Confidential' information that has not been made public and that the Disclosing Party believes in good faith constitutes a trade secret or other confidential research, development or commercial information, specifically including any information for which applicable federal, state or foreign law requires confidential treatment." *Id.* ¶ 4. The Protective Order further permits a party to object to another party's designation of information as "Confidential" at "any stage in the proceedings" by providing written notification to counsel for the designating party. *Id.* ¶ 15. If the dispute is not resolved between the parties within fifteen (15) days of receipt of notice of the objection, the objecting party may move the Court for a ruling on the objection. *See id.* If counsel for any party or non-party files any confidential material, the party must file such information under seal. *See id.* ¶ 16. "Filing a document under seal is without prejudice to any party's right to argue to the Court that the document is not Confidential and need not be preserved under seal." *Id.*

The Court has conducted a thorough and extensive review of the documents the parties seek to file under seal. The Court finds it inefficient and inappropriate to grant a motion to file under seal without considering the applicable legal standard. This is further complicated by the fact that a party can object and argue that such information need not be preserved under seal "*any stage in the proceedings*." *Id.* ¶ 15 (emphasis added); *see Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003) (noting that reliance on a protective order to seal documents filed with the court is problematic because a blanket protective order "is by nature overinclusive.") (internal

quotation marks and citation omitted).

Accordingly, in the interests of judicial economy, and in order for the Court to fully prepare for the upcoming hearing on Defendants' motion for summary judgment and the parties' respective *Daubert* motions, the Court concludes that supplemental briefing is warranted. Specifically, Plaintiffs must file a brief, not to exceed ten (10) pages, explaining why the documents and exhibits they wish to file under seal meet the applicable legal standard, on or before **July 12, 2019**.

Additionally, to the extent the parties seek to file any objections to materials designated as confidential, each side may file a single brief outlining their respective objections, not to exceed ten (10) pages, on or before **July 12, 2019**.

Further, while the Protective Order remains in full force and continues to bind the parties, the Court has discretion to adhere to a given procedure set forth in the Protective Order but is not obligated to do so. Thus, in the interests of judicial economy, <u>any future motion(s) to file documents under seal must address the appropriate legal standard and explain why good cause or compelling reasons exist to seal such documents</u>.

**IT IS SO ORDERED.**

Dated: July 1, 2019

HON. MICHAEL M. ANELLO
United States District Judge