# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No.: 14cv2129-MMA (AGS)<br><br>**ORDER RE: MOTIONS TO FILE UNDER SEAL**<br><br>[Doc. Nos. 345, 348, 350, 352, 356, 360, 368, 371, 374, 377, 382, 384, 387, 403, 405, 408, 412, 415, 418, 421] |

Class Representatives Arkansas Public Employees Retirement System and Pensionskassen for Børne-Og Ungdomspædagoger (collectively, "Plaintiffs") and Defendants SeaWorld Entertainment, Inc. ("SeaWorld"), James Atchison, James M. Heaney, Marc Swanson, and the Blackstone Group L.P. (collectively, "Defendants") move to file under seal more than six hundred exhibits and various documents in connection with Defendants' motion for summary judgment and the parties' respective *Daubert* motions. In total, there are twenty (20) motions to file under seal pending before the Court.

On July 17, 2019, the Court ordered the parties to meet and confer on every exhibit

and document sought to be sealed. *See* Doc. No. 429 at 3. The Court further ordered the parties to file a joint report that includes two charts for each pending motion to file under seal. *See id.* at 3-4. The parties filed their joint report, including the charts, on August 10, 2019. *See* Doc. No. 431. "[T]hrough the meet-and-confer process, the parties trimmed the number of disputed Exhibits from over 600 to fewer than 25 unique exhibits." *Id.* at 3.

Upon review of the joint report, the Court finds these matters suitable for determination on the papers and without oral argument.

## **LEGAL STANDARD**

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

When a party moves to file under seal a motion or documents attached to a motion, the focus is on the underlying motion and whether it is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099. If the motion is more than tangentially related to the merits, like here, the movant must show compelling reasons for overcoming the presumption in favor of public access. *See id.* at 1096-99.

Generally, a party seeking to seal a judicial record can overcome the presumption in favor of access by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring

disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178 (citations omitted) (internal quotation marks omitted). "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). "Compelling reasons must continue to exist to keep judicial records sealed." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

"What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. For Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

## DISCUSSION

Here, the Court has conducted a thorough review of each document and exhibit sought to be filed under seal. The Court sets forth its rulings in the far-right column of the charts in Appendix A. Where the Court concludes that a document or exhibit should be restricted from the public's view, in whole or in part, the Court finds that the compelling reasons standard has been met and adopts the compelling reasons articulated for that document or exhibit. Where the Court concludes that only certain portions of a document or exhibit should be sealed, the Court has so noted and instructed the parties to file an appropriately redacted version of the document or exhibit on the docket within three (3) days of the date of this Order. Moreover, where the Court concludes that a document or exhibit should not be sealed, the parties must similarly file the document or exhibit on the docket within three (3) days of the date of this Order.

## Conclusion

Based on the foregoing, the Court rules on the pending motions as set forth in Appendix A.

**IT IS SO ORDERED.**

Dated: September 3, 2019

HON. MICHAEL M. ANELLO
United States District Judge