# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No.: 14cv2129-MMA (AGS)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: DAUBERT MOTIONS AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. Nos. 344, 347, 351, 355, 358, 359] |

On October 11, 2019, the parties in this action will appear before the Court for a hearing on the parties' *Daubert* motions and Defendants' motion for summary judgment. *See* Doc. Nos. 344, 347, 351, 355, 358, 359. In anticipation of the hearing, the Court issues the following tentative rulings on the pending motions:

1. The Court tentatively **DENIES** Defendants' motion to exclude the testimony of Dr. Steven Feinstein [Doc. No. 344]. The Court tentatively finds that Dr. Feinstein's opinions are not subject to exclusion under the standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

2. The Court tentatively **DENIES** Defendants' motion to exclude the testimony

of Chad Coffman, CFA [Doc. No. 347]. The Court tentatively finds that Mr. Coffman's opinions are not subject to exclusion under the standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

3. The Court tentatively **GRANTS** Defendants' motion to exclude the testimony of Dr. James Gibson [Doc. No. 351]. The Court tentatively finds that Dr. Gibson's opinions are subject to exclusion under the standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

4. The Court tentatively **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to exclude the testimony of Dr. Craig Lewis [ Doc. No. 355]. The Court tentatively grants Plaintiffs' motion in part, and tentatively finds that Dr. Lewis should be precluded from offering any market analysis opinion or testimony, set forth in Section III of his expert report. The Court tentatively denies Plaintiffs' motion in part, and tentatively finds that any corrective disclosure opinion or testimony, as well as any rebuttal opinion or testimony regarding disaggregation, the price maintenance theory of inflation, and the constant dollar inflation methodology, are not subject to exclusion under the standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

5. The Court tentatively **GRANTS** Plaintiffs' motion to exclude the testimony of Dr. Randolph Bucklin [Doc. No. 358]. The Court tentatively finds that Dr. Bucklin's opinions are subject to exclusion under the standards of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

6. The Court tentatively **DENIES** Defendants' motion for summary judgment [Doc. No. 359].

   a. The Court tentatively denies Defendants' motion for summary judgment as to Plaintiffs' Section 10(b) claim.

      i. The Court tentatively finds that Plaintiffs raise a genuine dispute of material fact as to loss causation. The Court tentatively finds that a rational jury could conclude that the August 13, 2014 disclosure constituted a corrective

disclosure.

        ii.     The Court tentatively finds that Plaintiffs raise a triable issue of material fact on the element of damages, as the appropriateness of the constant dollar inflation methodology is a question for the jury.

        iii.     The Court tentatively finds that a rational jury could conclude that each of the challenged statements were false or misleading at the time they were made. *S.E.C. v. Todd*, 642 F. 3d 1207, 1220 (9th Cir. 2011) ("Generally, whether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact[.]") (internal quotation marks omitted).

        iv.     The Court tentatively finds that Plaintiffs raise a triable issue of material fact on the element of materiality based in part upon Mr. Coffman's expert testimony and analyst feedback. *See Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1277 (9th Cir. 2017) ("[M]ateriality is generally an issue of mixed fact and law, best left to the fact-finder[.]").

        v.     The Court tentatively finds that Plaintiffs raise a genuine dispute of material fact on the element of scienter. The Court tentatively finds that a rational jury could conclude that the Individual Defendants made each of the challenged statements either "intentionally or with deliberate recklessness." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009) (quoting *In re Dauo Sys., Inc.*, 411 F.3d 1006, 1015 (9th Cir. 2005)). Additionally, the Court tentatively finds that a rational jury could conclude that the Individual Defendants' scienter confers scienter on Defendant SeaWorld Entertainment, Inc. *See In re Apple Computer, Inc.*, 127 F. App'x 296, 303 (9th Cir. 2005).

    b.     The Court tentatively denies Defendants' motion for summary judgment as to Plaintiffs' Section 20(a) claims.

        i.     The Court tentatively finds that a rational jury could conclude that there has been a primary violation of federal securities law.

        ii.     The Court tentatively finds that whether Blackstone and the

Individual Defendants are controlling persons within the meaning of Section 20(a) are questions for the jury. *See Todd*, 642 F.3d at 1223 ("Whether [the defendant] is a controlling person is an intensely factual question") (quoting *Kaplan v. Rose*, 49 F.3d 1363, 1382 (9th Cir. 1994)).

As these rulings are tentative, the Court looks forward to the oral arguments of counsel.

**IT IS SO ORDERED.**

Dated: October 9, 2019

HON. MICHAEL M. ANELLO
United States District Judge