# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No.: 14cv2129-MMA (AGS)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: MOTIONS IN LIMINE**<br><br>[Doc. Nos. 474, 476] |

On January 21, 2020 at 2:30 p.m., Lead Plaintiffs and Class Representatives Arkansas Public Employees Retirement System and Pensionskassen for Børne-Og Ungdomspædagoger ("Plaintiffs") and Defendants SeaWorld Entertainment, Inc. ("SeaWorld"), James Atchison, James M. Heaney, Marc Swanson, and the Blackstone Group L.P. (collectively, "Defendants") will appear before the Court for a pretrial conference and hearing on the parties' motions in limine. *See* Doc. Nos. 474, 476. The parties move to file under seal certain documents and exhibits in connection with their respective motions in limine, and briefs in opposition thereto. *See* Doc. Nos. 471, 473, 487, 488. The Court will address these motions to seal via a separate order after the

pretrial conference. The Court advises counsel that the pretrial conference will not be a sealed hearing and counsel should tailor their arguments accordingly.

In anticipation of the hearing, the Court issues the following tentative rulings on the pending motions:

## **PLAINTIFFS' MOTIONS**

1. The Court tentatively **GRANTS** Plaintiffs' motion to bifurcate trial into two phases—one for class-wide questions of Defendants' liability and the measure of damages (Phase One), and a second for Class member-specific individual issues (Phase Two). The Court tentatively finds that bifurcation promotes judicial economy and avoids prejudice. *See* Fed. R. Civ. P. 42(b). Counsel should be prepared to discuss the logistics of a bifurcated trial at the hearing.

2. The Court tentatively **GRANTS IN PART** and **DENIES AS MOOT IN PART** Plaintiffs' motion to exclude evidence and argument concerning Plaintiffs and/or Class Counsel. The Court tentatively **grants** Plaintiffs' motion to exclude evidence and argument concerning individual issues regarding Plaintiffs or other Class Members and the absence of Plaintiffs during Phase One. The Court tentatively finds that evidence or argument concerning individual issues and the absence of Plaintiffs is irrelevant during Phase One. The Court tentatively **denies as moot** Plaintiffs' motion to exclude evidence or argument concerning Class Counsel and Plaintiffs' involvement in other litigation, as Defendants maintain that they do not intend to introduce such evidence or argument at trial.

3. The Court tentatively **DENIES AS MOOT IN PART** and **GRANTS IN PART** Plaintiffs' motion to exclude evidence and argument referencing attorney advice or involvement. The Court tentatively **denies as moot** Plaintiffs' motion to the extent Plaintiffs seek to exclude evidence or argument concerning the substance of attorney-client communications relied upon in making the disclosures at issue in this action, as Defendants do not intend to rely on an advice of counsel defense by putting the substance of any legal advice at issue. The Court tentatively **grants** Plaintiffs' motion to the extent

Defendants introduce evidence or argument that: (i) lawyers were involved in the disclosure process; (ii) lawyers prepared, reviewed, or approved documents, statements or conduct at issue; or (iii) Defendants relied on the advice of counsel in making the disclosures at issue. The Court tentatively finds such evidence is irrelevant. Even if such evidence is marginally relevant, the Court tentatively finds that the probative value of this evidence is substantially outweighed by the danger of unfair prejudice.

4. The Court tentatively **DENIES AS MOOT** Plaintiffs' motion to exclude evidence and argument concerning SeaWorld's Special Committee Report. Defendants' third motion in limine seeks to exclude evidence of investigations by the SEC and DOJ related to SeaWorld's disclosures regarding *Blackfish*. Because the Court tentatively grants Defendants' third motion in limine—which is broader than the instant motion—the Court tentatively finds that Plaintiffs' motion is moot.

5. The Court tentatively **DENIES** Plaintiffs' motion to: (i) pre-admit certain materials into evidence[1]; and (ii) publish to the jury during opening statements any pre-admitted evidence. Absent a stipulation between the parties, the Court is not inclined to pre-admit materials into evidence. Additionally, it is the Court's view that opening statements are not the time to try one's case. Thus, the Court tentatively finds that it is inappropriate to publish pre-admitted evidence to the jury during opening statements. However, counsel should be prepared to discuss at the hearing the extent to which the parties seek to use demonstrative aids during their opening statements.

6. The Court tentatively **DENIES AS MOOT** Plaintiffs' motion to exclude evidence and argument concerning claims or defendants that have been dismissed, and any claims or legal theories that Plaintiffs have abandoned, modified, or never asserted in this case, as Defendants do not intend to offer any such evidence or argument at trial.

7. The Court tentatively **DENIES** Plaintiffs' motion to preclude live witnesses

---

[1] Certain materials Plaintiffs seek to pre-admit are the subject of Defendants' motions in limine, which the Court addresses below.

from testifying in Defendants' case-in-chief who were not made available for live testimony in Plaintiffs' case-in-chief. The Court tentatively finds that Plaintiffs' motion is premature at this stage. However, counsel should be prepared to discuss this issue in greater detail at the hearing.

8. The Court tentatively **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to exclude evidence and argument concerning Defendants' ability to pay or aggregate damages. The Court tentatively **grants** Plaintiffs' motion to exclude evidence or argument concerning Defendants' ability to pay a damages award, as Defendants do not oppose this aspect of Plaintiffs' motion. The Court tentatively **denies** Plaintiffs' motion to exclude *any reference* at trial to aggregate damages as overbroad. Defendants do not intend to offer a precise calculation of the potential aggregate recovery at trial. However, the Court tentatively finds that Defendants should not be precluded from explaining that the total recovery of the class will be larger than the single-digit per-share figure calculated by Plaintiffs' expert.

9. The Court tentatively **DENIES** Plaintiffs' motion to prohibit counsel from communicating *ex parte* with sworn witnesses about his or her testimony until it is completed. The Court tentatively finds that a ban on attorney-witness communications about their testimony is premature at this stage. The parties may raise specific concerns at trial, if necessary.

10. The Court tentatively **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion to prohibit any party from disputing or otherwise objecting to the authenticity of materials that party produced during discovery. The Court tentatively **grants** Plaintiffs' motion, as Defendants indicate that they are willing to stipulate to the authenticity of documents that SeaWorld *created and produced* in discovery. The Court tentatively **denies** Plaintiffs' motion with respect to documents Defendants produced but did not create.

///
///

**DEFENDANTS' MOTIONS**

1. The Court tentatively **DENIES** Defendants' motion to exclude evidence concerning public statements not pleaded in Plaintiffs' Second Amended Complaint ("SAC"). The Court tentatively finds that this evidence is relevant. Additionally, the Court tentatively finds that the probative value of this evidence is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time.

2. The Court tentatively **DEFERS** ruling on Defendants' request to require Plaintiffs to provide the full text of each challenged statement along with sufficient context for each challenged statement. The Court tentatively finds that the statements must be moved into evidence in full, as required by Federal Rule of Evidence 106. However, the scope of Defendants' request is unclear. Plaintiffs claim that Defendants' concerns can be addressed through a stipulation between the parties to pre-admit the documents containing the false statements at issue and publish them to the jury in full. Counsel should be prepared to discuss any such stipulation to pre-admit the documents containing the false statements at the hearing.

3. The Court tentatively **GRANTS** Defendants' motion to exclude evidence of government investigations by the SEC and DOJ related to SeaWorld's disclosures regarding *Blackfish*, as Plaintiffs generally do not oppose Defendants' motion. Plaintiffs can raise specific arguments regarding this subject if Defendants "open the door" at trial.

4. The Court tentatively **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to preclude Plaintiffs from: (i) introducing testimony from Fred Jacobs concerning his state of mind regarding the August 2013 statements; and (ii) arguing that Jacobs' state of mind can be imputed to SeaWorld in evaluating the company's liability for the August 29, 2013 statement. The Court tentatively **grants** Defendants' motion with respect to imputation and tentatively finds that Jacobs' scienter cannot be imputed to SeaWorld. *See Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011); *SEC v. City of Victorville*, No. CV13-00776 JAK (DTBx),

2018 WL 3201676 (C.D. Cal. Jan. 24, 2018). However, the Court tentatively **denies** Defendants' motion regarding Jacobs' state of mind and finds that such testimony is relevant. Further, the Court tentatively finds that the probative value of Jacobs' state of mind testimony is not substantially outweighed by the danger of unfair prejudice. The Court tentatively finds that a limiting instruction will be appropriate at trial.

     5.     The Court tentatively **DENIES** Defendants' motion to exclude the PulsePoint and Initiative custodian of records declarations and underlying documents. The Court tentatively finds that the declarations establish the documents attested to are business records under Federal Rule of Evidence 803(6) and were executed by qualified witnesses under Federal Rule of Evidence 902(11).

     6.     The Court tentatively **GRANTS** Defendants' motion to exclude two MKM surveys and a "media mix analysis" prepared by Initiative to the extent such reports are offered for their truth. The Court tentatively finds that these third-party market research reports do not qualify as statements of an opposing party under Federal Rule of Evidence 801(d)(2)(D).

     7.     The Court tentatively **DEFERS** ruling on Defendants' motion to exclude public and social media correspondence to the extent offered for the truth of the matters asserted therein. The Court tentatively finds that any analysis of whether consumer communications and social media posts fall within hearsay exceptions must be conducted on a case-by-case basis.

     8.     The Court tentatively **GRANTS** Defendants' motion to preclude Plaintiffs from playing *Blackfish*, excerpts thereof, or the trailer to the jury. The Court tentatively finds that even if marginally relevant, the danger of unfair prejudice substantially outweighs any probative value the film or trailer may have. The Court is inclined to order the parties to prepare a joint statement regarding the film that can be read to the jury at trial.

     9.     The Court tentatively **DEFERS** ruling on Defendants' motion to exclude evidence of animal treatment, trainer injury, and workplace safety issues. The Court

tentatively finds Defendants' motion is vague and overbroad.  Defendants acknowledge that the jury should not be prevented from understanding in general terms the subject matter of *Blackfish* or the allegations that formed the basis of the *Blackfish*-related publicity.  This information could include reference to animal treatment, trainer injury, and workplace safety issues.  However, consistent with the Court's tentative ruling regarding Defendants' eighth motion in limine, the Court tentatively finds that the probative value of evidence of animal treatment, trainer injury, and workplace safety issues that goes beyond providing context for the jury, even if marginally relevant, is substantially outweighed by the danger of unfair prejudice.

10. The Court tentatively **DENIES** Defendants' motion to exclude evidence of alleged investigation or surveillance of animal rights groups.  The Court tentatively finds that this evidence is relevant.  Additionally, the Court tentatively finds that the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice.

11. The Court tentatively **GRANTS** Defendants' motion to exclude evidence or argument regarding Defendants' current financial condition, net worth, and/or profitability, as Plaintiffs do not oppose this aspect of Defendants' motion.  Plaintiffs claim that to the extent Defendants also seek to exclude evidence of any Defendant's financial condition, net worth, and/or profitability during the Class Period, Plaintiffs oppose Defendants' motion.  However, it does not appear to the Court that Defendants seek to exclude evidence of any Defendant's financial condition during the Class Period.

12. The Court tentatively **DEFERS** ruling on Defendants' motion to exclude evidence of alleged post-Class Period *Blackfish* impacts.  The scope of Defendants' motion is unclear at this stage.  Additionally, the Court tentatively finds that any analysis of relevancy and/or prejudice concerning such evidence must be conducted on a case-by-case basis.

As these rulings are tentative, the Court looks forward to the oral arguments of counsel.

///

**MISCELLANEOUS MATTERS**

Upon review of the parties' pretrial disclosures and memoranda of contentions of fact and law, the Court requests counsel also be prepared to discuss the following at the hearing:

- Plaintiffs' objection to all new evidentiary materials Defendants added to their first and second amended disclosures after the December 6, 2019 deadline;
- The number of exhibits sought to be introduced at trial and related objections. The Court is inclined to order the parties to meet and confer to: (i) reduce the number of exhibits on the parties' exhibit lists; and (ii) resolve as many of the outstanding objections to witnesses, exhibits, and proposed use of deposition testimony as possible. After participating in the meet and confer, the Court is inclined to order the parties to provide a joint status report setting forth each side's remaining objections. The Court will likely set an additional pretrial status hearing to resolve the remaining objections;
- Sealed documents and/or witness testimony at trial. It is the Court's view that exhibits and testimony admitted at trial should be public, unsealed, and not otherwise restricted from public access. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980);
- A procedure for dismissing prospective jurors in advance of jury selection based upon their questionnaire responses; and
- Keeping track of time at trial and the use of a "chess clock."

**IT IS SO ORDERED.**

Dated: January 16, 2020

HON. MICHAEL M. ANELLO
United States District Judge