# EXHIBIT 1

**EXECUTION VERSION**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated, | Case No.:  3:14-cv-2129-MMA-AGS |
| Plaintiff, | **CLASS ACTION** |
| vs. | |
| SEAWORLD ENTERTAINMENT, INC., et al., | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| Defendants. | |

This Stipulation and Agreement of Settlement dated February 10, 2020 ("Stipulation") is entered into between (a) Court-appointed Class Representatives Arkansas Public Employees Retirement System and Pensionskassen For Børne-Og Ungdomspædagoger (together, "Class Representatives"), on behalf of themselves and the Court-certified Class; and (b) SeaWorld Entertainment, Inc. ("SeaWorld"), The Blackstone Group L.P., now known as The Blackstone Group Inc. ("Blackstone"), James Atchison, James M. Heaney, and Marc Swanson (Mr. Atchison, Mr. Heaney, Mr. Swanson, SeaWorld, and Blackstone are collectively referred to herein as "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below) against Defendants.

WHEREAS:

A.    On September 9, 2014, the initial complaint ("Initial Complaint") was filed in this Court against SeaWorld, Blackstone, and certain of SeaWorld's officers and directors. ECF No. 1.

B.    By Order dated December 11, 2014, the Court appointed Arkansas Public Employees Retirement System and Pensionskassen For Børne-Og Ungdomspædagoger as Lead Plaintiffs, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and approved Lead Plaintiffs' selection of Kessler Topaz Meltzer & Check, LLP and Nix Patterson & Roach, LLP (n/k/a Nix Patterson, LLP) as Co-Lead Counsel and Kirby Noonan Lance & Hoge LLP (n/k/a Noonan Lance Boyer & Banach LLP) as Liaison Counsel. ECF No. 25.

---

[1]    All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

C.     On February 27, 2015, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint ("First Amended Complaint"), asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) ("Exchange Act"), and Rule 10b-5, promulgated thereunder, 17 C.F.R. § 240.10b-5, as well as Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a)(2), and 77(o) ("Securities Act"). ECF No. 42. Defendants moved to dismiss the First Amended Complaint on May 29, 2015. ECF Nos. 88 & 89. Following full briefing on defendants' motions, the Court, by Order dated March 31, 2016, granted defendants' motions and dismissed the First Amended Complaint without prejudice. ECF No. 102. By the same Order, the Court granted Lead Plaintiffs leave to file an amended complaint addressing the deficiencies noted by the Court.

D.     On May 31, 2016, Lead Plaintiffs filed the Second Amended Consolidated Class Action Complaint ("Second Amended Complaint"), which dropped certain defendants and the Securities Act claims, and asserted violations of Sections 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against Defendants SeaWorld, James Atchison, James M. Heaney, and Marc Swanson, and violations of Section 20(a) of the Exchange Act against Messrs. Atchison, Heaney, and Swanson, and Blackstone. ECF No. 123.

E.     On June 29, 2016, Defendants moved to dismiss the Second Amended Complaint for failure to state a claim under Rules 9(b) and 12(b)(6), as well as the PSLRA. ECF No. 128. Defendants' motion was fully briefed, and following oral argument, the Court denied Defendants' motion to dismiss on September 30, 2016. ECF Nos. 141 & 142. On October 28, 2016, Defendants filed their Answer to the Second Amended Complaint, denying the surviving allegations and asserting certain defenses. ECF No. 149. Thereafter, discovery in the Action commenced.

F.     On May 19, 2017, Lead Plaintiffs filed their motion for class certification ("Class Certification Motion"). ECF No. 188. Defendants opposed the Class

Certification Motion on July 27, 2017. ECF No. 198. Lead Plaintiffs' motion was fully briefed and, following oral argument, the Court, by Order dated November 29, 2017, granted the Class Certification Motion, certifying the Class, appointing Lead Plaintiffs Arkansas Public Employees Retirement System and Pensionskassen For Børne-Og Ungdomspædagoger as Class Representatives, and appointing Kessler Topaz Meltzer & Check, LLP and Nix Patterson & Roach, LLP (n/k/a Nix Patterson, LLP) as Class Counsel. ECF No. 259.

G.     On December 13, 2017, Defendants filed a petition with the Court of Appeals for the Ninth Circuit ("Ninth Circuit") seeking permission to appeal the Court's Order granting the Class Certification Motion. ECF No. 272. Class Representatives opposed the petition. The Ninth Circuit denied Defendants' petition on June 28, 2018. ECF No. 307.

H.     On October 9, 2018, Class Representatives filed an unopposed motion to approve the form and manner of notice to the Class ("Class Notice Motion"). ECF No. 324. The Court granted the Class Notice Motion on December 6, 2018. ECF No. 336. Among other things, the Court found that the proposed Class Notice met the requirements of Federal Rule of Civil Procedure 23 and due process and constituted the best notice practicable under the circumstances. Class Notice was mailed to potential Class Members beginning on January 9, 2019 and a summary notice of the pendency of the Action as a class action was published in *Investor's Business Daily* and transmitted over *PR Newswire* on January 14, 2019. *See* ECF No. 364.

I.     Pursuant to the Court's December 6, 2018 Order, Class Notice also provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the procedures for doing so. The Class Notice stated that it would be within the Court's discretion whether to permit a second opportunity to request exclusion if there was a settlement. The Class Notice informed Class Members that if they chose to remain a member of the Class, they would "be bound by

all past, present and future orders and judgments in the Action, whether favorable or unfavorable."

J.     The deadline for submitting requests for exclusion was April 9, 2019. Five requests for exclusion from the Class were received. *See* Appendix 1 hereto.

K.     On April 3, 2019, the Parties conducted an in-person, arm's-length mediation session before private mediator Jed D. Melnick, Esq. of JAMS, in an effort to explore resolving the Action. While the Parties engaged in good faith and made certain progress, at the conclusion of the full-day session, the Parties were not close to an agreement to settle.

L.     On April 15, 2019, Defendants filed their motion for summary judgment ("Summary Judgment Motion"). ECF No. 359.

M.     On May 9, 2019, the Court held a mandatory settlement conference. ECF No. 366. At the settlement conference, the Parties were presented with a mediator's proposal, which was not accepted. ECF No. 367.

N.     Class Representatives opposed Defendants' Summary Judgment Motion on May 24, 2019. ECF No. 394. Defendants' motion was fully briefed and, following oral argument, the Court, by Order dated November 18, 2019, denied Defendants' Summary Judgment Motion as well as ruled on the Parties' pending *Daubert* motions. ECF No. 470.

O.     Thereafter, the Parties engaged in substantial trial preparations, including submission of proposed exhibit and witness lists; filed *in limine* motions; and exchanged their contentions of law and fact and other key pretrial disclosures.

P.     A final pretrial conference was held on January 21, 2020, during which the Court ruled on the Parties' *in limine* motions, and a status hearing was scheduled for February 11, 2020.  A trial of the Action was scheduled to begin on February 18, 2020.

Q.     While trial preparations were ongoing, the Parties agreed to reengage with respect to the possibility of resolving the Action, once again utilizing Jed D. Melnick, Esq. of JAMS. Following hard-fought, arm's-length negotiations, the Parties accepted the mediator's recommendation to resolve the Action for $65 million.

R.     Based upon their investigation, prosecution, and mediation of the case, Class Representatives and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Class Representatives and the other members of the Class, and in their best interests. Based on Class Representatives' direct oversight of the prosecution of this matter and with the advice of their counsel, Class Representatives have agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Class Representatives and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

S.     This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Class Representatives have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Class Representatives of any infirmity in any of the claims

asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Class Representatives (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against Defendants' Releasees and all Released Defendants' Claims as against Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

a.     "Action" means the securities class action styled *Baker v. SeaWorld Entertainment, Inc., et al.*, Case No.: 3:14-cv-2129-MMA-AGS.

b.     "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

c.     "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

d.     "Blackstone" means The Blackstone Group L.P., now known as The Blackstone Group Inc.

e.     "Blackstone Funds" means SW Delaware L.P., SW Delaware A L.P., SW Delaware B L.P., SW Delaware C L.P., SW Delaware D L.P., SW Delaware E L.P., SW Delaware F L.P., SW Delaware Co-Invest L.P., SW Delaware (GS) L.P., SW Delaware (GSO) L.P., and SW Cayman Limited.

f.      "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

g.      "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, which a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

h.      "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

i.      "Claims Administrator" means Epiq Class Action & Claims Solutions, Inc., the firm retained by Class Counsel and approved by the Court in connection with Class Notice, subject to continuing approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

j.      "Class" means the class certified in the Court's Order Granting Plaintiffs' Motion for Class Certification dated November 29, 2017. Specifically the Class includes all persons and entities who purchased or otherwise acquired the publicly traded common stock of SeaWorld between August 29, 2013 and August 12, 2014, who did not sell such acquired securities before August 13, 2014, and were damaged. Excluded from the Class are: (i) Defendants; (ii) present or former executive officers of SeaWorld, members of SeaWorld's Board of Directors, and members of their immediate families; (iii) any of the foregoing persons' legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest or any affiliate of SeaWorld. Also excluded from the Class are any persons and entities that submitted a request for exclusion in connection with Class Notice as set forth on Appendix 1. If and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, also excluded from the Class shall be

any persons and entities who exclude themselves by submitting a request for exclusion in connection with the Notice and whose requests are accepted by the Court ("Future Excluded Persons").

k.     "Class Counsel" means Kessler Topaz Meltzer & Check, LLP and Nix Patterson, LLP (f/k/a Nix, Patterson & Roach, LLP).

l.     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

m.     "Class Member" means each person and entity who or which is a member of the Class.

n.     "Class Period" means the period between August 29, 2013 and August 12, 2014.

o.     "Class Representatives" means Arkansas Public Employees Retirement System and Pensionskassen For Børne-Og Ungdomspædagoger.

p.     "Court" means the United States District Court for the Southern District of California.

q.     "Defendants" means SeaWorld, Blackstone, James Atchison, James M. Heaney, and Marc Swanson.

r.     "Defendants' Counsel" means Simpson Thacher & Bartlett LLP and Katten Muchin Rosenman LLP.

s.     "Defendants' Releasees" means (i) Defendants and their attorneys, the Blackstone Funds, and the Former Defendants; (ii) the current and former parents, affiliates, subsidiaries, portfolio entities, successors, predecessors, partners, members, shareholders, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, employees, directors, partners, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates,

insurers, reinsurers, predecessors, successors, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

t.      "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

u.      "Escrow Account" means an account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

v.      "Escrow Agent" means Huntington National Bank.

w.      "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

x.      "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) calendar days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

y.    "Former Defendants" means all persons or entities named as defendants in the Initial Complaint or the First Amended Complaint and not named as defendants in the Second Amended Complaint.

z.    "Future Excluded Persons" means, if and only if the Court permits a second opportunity for Class Members to request exclusion from the Class, any persons and entities who exclude themselves by submitting a request for exclusion in connection with the Notice and whose requests are accepted by the Court.

aa.    "Immediate Family" means, as defined in 17 C.F.R § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law and any persons (other than a tenant or employee) sharing the household.

bb.    "Initial Complaint" means the initial complaint filed in this Action on September 19, 2014.

cc.    "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

dd.    "Liaison Counsel" means Noonan Lance Boyer & Banach LLP.

ee.    "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Class Representatives directly related to their representation of the Class), for which Class Counsel intend to apply to the Court for payment or reimbursement from the Settlement Fund.

ff.    "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

gg.   "Notice" means the Notice of (I) Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 2 to Exhibit A, which is to be posted on the Settlement Website and mailed or emailed to Class Members upon request.

hh.   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notices to the Class (including, but not limited to, the Class Notice and the notices informing the Class of the Settlement); and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

ii.   "Parties" means Defendants and Class Representatives, on behalf of themselves and the Class.

jj.   "Plaintiffs' Counsel" means Class Counsel, Liaison Counsel, and additional counsel for Class Representatives, Keil & Goodson P.A. and Grant & Eisenhofer P.A.

kk.   "Plaintiffs' Releasees" means (i) Class Representatives, their attorneys and all other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

ll.   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

mm.   "Postcard Notice" means the postcard notice, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed to Class Members.

nn.   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

oo.   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

pp.   "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

qq.   "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. "Released Defendants' Claims" do not include any claims relating to the enforcement of the Settlement.

rr.   "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory,

administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Class Representatives or any other member of the Class: (i) asserted in the Action (including both Securities Act and Exchange Act claims) or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action, and that relate in any way, directly or indirectly, to the purchase, sale, acquisition, disposition, or holding of the publicly traded common stock of SeaWorld during the Class Period. "Released Plaintiffs' Claims" do not include (i) any claims relating to the enforcement of the Settlement; (ii) the claims asserted in the action captioned *Kistenmacher v. Atchison, et al.*, No. 10437-VCN (Del. Ch.); (iii) the claims asserted in the action captioned *Highfields Capital I, LP, et al. v. SeaWorld Entertainment, Inc., et al.*, Case No. 3:18-cv-01276-MMA-AGS (S.D. Cal.); (iv) any claims of any person or entity that submitted a request for exclusion as set forth on Appendix 1 hereto; or (v) any claims of Future Excluded Persons.

ss.   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

tt.   "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

uu.   "SeaWorld" or "Company" means SeaWorld Entertainment, Inc.

vv.   "Second Amended Complaint" means the Second Amended Consolidated Class Action Complaint filed by Lead Plaintiffs in the Action on May 31, 2016.

ww.   "Settlement" means the settlement between Class Representatives and Defendants on the terms and conditions set forth in this Stipulation.

xx.   "Settlement Amount" means sixty-five million U.S. dollars ($65,000,000) in cash.

yy.    "Settlement Fairness Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

zz.    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

aaa.    "Settlement Website" means the website created specifically for the Settlement on which the Notice and Claim Form, as well as other information related to the Action and the Settlement, will be posted.

bbb.    "Summary Notice" means the Summary Notice of (I) Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

ccc.    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Releasees or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount in the Escrow Account during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

ddd.    "Unknown Claims" means any Released Plaintiffs' Claims which Class Representatives or any other Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it,

might have affected his, her, or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or to the release of the Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Class Representatives and Defendants shall expressly settle and release, and each of the other Class Members shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Class Representatives and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

2. Promptly upon execution of this Stipulation, and by no later than February 11, 2020, Class Representatives will move for preliminary approval of the Settlement,

authorization to provide notice of the Settlement to the Class, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with this motion, Class Representatives shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

3.      Also in connection with the motion for preliminary approval of the Settlement, the Parties agree to request that the Court not permit a second opportunity for Class Members to request exclusion from the Class.  There is no due process right to a second opt-out opportunity.  *See Low v. Trump Univ. LLC*, 881 F.3d 1111, 1121 (9th Cir. 2018).  However, the Settlement is not contingent on the Court's decision regarding whether or not a second opportunity to request exclusion shall be permitted.

## <u>RELEASE OF CLAIMS</u>

4.      The obligations incurred pursuant to this Stipulation are in consideration of:  (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, beneficiaries, legatees, insurers, reinsurers, predecessors, successors, and assigns (and assignees of each of the foregoing), in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, beneficiaries, legatees, insurers, reinsurers, predecessors, successors, and assigns (and assignees of each of the foregoing), in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representatives and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to: (i) any person or entity who previously submitted a request for exclusion from the Class in connection with the Class Notice as set forth on Appendix 1 hereto; or (ii) any Future Excluded Persons.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

8.      The Judgment shall contain a bar order in the form set forth in Exhibit B hereto that, upon the Effective Date, to the fullest extent permitted by law, (i) all persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of Defendants' Releasees seeking as damages or otherwise the recovery of all or part of any liability, judgment, or settlement which they pay or are obligated to pay or agree to pay to the Plaintiffs' Releasees arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, both known and Unknown Claims,

whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Defendants' Releasees shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Plaintiffs' Releasees arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; *provided that* clauses (i) and (ii) of this Paragraph shall not be construed to modify, amend, or supersede any agreements between or among Defendants' Releasees with respect to claims between or among those Defendants' Releasees, including, without limitation, any claims for contractual or other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers for claims relating to this Action, including the Settlement Amount and legal fees and costs incurred in connection with the Action. The foregoing barred claims shall not include claims that arise out of or relate to a cause of action that has been or may be asserted by (i) any person or entity who previously submitted a request for exclusion from the Class in connection with the Class Notice as set forth on Appendix 1 hereto; or (ii) any Future Excluded Persons.

## THE SETTLEMENT CONSIDERATION

9. In consideration of the full settlement of the claims asserted in the Action against Defendants and the Releases specified in ¶¶ 4-8 above, SeaWorld shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than fifteen (15) business days after the later of: (a) the Court's entry of the Preliminary Approval Order; or (b) the provision to Defendants' Counsel of all information necessary to effectuate a transfer of funds to the Escrow Account, including the bank name and ABA routing number, account number, and a signed Form W-9 reflecting the taxpayer identification for the Settlement Fund.

## USE OF THE SETTLEMENT FUND

10. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-31 below. Under no circumstances will Defendants or any of the other Defendants' Releasees be required to make any payment other than the payment SeaWorld shall pay or cause to be paid pursuant to ¶ 9 above.

11. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Class Counsel, the Escrow Account shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or

bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

12. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Class Counsel the statement described in Treasury Regulation § 1.468B-3(e). Class Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. Class Counsel shall cooperate with reasonable written requests of Defendants related to Taxes that may be owed with respect to the Settlement Fund.

13. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Class Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth

therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Class Counsel or their agents with respect to the payment of Taxes, as described herein.

14.     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Class Notice, the actual costs of printing and mailing the Postcard Notice, developing the Settlement Website and posting the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for forwarding notices to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Class Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees to be paid solely from (and out of) the Settlement Fund. Class Counsel also will apply to the Court for reimbursement or payment of Litigation Expenses, which may include a request for reimbursement of Class Representatives' costs and expenses directly related to their representation of the Class, to be paid solely from (and out of) the Settlement Fund. Class Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Class Representatives other than what is set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Class Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Class Representatives nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses, and any appeal from any order awarding

attorneys' fees and/or Litigation Expenses or any reversal or modification of any such order shall not affect or delay the finality of the Judgment. Any refunds or repayments required pursuant to this paragraph shall be the several obligation of Plaintiffs' Counsel, including their law partners and/or shareholders, to make appropriate refunds or repayments to the Settlement Fund. Each such Plaintiffs' Counsel receiving an award of fees and expenses, as a condition of receiving such fees, expenses or award on behalf of itself and each partner and/or shareholder of it, agrees that: (a) such person or entity and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph; and (b) are severally liable for the full amount of any fees, expenses and/or costs paid to them from the Settlement Fund together with the interest earned thereon.

18.     Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account. With the sole exception of SeaWorld's obligation to cause the Settlement Amount to be paid into the Escrow Account pursuant to ¶ 9 above, Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or Litigation Expenses to Plaintiffs' Counsel pursuant to this Stipulation, or for any other attorneys' fees and/or Litigation Expenses incurred by or on behalf of any other Class Member in connection with this Action or the Settlement.

## NOTICE AND SETTLEMENT ADMINISTRATION

19.     As part of the Preliminary Approval Order, Class Representatives shall seek reappointment of Epiq Class Action & Claims Solutions, Inc. as the Claims

Administrator. Epiq Class Action & Claims Solutions, Inc. was previously approved by the Court as administrator in connection with the dissemination of Class Notice. ECF No. 336. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Class Representatives, any other Class Members, or Class Counsel in connection with the foregoing. Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail, and/or email, the Postcard Notice to those members of the Class as may be identified through reasonable effort, including those previously identified by SeaWorld in connection with Class Notice. Class Counsel shall also cause the Claims Administrator to post the Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.

21.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be

served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

22.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 2 to Exhibit A, or in such other plan of allocation as the Court approves).

23.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Class Representatives and Class Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

24.    Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

25.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment, nor shall any of Defendants' Releasees have any responsibility for, interest in, or liability with respect to any such decision. Class Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

26.     For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

b.     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with

respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

c.   Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

d.   Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

e.   If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

27.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

28.    Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

30.    No person or entity shall have any claim against Class Representatives, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of

allocation approved by the Court, or any order of the Court. Class Representatives and Defendants, and their respective counsel, and Class Representatives' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

32.    If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

33.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

a.    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

b.    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 9 above;

c.     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

d.     Class Representatives have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

e.     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

34.     Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Class Representatives exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

a.     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

b.     Class Representatives and Defendants shall revert to their respective positions in the Action as of February 3, 2020.

c.     The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 15, 17, 39, and 60, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

d.    Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Class Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Class Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

36.    It is further stipulated and agreed that Defendants, provided they unanimously agree, and Class Representatives, provided they unanimously agree, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall

not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37.    In addition to the grounds set forth in ¶ 36 above, and only in the event that the Court provides a second opportunity for Class Members to request exclusion from the Class, SeaWorld shall have the unilateral right exercisable in its sole discretion to terminate the Settlement in the event that Future Excluded Persons meet the conditions set forth in SeaWorld's confidential supplemental agreement with Class Representatives (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless the Court otherwise directs or a dispute arises between Class Representatives and SeaWorld concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment. In the event that the Court does not provide for a second opportunity for Class Members to exclude themselves from the Class in connection with the settlement proceedings, SeaWorld will have no right to terminate the Settlement pursuant to this paragraph.

38.    Class Representatives shall also have the option to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 9 above, by providing written notice of the election to terminate to Defendants' Counsel.

## **NO ADMISSION OF WRONGDOING**

39.    Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of

allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

b. shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

c. shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## **MISCELLANEOUS PROVISIONS**

40.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

41.    SeaWorld warrants, as to the payments made or to be made on behalf of itself, that at the time of entering into this Stipulation and at the time of such payment SeaWorld was not insolvent, nor will the payment required to be made by or on behalf of SeaWorld render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by SeaWorld and not by Defendants' Counsel.

42.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Class Representatives, Class Representatives and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35(b) above, Plaintiffs' Counsel shall promptly return any attorneys' fees and Litigation Expenses received pursuant to ¶ 17, above, plus accrued interest at the same net rate as is earned by the Settlement

Fund, and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 35.

43.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Class Representatives and any other Class Members against Defendants' Releasees with respect to the Released Plaintiffs' Claims. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process conducted by Jed Melnick, Esq. of JAMS, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

44.    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Class Representatives and their counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

45.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing

signed on behalf of both Class Representatives and Defendants (or their successors-in-interest).

46.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

48.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Class Representatives and Defendants concerning the Settlement. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

50.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any

corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

52.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

54.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

55.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56.     Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

57.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| If to Class Representatives or Class Counsel: | Kessler Topaz Meltzer & Check, LLP<br>Attn:  Joshua E. D'Ancona, Esq.<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel:  (610) 667-7706<br>Fax:  (610) 667-7056<br>Email: jdancona@ktmc.com<br><br>-and-<br><br>Nix Patterson, LLP<br>Attn: Jeffrey J. Angelovich, Esq.<br>3600 N. Capital of Texas Hwy.<br>Suite B350<br>Austin, TX 78746<br>Tel: (512) 328-5333<br>Fax: (512) 328-5332<br>Email: jangelovich@nixlaw.com |
| If to Defendants SeaWorld Entertainment, Inc., James M. Heaney, Marc Swanson, and The Blackstone Group Inc.: | Simpson Thacher & Bartlett LLP<br>Attn: Jonathan K. Youngwood, Esq.<br>425 Lexington Avenue<br>New York, NY 10017<br>Tel:  (212) 455-2000<br>Fax:  (212) 455-2502<br>Email: jyoungwood@stblaw.com |
| If to Defendant James Atchison: | Katten Muchin Rosenman LLP<br>Attn:  Michael J. Diver, Esq.<br>525 W. Monroe Street<br>Chicago, IL 60661-3693<br>Tel: (312) 902-5200<br>Fax: (312) 902-1061<br>Email: michael.diver@katten.com |

58.     Except as otherwise provided herein, each Party shall bear its own costs.

59.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed,

1  agreements, drafts, documents signed, and proceedings in connection with the
2  Stipulation confidential.

3      60.   All agreements made and orders entered during the course of this Action
4  relating to the confidentiality of information shall survive this Settlement.

5      61.   No opinion or advice concerning the tax consequences of the proposed
6  Settlement to individual Class Members is being given or will be given by the Parties
7  or their counsel; nor is any representation or warranty in this regard made by virtue of
8  this Stipulation. Each Class Member's tax obligations, and the determination thereof,
9  are the sole responsibility of the Class Member, and it is understood that the tax
10  consequences may vary depending on the particular circumstances of each individual
11  Class Member.

12      **IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to
13  be executed, by their duly authorized attorneys, on February 10, 2020.

14
15  Dated: February 10, 2020          **KESSLER TOPAZ MELTZER**
                                  **& CHECK, LLP**
16
17
18                                  Gregory M. Castaldo
                                Joshua E. D'Ancona
19                                  Joshua A. Materese
20                                  Samuel C. Feldman
                                280 King of Prussia Road
21                                  Radnor, PA 19087
22                                  Tel: (610) 667-7706
                                Fax: (610) 667-7056
23                                  gcastaldo@ktmc.com
24                                  jdancona@ktmc.com
                                jmaterese@ktmc.com
25                                  sfeldman@ktmc.com
26                                  -and-
27                                  Stacey M. Kaplan (Bar No. 241989)
28

One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001
skaplan@ktmc.com

**NIX PATTERSON, LLP**

Jeffrey J. Angelovich
Bradley E. Beckworth
Cody L. Hill
3600 N. Capital of Texas Hwy.,
Suite B350
Austin, TX 78746
Tel: (512) 328-5333
Fax: (512) 328-5332
jangelovich@nixlaw.com
bbeckworth@nixlaw.com
codyhill@nixlaw.com

-and-

Susan Whatley
P.O. Box 178
Linden, TX 75563
Tel: (903) 215-8310
swhatley@nixlaw.com

*Co-Class Counsel for Class Representatives
and the Class*

**NOONAN LANCE BOYER
& BANACH LLP**
David J. Noonan (Bar No. 55966)
Ethan T. Boyer (Bar No. 173959)
701 Island Avenue, Suite 400
San Diego, CA 92101
Tel: (619) 780-0880
dnoonan@noonanlance.com
eboyer@noonanlance.com

*Liaison Counsel for the Class*

**KEIL & GOODSON P.A.**
John C. Goodson
406 Walnut Street
Texarkana, AR 71954
Tel: (870) 772-4113
jcgoodson@kglawfirm.com

**GRANT & EISENHOFER P.A.**
Jeff A. Almeida
123 Justison Street
7th Floor
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
jalmeida@gelaw.com

*Additional Counsel for Class Representatives*

**SIMPSON THACHER
& BARTLETT LLP**

Jonathan K. Youngwood (*pro hac vice*)
Brooke Cucinella (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Isaac M. Rethy (*pro hac vice*)
Meredith D. Karp (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
jyoungwood@stblaw.com
jgochman@stblaw.com
irethy@stblaw.com
meredith.karp@stblaw.com

CASE NO.: 3:14-CV-2129-MMA-AGS
STIPULATION AND AGREEMENT OF SETTLEMENT

41

-and-

Chet A. Kronenberg
1999 Avenue of the Stars
29th Floor
Los Angeles, CA 90067
Tel: (310) 407-7500
Fax: (310) 407-7502
ckronenberg@stblaw.com

*Attorneys for Defendants SeaWorld Entertainment, Inc., James M. Heaney, Marc Swanson, and The Blackstone Group Inc.*

**KATTEN MUCHIN ROSENMAN LLP**

Michael J. Diver (*pro hac vice*)
Gil M. Soffer
Michael J. Lohnes (*pro hac vice*)
525 W. Monroe Street
Chicago, IL 60661-3693
Tel: (312) 902-5200
Fax: (312) 902-1061
michael.diver@katten.com

-and-

Richard H. Zelichov
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
Tel: (310) 788-4400
Fax: (310) 712-8433
richard.zelichov@katten.com

*Attorneys for Defendant James Atchison*

**Appendix 1**

**List of Persons and Entities Excluded From the Class**

| Number | Name | Name 2 | City | State |
|--------|------|--------|------|-------|
| 1 | Paul James Taylor | | Port Saint Lucie | FL |
| 2 | Danielle A. Someson Trustee | Danielle A. Someson Trust | San Marcos | CA |
| 3 | Frederick Douglas Jacobs | | Harleysville | PA |
| 4 | Highfields Funds | c/o Lowenstein Sandler LLP New York, NY 10020 | Boston | MA |
| 5 | Steven Mandel | | Los Angeles | CA |