**Exhibit A-2**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>     vs.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>       Defendants. | Case No.:  3:14-cv-2129-MMA-AGS<br><br>**<u>CLASS ACTION</u>** |

### NOTICE OF (I) PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED THE PUBLICLY TRADED COMMON STOCK OF SEAWORLD ENTERTAINMENT, INC. ("SEAWORLD") BETWEEN AUGUST 29, 2013 AND AUGUST 12, 2014, WHO DID NOT SELL SUCH ACQUIRED SECURITIES BEFORE AUGUST 13, 2014, AND WERE DAMAGED.**

***<u>A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.</u>***

**NOTICE OF SETTLEMENT:**  This Notice has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of California ("Court"). Please be advised that the Court-appointed representatives for the Court-certified Class, Arkansas Public Employees Retirement System and Pensionskassen For Børne-Og Ungdomspædagoger (together, "Class Representatives"), on behalf of themselves and the Class, have reached a proposed settlement of the above-captioned action ("Action") with SeaWorld, The Blackstone Group L.P., now known as The Blackstone Group Inc. ("Blackstone"), James Atchison, James M. Heaney, and Marc Swanson (SeaWorld, Blackstone, Mr. Atchison, Mr. Heaney, and Mr. Swanson are collectively referred to herein as "Defendants") for $65,000,000 in cash that, if approved, will resolve all claims in the Action ("Settlement"). The terms and provisions of the Settlement are

contained in the Stipulation and Agreement of Settlement dated February 10, 2020 ("Stipulation").[1]

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to the Claims Administrator or Class Counsel (*see* ¶ 71 below).**

**Additional information about the Settlement is available on the website, www.SeaWorldSecuritiesLitigation.com.**

1. **Description of the Action and the Class**:  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by SeaWorld investors alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements and omissions. A more detailed description of the Action is set forth in ¶¶ 11-29 below. The Settlement, if approved by the Court, will settle the claims of the Class, as defined in ¶ 30 below.

2. **Statement of the Class's Recovery**:  Subject to Court approval, Class Representatives, on behalf of themselves and the Class, have agreed to settle the Action in exchange for a settlement payment of $65,000,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund")) less:  (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

---

[1]    The Stipulation can be viewed at www.SeaWorldSecuritiesLitigation.com. Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

3.   **Estimate of Average Amount of Recovery Per Share:**   Based on Class Representatives' damages expert's estimate of the number of shares of SeaWorld publicly traded common stock purchased or otherwise acquired during the Class Period that may have been affected by the conduct at issue in the Action (excluding shares purchased or otherwise acquired by persons and entities who excluded themselves from the Class in connection with Class Notice and are listed on Appendix 1 to the Stipulation), and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible share of SeaWorld common stock is approximately $1.05. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of SeaWorld common stock; (ii) whether they sold their shares of SeaWorld common stock and, if so, when; (iii) the total number and value of valid Claims submitted to participate in the Settlement; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share:**   The Parties do not agree on the average amount of damages per share of SeaWorld publicly traded common stock that would be recoverable if Class Representatives were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.   **Attorneys' Fees and Expenses Sought:**   Class Counsel have not received any payment of attorneys' fees for their representation of the Class in the Action, which has been pending since 2014, and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund, as is customary in this type of litigation. Class Counsel, Kessler Topaz Meltzer & Check, LLP and Nix Patterson, LLP, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund. In addition, Class Counsel will apply for reimbursement of Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $2.8 million,

plus interest, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $150,000. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of SeaWorld common stock, if the Court approves Class Counsel's fee and expense application, is approximately $0.28 per share. **Please note that this amount is only an estimate**.

6.    **Identification of Attorneys' Representatives:**  Class Representatives and the Class are represented by Joshua E. D'Ancona, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, www.ktmc.com; and Jeffrey J. Angelovich, Esq. of Nix Patterson, LLP, 3600 N. Capital of Texas Hwy., Suite B350, Austin, TX 78746, 1-512-328-5333, www.nixlaw.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator at: *Baker v. SeaWorld Entertainment, Inc. et al.*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 3170, Portland, OR 97208-3170; 1-877-893-2672; info@SeaWorldSecuritiesLitigation.com; or by visiting the website for the Action, www.SeaWorldSecuritiesLitigation.com.

7.    **Reasons for the Settlement:** Class Representatives' principal reason for entering into the Settlement is the immediate cash benefit for the Class without the risk or the delays and costs inherent in further litigation. Here, had the Settlement not been reached, the Parties would have proceeded to a jury trial. Indeed, the Settlement was reached just prior to trial, which was scheduled to commence on February 18, 2020. The benefit of the Settlement must be considered against the risk that a smaller recovery – or no recovery at all – might be achieved after trial, or after the likely and lengthy appeals that would have followed a trial, including individual reliance challenges that necessarily would have followed any trial victory by the Class. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Class Member, you will be bound by the Settlement as |

| | |
|---|---|
| **ONLINE, NO LATER THAN _____, 2020.** | approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 39 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 40 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may object by writing to the Court and explaining why you do not like them. In order to object, you must be a member of the Class. |
| **GO TO A HEARING ON _____, 2020 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you have filed a written objection and wish to appear at the hearing, you must also file a notice of intention to appear by _____, 2020, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Fairness Hearing – currently scheduled for _____, 2020 at __:__ _.m. – is subject to change without further notice to the Class. If you plan to attend the hearing, you should check the website <u>www.SeaWorldSecuritiesLitigation.com</u> or with Class Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

| | |
|---|---|
| What Is The Purpose Of This Notice? | Page __ |
| What Is This Case About? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | |
|     Who Is Included In The Class? | Page __ |
| What Are Class Representatives' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Are Class Members Affected By The Action | |
|     And The Settlement? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Class Seeking? | |
|     How Will The Lawyers Be Paid? | Page __ |
| When And Where Will The Court Decide Whether To Approve The | |
|     Settlement? Do I Have To Come To The Hearing?  May I Speak | |
|     At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Shares Of SeaWorld Common Stock On | |
|     Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have | |
|     Questions? | Page __ |
| Proposed Plan of Allocation of Net Settlement Fund Among | |
|     Authorized Claimants | Appendix A |

| WHAT IS THE PURPOSE OF THIS NOTICE? |
|---|

8.     The Court has directed the issuance of this Notice to inform potential Class Members about the proposed Settlement and their options in connection therewith before the Court rules on the proposed Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Class Representatives and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform potential Class Members of the terms of the proposed Settlement, and of the hearing to be held by the Court to

consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Class Counsel for an award of attorneys' fees and Litigation Expenses ("Settlement Fairness Hearing"). *See* ¶ 59 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11.    This is a securities class action against Defendants for alleged violations of the federal securities laws during the Class Period. Class Representatives alleged that certain Defendants issued a series of false and misleading statements and omissions during the Class Period denying the 2013 documentary film *Blackfish* had any impact on attendance at certain of SeaWorld's parks or the Company's business.  Defendants deny the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any members of the Class.

12.    The Action was commenced more than five years ago, on September 9, 2014, with the filing of a putative securities class action in the Court against SeaWorld, Blackstone, and certain of SeaWorld's officers and directors.

13.    Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended ("PSLRA"), notice to the public was issued setting forth the deadline by which putative Class Members could move the Court to be appointed to act as lead plaintiffs. By Order dated December 11, 2014, the Court appointed Arkansas Public Employees Retirement System and Pensionskassen For Børne-Og Ungdomspædagoger as Lead Plaintiffs, and approved Lead Plaintiffs' selection of Kessler Topaz Meltzer & Check, LLP and Nix Patterson & Roach, LLP (n/k/a Nix Patterson, LLP) as Co-Lead Counsel and Kirby Noonan Lance & Hoge LLP (n/k/a Noonan Lance Boyer & Banach LLP) as Liaison Counsel.

14.    On February 27, 2015, Lead Plaintiffs filed their Consolidated Amended Class Action Complaint ("First Amended Complaint"), asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15

U.S.C. §§ 78j(b) and 78t(a) ("Exchange Act"), and Rule 10b-5, promulgated thereunder, 17 C.F.R. § 240.10b-5, as well as Sections 11, 12(a)(2), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77l(a)(2), and 77(o) ("Securities Act").

15.     Defendants moved to dismiss the First Amended Complaint on May 29, 2015. This motion was fully briefed by the Parties. By Order dated March 31, 2016, the Court granted defendants' motions and dismissed the First Amended Complaint without prejudice. By the same Order, the Court granted Lead Plaintiffs leave to file an amended complaint addressing the deficiencies noted by the Court.

16.     In accordance with the Court's March 2016 Order, Lead Plaintiffs, on May 31, 2016, filed the Second Amended Consolidated Class Action Complaint ("Second Amended Complaint"), which dropped certain defendants and the Securities Act claims, and asserted violations of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder against Defendants SeaWorld, James Atchison, James M. Heaney, and Marc Swanson, and violations of Section 20(a) of the Exchange Act against Messrs. Atchison, Heaney, and Swanson, and Blackstone.

17.     On June 29, 2016, Defendants moved to dismiss the Second Amended Complaint for failure to state a claim under Rules 9(b) and 12(b)(6), as well as the PSLRA. Defendants' motion was fully briefed, and following oral argument, the Court denied the motion to dismiss on September 30, 2016. On October 28, 2016, Defendants filed their Answer to the Second Amended Complaint, denying the surviving allegations and asserting certain defenses.

18.     Thereafter, discovery in the Action commenced. From October 2016 through March 2019, the Parties engaged in extensive fact and expert discovery, including: (i) the production of over 750,000 pages of documents by Defendants and third parties and over 15,000 pages of documents by Class Representatives; (ii) 37 fact and expert depositions; (iii) the exchange of opening and rebuttal reports for a total of 7 merits experts; and (iv) litigation of approximately 8 discovery-related motions. The Parties also served and responded to interrogatories, exchanged numerous letters, and held numerous conferences concerning discovery issues.

19.     On May 19, 2017, Lead Plaintiffs filed their motion for class certification, which Defendants opposed on July 27, 2017. This motion was fully briefed by the Parties. Following oral argument, the Court, by Order dated November 29, 2017, granted Lead Plaintiffs' motion for class certification, certifying the Class, appointing Lead Plaintiffs Arkansas Public Employees Retirement System and Pensionskassen For Børne-Og Ungdomspædagoger as Class

Representatives, and appointing Kessler Topaz Meltzer & Check, LLP and Nix Patterson & Roach, LLP (n/k/a Nix Patterson, LLP) as Class Counsel.

20.     Defendants filed a petition with the Court of Appeals for the Ninth Circuit ("Ninth Circuit") seeking permission to appeal the Court's Order granting class certification on December 13, 2017. Class Representatives opposed the petition. The Ninth Circuit denied Defendants' petition on June 28, 2018.

21.     On October 9, 2018, Class Representatives filed an unopposed motion to approve the form and manner of notice to the Class. The Court granted the motion on December 6, 2018. Thereafter, the Notice of Pendency of Class Action ("Class Notice") was provided to the Class and a summary notice was published. The Class Notice and summary notice each informed potential Class Members that requests for exclusion from the Class were to be submitted no later than April 9, 2019. Out of the thousands of Class Notices distributed, a total of five requests for exclusion from the Class were received, as listed on Appendix 1 to the Stipulation.[2]

22.     On April 3, 2019, the Parties conducted an in-person, arm's-length mediation session before private mediator Jed D. Melnick, Esq. of JAMS, in an effort to explore resolving the Action. Parties were too far apart in their respective positions to reach a resolution at the mediation, and the Action continued to be litigated.

23.     On April 15, 2019, Defendants filed their motion for summary judgment ("Summary Judgment Motion") pursuant to Federal Rule of Civil Procedure 56, asserting that there was no genuine issue as to any material fact and that Defendants were entitled to judgment as a matter of law. On the same day, Defendants moved to exclude the testimony of Class Representatives' three experts pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) ("*Daubert* motions"). Also on April 15, 2019, Class Representatives moved to exclude the testimony of two of Defendants' experts.

---

[2]     Pursuant to its Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____ __, 2020, because the opportunity to exclude themselves was provided in connection with the Class Notice, the Court is exercising its discretion not to permit Class Members a second opportunity to exclude themselves from the Class in connection with the Settlement.

24.     On May 9, 2019, the Court held a mandatory settlement conference before Magistrate Judge Schopler. At the settlement conference, the Parties were presented with a mediator's proposal, which was not accepted.

25.     On May 24, 2019, Class Representatives opposed Defendants' Summary Judgment Motion and the Parties opposed each other's *Daubert* motions. Following full briefing by the Parties and oral argument, the Court, by Order dated November 18, 2019, denied Defendants' Summary Judgment Motion. By the same Order, the Court granted in part and denied in part the Parties' *Daubert* motions.

26.     Thereafter, the Parties engaged in substantial trial preparations, including submission of proposed exhibit and witness lists; filed *in limine* motions; and exchanged their contentions of law and fact and other key pretrial disclosures. A final pre-trial conference and argument on the Parties' *in limine* motions was held on January 21, 2020, and a status hearing was scheduled for February 11, 2020. A trial of the Action was scheduled to begin on February 18, 2020.

27.     While trial preparations were ongoing, the Parties agreed to reengage with respect to the possibility of resolving the Action, with the assistance of Jed D. Melnick, Esq. of JAMS. Following hard-fought, arm's-length negotiations, the Parties accepted the mediator's recommendation to resolve the Action for $65 million.

28.     On February 10, 2020, the Parties entered into the Stipulation, which sets forth the specific terms and conditions of the Settlement. The Stipulation can be viewed at www.SeaWorldSecuritiesLitigation.com.

29.     On _____ __, 2020, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS? |
|---|

30.     If you are a member of the Class who has not previously sought exclusion from the Class in connection with the Class Notice, you are subject to the Settlement. The Class certified by the Court on November 29, 2017 consists of:

**All persons and entities who purchased or otherwise acquired the publicly traded common stock of SeaWorld between August 29, 2013 and August 12, 2014, who did not sell such acquired securities before August 13, 2014, and were damaged.**

Excluded from the Class are: (i) Defendants; (ii) present or former executive officers of SeaWorld, members of SeaWorld's Board of Directors, and members of their immediate families; (iii) any of the foregoing persons' legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest or any affiliate of SeaWorld. Also excluded from the Class are any persons and entities that submitted a request for exclusion in connection with Class Notice as set forth on Appendix 1 to the Stipulation.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT A CLAIM FORM AND THE REQUIRED SUPPORTING DOCUMENTATION POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2020. YOU CAN OBTAIN A CLAIM FORM AT WWW.SEAWORLDSECURITIESLITIGATION.COM OR BY CALLING 1-877-893-2672.**

| WHAT ARE CLASS REPRESENTATIVES' REASONS FOR THE SETTLEMENT? |
| --- |

31.     The Settlement is the result of more than five years of hard-fought litigation and extensive, arm's-length negotiations by the Parties and was reached just before a trial of the Action was set to commence. Class Representatives believe that the claims asserted against Defendants have merit; however, they recognized the substantial risks they faced in successfully obtaining a favorable verdict for the Class at trial and through the likely appeals that would follow.

32.     In particular, Class Representatives recognized that Defendants had significant defenses to their claims. Throughout the Action, Defendants asserted that the statements at issue in the Action were not false at the time they were made and that Class Representatives would be unable to establish that Defendants did not legitimately believe the truth of such statements. Defendants also argued that certain of these statements constituted non-actionable opinions or general statements of corporate optimism. Relatedly, Defendants contended that they did not act with the required intent, or "scienter." Class Representatives also faced challenges with

respect to establishing that the stock price decline was attributable to the alleged false statements sustained by the Court, and thus the actual damages a jury might award. Specifically, and among other arguments, Defendants argued that the price decline in SeaWorld common stock on the alleged corrective disclosure date was caused by factors unrelated to the alleged fraud, as well as that the "truth" regarding Defendants' alleged fraud was revealed prior to the end of the Class Period. Had the jury accepted any of Defendants' arguments or viewed the facts in favor of Defendants in whole or in part, or if the Ninth Circuit in subsequent proceedings accepted these arguments or theories, Class Representatives' ability to obtain a recovery for the Class could have been reduced or eliminated. Further, even if completely or partly successful at trial, Class Representatives would still have to prevail on the appeals that would likely follow. Thus, there were significant risks attendant to the continued prosecution of the Action, including the risk of zero recovery.

33.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Class Representatives and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Class Representatives and Class Counsel believe that the Settlement provides a favorable result for the Class, namely $65,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after trial, and appeals, possibly years in the future.

34.     Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

35.     If there were no Settlement and Class Representatives failed to establish any essential legal or factual element of their claims against Defendants at trial, neither Class Representatives nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

---

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

---

36.     As a Class Member, you are represented by Class Representatives and Class Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

37.     If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Class Counsel's application for attorneys' fees and Litigation Expenses, and if you did not previously exclude yourself from the Class in connection with Class Notice (as listed on Appendix 1 to the Stipulation), you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

38.     If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, beneficiaries, legatees, insurers, reinsurers, predecessors, successors, and assigns (and assignees of each of the foregoing), in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 39 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 40 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

39.     "Released Plaintiffs' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known

claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Class Representatives or any other member of the Class: (i) asserted in the Action (including both Securities Act and Exchange Act claims) or (ii) could have asserted in any court or forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Action, and that relate in any way, directly or indirectly, to the purchase, sale, acquisition disposition, or holding of the publicly traded common stock of SeaWorld during the Class Period. "Released Plaintiffs' Claims" do not include (i) any claims relating to the enforcement of the Settlement; (ii) the claims asserted in the action captioned *Kistenmacher v. Atchison, et al.*, No. 10437-VCN (Del. Ch.); (iii) the claims asserted in the action captioned *Highfields Capital I, LP, et al. v. SeaWorld Entertainment, Inc., et al.*, Case No. 3:18-cv-01276-MMA-AGS (S.D. Cal.); and (iv) any claims of any person or entity that submitted a request for exclusion as set forth on Appendix 1 to the Stipulation.

40.     "Defendants' Releasees" means (i) Defendants and their attorneys, the Blackstone Funds,[3] and the Former Defendants; (ii) the current and former parents, affiliates, subsidiaries, portfolio entities, successors, predecessors, partners, members, shareholders, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, employees, directors, partners, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

41.     "Unknown Claims" means any Released Plaintiffs' Claims which Class Representatives or any other Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or to the

---

[3]     The Blackstone Funds are SW Delaware L.P., SW Delaware A L.P., SW Delaware B L.P., SW Delaware C L.P., SW Delaware D L.P., SW Delaware E L.P., SW Delaware F L.P., SW Delaware Co-Invest L.P., SW Delaware (GS) L.P., SW Delaware (GSO) L.P., and SW Cayman Limited.

release of the Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representatives and Defendants shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Class Representatives and Defendants shall expressly settle and release, and each of the other Class Members shall be deemed to have, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Class Representatives and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

42.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, beneficiaries, legatees, insurers, reinsurers, predecessors, successors, and assigns (and assignees of each of the foregoing), in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 44 below) against Class Representatives and the other Plaintiffs' Releasees (as defined in ¶ 45 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

43.    This Release shall not apply to any person or entity who previously submitted a request for exclusion from the Class in connection with the Class Notice as set forth on Appendix 1 to the Stipulation.

44.     "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. "Released Defendants' Claims" do not include any claims relating to the enforcement of the Settlement.

45.     "Plaintiffs' Releasees" means (i) Class Representatives, their attorneys and all other Class Members; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, successors, assigns, and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

46.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at www.SeaWorldSecuritiesLitigation.com, no later than _____, 2020*. You can obtain a copy of the Claim Form on the website for the Settlement, www.SeaWorldSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-893-2672, or by emailing the Claims Administrator at info@SeaWorldSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in SeaWorld common stock, as they may be needed to document your Claim.** If you previously requested exclusion from the Class in connection with Class Notice or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

47.    At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

48.    Pursuant to the Settlement, Defendants shall pay or cause to be paid $65,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount, plus any interest earned thereon, is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

49.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

50.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants and the other Defendants' Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

51.    Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before _____, 2020 shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 39 above) against the Defendants' Releasees (as defined in ¶ 40 above) and will be enjoined and prohibited from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

52.    Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of SeaWorld common stock purchased/acquired through an Employee Plan

in any Claim Form they submit in this Action. They should include ONLY those eligible shares of SeaWorld common stock purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible SeaWorld common stock during the Class Period may be made by the Employee Plan(s)' trustees.

53. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

54. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

55. Only Class Members or persons authorized to submit a Claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class in connection with the Class Notice will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

56. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Class Representatives. At the Settlement Fairness Hearing, Class Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?

57. Class Counsel, on behalf of all Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Counsel's motion for attorneys' fees will not exceed 22% of the Settlement Fund and their motion for Litigation Expenses will not exceed $2.8 million in expenses incurred in connection with the prosecution and resolution of this Action, plus interest. Class Counsel's motion for attorneys' fees and Litigation Expenses, which may include a request for reimbursement of the reasonable costs and expenses incurred by Class Representatives directly related to their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4), in an aggregate amount not to exceed $150,000, will be filed by _____, 2020, and the Court will consider Class

Counsel's motion at the Settlement Fairness Hearing. A copy of Class Counsel's motion for fees and Litigation Expenses will be available for review at www.SeaWorldSecuritiesLitigation.com once it is filed. Any award of attorneys' fees and reimbursement of Litigation Expenses, including any reimbursement of costs and expenses to Class Representatives, will be paid from the Settlement Fund prior to allocation and payment to Authorized Claimants. ***Class Members are not personally liable for any such attorneys' fees or expenses***.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

58.     **Class Members do not need to attend the Settlement Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.** Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Class. If you plan on attending the hearing, please check the website, www.SeaWorldSecuritiesLitigation.com, or contact Class Counsel to confirm that the date and/or time of the hearing has not changed.

59.     The Settlement Fairness Hearing will be held on _____, **2020 at __:__ _.m.**, before the Honorable Michael M. Anello at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, Courtroom 3D. The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Class.

60.     Any Class Member may object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of California at the address set forth below, as well as serve copies on Class Counsel and Defendants' Counsel at the addresses set forth below ***on or before _____, 2020***.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court<br>Southern District of California<br>Edward J. Schwartz<br>United States Courthouse<br>221 West Broadway<br>San Diego, CA 92101 | Joshua E. D'Ancona, Esq.<br>Kessler Topaz Meltzer<br>& Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br><br>Jeffrey J. Angelovich, Esq.<br>Nix Patterson, LLP<br>3600 N. Capital of Texas Hwy.<br>Suite B350<br>Austin, TX 78746 | **Counsel for Defendants SeaWorld Entertainment, Inc., James M. Heaney, Marc Swanson, and The Blackstone Group Inc.**<br><br>Jonathan K. Youngwood, Esq.<br>Simpson Thacher<br>& Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017<br><br>**Counsel for Defendant James Atchison**<br><br>Michael J. Diver, Esq.<br>Katten Muchin<br>Rosenman LLP<br>525 W. Monroe Street<br>Chicago, IL 60661-3693 |

61.     Any objection, filings, and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) must include documents sufficient to prove membership in the Class, *including* the number of shares of SeaWorld publicly traded common stock that the objecting Class Member: (A) owned as of the opening of trading on August 29, 2013, and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

62.     **You may not object to the Settlement, Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses if you excluded yourself from the Class in connection with**

the previously disseminated Class Notice and are listed on Appendix 1 to the Stipulation.[4]

63.     You may submit an objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

64.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 60 above so that it is *received* **on or before _____, 2020**. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

65.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 60 above so that the notice is *received* **on or before _____, 2020**.

66.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and reimbursement of Litigation**

---

[4]     As this Class was previously certified and, in connection therewith, Class Members had the opportunity to exclude themselves from the Class, the Court has exercised its discretion not to allow a second opportunity for exclusion in connection with the settlement proceedings.

**Expenses. Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

---

### WHAT IF I BOUGHT SHARES OF SEAWORLD COMMON STOCK ON SOMEONE ELSE'S BEHALF?

---

67.     **Please Note: If you previously provided the names and addresses of persons and entities on whose behalf you purchased or otherwise acquired the publicly traded common stock of SeaWorld between August 29, 2013 and August 12, 2014, in connection with the Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator,** *you need do nothing further at this time*. **The Claims Administrator will mail a Postcard Notice to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.** If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action. If you elected this option, the Claims Administrator will forward the same number of Postcard Notices to you to send to the beneficial owners. If you require more copies of the Postcard Notice than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., toll free at 1-877-893-2672, and let them know how many additional packets you require. You must mail the Postcard Notice to the beneficial owners within seven (7) calendar days of your receipt of the Postcard Notices.

68.     If you have not already provided the names and addresses for persons and entities on whose behalf you purchased or otherwise acquired the publicly traded common stock of SeaWorld between August 29, 2013 and August 12, 2014 in connection with the Class Notice, then the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i) send the Postcard Notice to all beneficial owners of such SeaWorld common stock, or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *Baker v. SeaWorld Entertainment, Inc., et al.*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 3170, Portland, OR 97208-3170, in which event the Claims Administrator shall promptly mail the Postcard Notice to such beneficial owners. **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH THE CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (***E.G.,***

**BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

69.     Upon full and timely compliance with these directions, nominees who mail the Postcard Notice to beneficial owners may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

70.     Copies of this Notice and the Claim Form may be obtained from the Settlement Website, www.SeaWorldSecuritiesLitigation.com, by calling the Claims Administrator toll free at 1-877-893-2672, or by emailing the Claims Administrator at info@SeaWorldSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

71.     This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.SeaWorldSecuritiesLitigation.com. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.casd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse 221 West Broadway, San Diego, CA 92101. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the Settlement Website, www.SeaWorldSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Baker v. SeaWorld Entertainment, Inc., et al.*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 3170
Portland, OR 97208-3170
1-877-893-2672

info@SeaWorldSecuritiesLitigation.com
www.SeaWorldSecuritiesLitigation.com

and/or

Joshua E. D'Ancona, Esq.
**Kessler Topaz Meltzer
& Check, LLP**
280 King of Prussia Road
Radnor, PA  19087
1-610-667-7706
info@ktmc.com
www.ktmc.com

Jeffrey J. Angelovich, Esq.
**Nix Patterson, LLP**
3600 N. Capital of Texas Hwy.
Suite B350
Austin, TX 78746
1-512-328-5333
www.nixlaw.com


**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**


Dated: _____, 2020

By Order of the Court
United States District Court
Southern District of California

# APPENDIX A

## Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Class Representatives after consultation with their damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website www.SeaWorldSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Second Amended Complaint, as opposed to economic losses caused by market or industry factors or company-specific factors unrelated thereto. To that end, Class Representatives' damages expert calculated the estimated amount of alleged artificial inflation in the per share price of SeaWorld common stock over the course of the Class Period that was allegedly proximately caused by Defendants' alleged materially false and misleading misrepresentations and omissions.

Calculations made pursuant to the Plan of Allocation do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired SeaWorld publicly traded common stock during the Class Period (i.e., between August 29, 2013 and August 12, 2014) and ***held such***

*SeaWorld common stock through* the alleged corrective disclosure on August 13, 2014 that removed the alleged artificial inflation related to that information.[5]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.      For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of SeaWorld common stock will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 5 below.

2.      A "Recognized Loss Amount" will be calculated as set forth below for each share of SeaWorld common stock purchased or otherwise acquired between August 29, 2013 and August 12, 2014, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3.      A Claimant's Recognized Loss Amount will be calculated as follows:

   a.      For each share of SeaWorld common stock purchased or otherwise acquired during the Class Period and subsequently sold prior to the opening of trading on August 13, 2014 (the date of the alleged corrective disclosure), the Recognized Loss Amount is $0.

   b.      For each share of SeaWorld common stock purchased or otherwise acquired during the Class Period and sold after the opening of trading on August 13, 2014, and before the close of

---

[5]      Before the opening of trading on August 13, 2014, the Company announced, "attendance in the quarter was impacted by demand pressures related to recent media attention surrounding proposed legislation in the state of California." Class Representatives alleged that in response to the August 13, 2014 disclosure, SeaWorld's common stock price declined $9.25 per share, or nearly 33%, from a closing price of $28.15 per share on August 12, 2014, to a closing price of $18.90 per share on August 13, 2014. *See* Second Amended Complaint ¶ 25.

trading on November 10, 2014,[6] the Recognized Loss Amount shall be ***the least of***:

    i.   $7.52 (the dollar amount of alleged artificial inflation) per share; or

    ii.  the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) ***minus*** the 90-day Look-Back Value as set forth in **Table 1** below; or

    iii. the Out of Pocket Loss, calculated as the actual purchase/acquisition price per share (excluding taxes, commissions, and fees) ***minus*** the actual sale price per share (excluding taxes, commissions, and fees).[7]

c.    For each share of SeaWorld common stock held as of the close of trading on November 10, 2014 (*i.e.*, the last day of the 90-day Look-Back Period), the Recognized Loss Amount shall be ***the lesser of***:

    i.   $7.52 (the dollar amount of alleged artificial inflation) per share; or

---

[6]    November 10, 2014 represents the last day of the 90-day period subsequent to the end of the Class Period, i.e., August 12, 2014 (the "90-day Look-Back Period;" the period of August 13, 2014 through November 10, 2014). The PSLRA imposes a statutory limitation on recoverable damages using the 90-day Look-Back Period. This limitation is incorporated into the calculation of a Class Member's Recognized Loss Amount. Specifically, a Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the SeaWorld common stock and the average price of SeaWorld common stock during the 90-day Look-Back Period if the SeaWorld common stock was held through November 10, 2014, the end of this period. Losses on SeaWorld common stock purchased/acquired during the period between August 29, 2013 and August 12, 2014, and sold during the 90-day Look-Back Period cannot exceed the difference between the purchase price paid for the SeaWorld common stock and the average price of SeaWorld common stock during the portion of the 90-day Look-Back Period elapsed as of the date of sale (the "90-day Look-Back Value"), as set forth in **Table 1** below.

[7]    To the extent that the calculation of an Out of Pocket Loss results in a negative number reflecting a gain on the transaction, that number shall be set to zero.

      ii.  the actual purchase/acquisition price of each share (excluding taxes, commissions, and fees) ***minus*** $19.34 (the average closing price of SeaWorld common stock during the 90-day Look-Back Period (*i.e.*, August 13, 2014 through November 10, 2014), as shown on the last line in **Table 1** below).

## ADDITIONAL PROVISIONS

4.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶10 below) is $10.00 or greater.

5.     If a Class Member has more than one purchase/acquisition or sale of SeaWorld common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings of SeaWorld common stock at the beginning of the Class Period, and then against purchases/acquisitions of SeaWorld common stock, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

6.     Purchases/acquisitions and sales of SeaWorld common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of SeaWorld common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of the SeaWorld common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such SeaWorld common stock unless (i) the donor or decedent purchased or otherwise acquired such SeaWorld common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such SeaWorld common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

7.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the SeaWorld common stock. The date of a "short sale" is deemed to be the date of sale of the SeaWorld common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in SeaWorld common stock, the earliest purchases or acquisitions during the Class Period shall be matched against

such opening short position and not be entitled to a recovery until that short position is fully covered.

8.    SeaWorld publicly traded common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell SeaWorld common stock also are not securities eligible to participate in the Settlement. With respect to SeaWorld common stock purchased or sold through the exercise of an option, the purchase/sale date of the SeaWorld common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of SeaWorld common stock acquired during the Class Period through the exercise of an option on SeaWorld common stock[8] shall be computed as provided for other purchases of SeaWorld common stock in the Plan of Allocation.

9.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

10.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for

---

[8]    This includes (1) purchases of SeaWorld common stock as the result of the exercise of a call option, and (2) purchases of SeaWorld common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

11.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Class Representatives, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

**Table 1**
**SeaWorld Common Stock 90-Day Look-Back Value**
**by Sale/Disposition Date**

| Sale Date | 90-Day Look-Back Value | Sale Date | 90-Day Look-Back Value |
|---|---|---|---|
| 8/13/2014 | $18.90 | 9/29/2014 | $20.05 |
| 8/14/2014 | $18.45 | 9/30/2014 | $20.02 |
| 8/15/2014 | $18.52 | 10/1/2014 | $19.99 |
| 8/18/2014 | $18.62 | 10/2/2014 | $19.96 |
| 8/19/2014 | $18.63 | 10/3/2014 | $19.93 |
| 8/20/2014 | $18.69 | 10/6/2014 | $19.91 |
| 8/21/2014 | $18.73 | 10/7/2014 | $19.87 |
| 8/22/2014 | $18.92 | 10/8/2014 | $19.85 |
| 8/25/2014 | $19.06 | 10/9/2014 | $19.81 |
| 8/26/2014 | $19.20 | 10/10/2014 | $19.78 |
| 8/27/2014 | $19.35 | 10/13/2014 | $19.74 |
| 8/28/2014 | $19.45 | 10/14/2014 | $19.70 |

| Sale Date | 90-Day Look-Back Value | Sale Date | 90-Day Look-Back Value |
|---|---|---|---|
| 8/29/2014 | $19.55 | 10/15/2014 | $19.66 |
| 9/2/2014 | $19.62 | 10/16/2014 | $19.62 |
| 9/3/2014 | $19.66 | 10/17/2014 | $19.58 |
| 9/4/2014 | $19.70 | 10/20/2014 | $19.54 |
| 9/5/2014 | $19.74 | 10/21/2014 | $19.51 |
| 9/8/2014 | $19.79 | 10/22/2014 | $19.48 |
| 9/9/2014 | $19.82 | 10/23/2014 | $19.46 |
| 9/10/2014 | $19.87 | 10/24/2014 | $19.45 |
| 9/11/2014 | $19.92 | 10/27/2014 | $19.43 |
| 9/12/2014 | $19.95 | 10/28/2014 | $19.42 |
| 9/15/2014 | $19.98 | 10/29/2014 | $19.42 |
| 9/16/2014 | $20.00 | 10/30/2014 | $19.41 |
| 9/17/2014 | $20.02 | 10/31/2014 | $19.40 |
| 9/18/2014 | $20.04 | 11/3/2014 | $19.40 |
| 9/19/2014 | $20.06 | 11/4/2014 | $19.39 |
| 9/22/2014 | $20.07 | 11/5/2014 | $19.37 |
| 9/23/2014 | $20.07 | 11/6/2014 | $19.37 |
| 9/24/2014 | $20.08 | 11/7/2014 | $19.35 |
| 9/25/2014 | $20.07 | 11/10/2014 | $19.34 |
| 9/26/2014 | $20.06 | | |