**EXHIBIT B**

1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>    Defendants. | Case No.:  3:14-cv-2129-MMA-AGS<br><br>**CLASS ACTION**<br><br>**JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, an action is pending in this Court entitled *Baker v. SeaWorld Entertainment, Inc., et al.*, Case No.: 3:14-cv-2129-MMA-AGS (the "Action");

WHEREAS, by Order dated November 29, 2017, this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired the publicly traded common stock of SeaWorld Entertainment, Inc. ("SeaWorld") between August 29, 2013 and August 12, 2014, who did not sell such acquired securities before August 13, 2014, and were damaged (the "Class");[1]

WHEREAS, pursuant to the Court's Order dated December 6, 2018, the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things: (i) the Action pending against the defendants SeaWorld, The Blackstone Group L.P. (now known as The Blackstone Group Inc.), James Atchison, James M. Heaney, and Marc Swanson (collectively, "Defendants"); (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, Court-appointed Class Representatives Arkansas Public Employees Retirement System and Pensionskassen For Børne-Og Ungdomspædagoger (together, "Class Representatives"), on behalf of themselves and the other members of the Court-certified Class, and Defendants (together with Class

---

[1] Excluded from the Class are: (i) Defendants; (ii) present or former executive officers of SeaWorld, members of SeaWorld's Board of Directors, and members of their immediate families; (iii) any of the foregoing persons' legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest or any affiliate of SeaWorld. Also excluded from the Class are any persons and entities that submitted a request for exclusion in connection with Class Notice as set forth on Exhibit 1 hereto.

Representatives, the "Parties") have determined to settle and dismiss with prejudice all claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated February 10, 2020 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2020 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2020 (the "Settlement Fairness Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 11, 2020; and (b) the Postcard Notice, the Notice, and the Summary Notice, all of which were filed with the Court on _____, 2020.

3. **Notice** – The Court finds that the dissemination of the Postcard Notice, the posting of the Notice on the Settlement Website, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iii) Class Members' right to object to any aspect of the Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees and Litigation Expenses; and (iv) Class Members' right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules.

4. **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

5. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that (a) Class Representatives and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6. The Action and all of the claims asserted against Defendants in the Action by Class Representatives and the other Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

7. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representatives, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or

seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

8. **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Class Representatives and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, beneficiaries, legatees, insurers, reinsurers, predecessors, successors, and assigns (and assignees of each of the foregoing), in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees; and

(b) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, beneficiaries, legatees, insurers, reinsurers, predecessors, successors, and assigns (and assignees of each of the foregoing), in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever

compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representatives and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to any person or entity who submitted a request for exclusion from the Class in connection with the Class Notice as listed on Exhibit 1 hereto.

9. Notwithstanding paragraphs 8(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. **Bar Order** – Upon the Effective Date, to the fullest extent permitted by law, (i) all persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of Defendants' Releasees seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Plaintiffs' Releasees arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Defendants' Releasees shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they

pay or are obligated to pay or agree to pay to the Plaintiffs' Releasees arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could have been alleged in the Action, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; *provided that* clauses (i) and (ii) of this Paragraph shall not be construed to modify, amend, or supersede any agreements between or among the Defendants' Releasees with respect to claims between or among those Defendants' Releasees, including, without limitation, any claims for contractual or other indemnification rights, nor limit the Defendants' ability to pursue insurance recoveries against their insurers for claims relating to this Action, including the Settlement Amount and legal fees and costs incurred in connection with the Action. The foregoing barred claims shall not include claims that arise out of or relate to a cause of action that has been or may be asserted by any person or entity who previously submitted a request for exclusion from the Class in connection with the Class Notice as set forth on Exhibit 1 hereto.

11. Any final verdict or judgment that may be obtained by or on behalf of the Class against any person or entity subject to the bar order set forth in paragraph 10 above shall, pursuant to 15 U.S.C. §78u-4(f)(7)(B), be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of Defendants and Former Defendants to the Class or a Class Member for common damages.

12. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11

of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs'

Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement, and may file the Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Stipulation** – Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Class Representatives and Defendants may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representatives, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 3, 2020, as provided in the Stipulation.

18. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2020.

_____
The Honorable Michael M. Anello
United States District Judge

# Exhibit 1

## List of Persons and Entities Excluded From the Class

1. Paul James Taylor
   Port Saint Lucie, FL

2. Danielle A. Someson Trustee
   Danielle A. Someson Trust
   San Marcos, CA

3. Frederick Douglas Jacobs
   Harleysville, PA

4. Highfields Funds
   c/o Lowenstein Sandler LLP
   New York, NY

5. Steven Mandel
   Los Angeles, CA