# EXHIBIT 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/2019

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

IN RE BANCO BRADESCO S.A.
SECURITIES LITIGATION

Civil Case No. 1:16-cv-04155 (GHW)

ORDER

## ORDER PRELIMINARILY APPROVING SETTLEMENT
## AND PROVIDING FOR NOTICE

WHEREAS, a putative securities class action is pending in this Court entitled *In re Banco Bradesco S.A. Securities Litigation*, Civil Case No. 1:16-cv-04155 (GHW) (the "Action");

WHEREAS, Lead Plaintiff Public Employees' Retirement System of Mississippi, on behalf of itself and the Settlement Class, and defendants Banco Bradesco S.A. ("Bradesco"), Luiz Carlos Trabuco Cappi, and Luiz Carlos Angelotti (collectively, "Defendants" and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated July 1, 2019 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and providing for notice to Settlement Class Members as more fully described herein;

WHEREAS, Defendants do not oppose Lead Plaintiff's motion;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; (b) the Parties' Stipulation and the exhibits attached thereto; and (c) the record in the Action, and has found good cause for entering the following Order.

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Incorporation of Definitions** – This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2.     **Provisional Certification of the Settlement Class** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of effectuating the Settlement, this Court provisionally certifies a class defined as all persons and entities who purchased or otherwise acquired the preferred American Depositary Shares ("PADS") issued by Bradesco during the period from August 8, 2014 through July 27, 2016, inclusive, and were injured thereby (the "Settlement Class"). Excluded from the Settlement Class are: (i) Defendants; (ii) the individual Defendants' Immediate Family members; (iii) any person who was an officer or director of Bradesco during the Settlement Class Period; (iv) any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest; (v) Bradesco's employee retirement and benefits plan(s) and their participants or beneficiaries, to the extent they made purchases or otherwise acquired PADS through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves from the Settlement Class by submitting a request for exclusion that is accepted by the Court. The provisional certification of the Settlement Class shall be vacated if the Settlement is terminated or not approved by the Court, or if for any other reason the Effective Date does not occur, including as a result of any appeals.

3.     Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure are likely to be found to be satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there

are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by Lead Plaintiff and Lead Counsel; (e) the issues common to Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These preliminary findings shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur, including as a result of any appeals.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Lead Plaintiff is appointed as representative for the Settlement Class and Lead Counsel is appointed as counsel for the Settlement Class. Solely for the purposes of effectuating the proposed Settlement, Lead Counsel is authorized to act on behalf of Lead Plaintiff and the other Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation, including all acts that are reasonably necessary to consummate the Settlement. These designations shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur, including as a result of any appeals.

5.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds that the Parties have shown the Court that it will likely be able to approve the proposed Settlement as being fair, reasonable and adequate to the Settlement Class under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

6.    **Settlement Fairness Hearing** – The Court will hold a hearing (the "Settlement Fairness Hearing") on November 13, 2019 at 4:15 p.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007, for the following purposes: (a) to determine whether the

proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether the Settlement Class should be certified for settlement purposes; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Settlement Class Members as set forth in ¶ 8 of this Order.

7. The Court may adjourn the Settlement Fairness Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

8. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Lead Counsel as follows:

a. within ten (10) business days after entry of this Order, Defendants shall provide to Lead Counsel or the Claims Administrator, at no cost to the Settlement Fund, Lead Plaintiff or the Settlement Class, Plaintiffs' Counsel or the Claims Administrator, shareholder lists of purchasers of record (consisting of names and addresses, as well as e-mail addresses if available) during the Settlement Class Period, in electronic format, such as Excel;

4

b.     not later than thirty (30) calendar days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 2, to be mailed by first-class mail, or e-mailed, to potential Settlement Class Members at the mailing addresses and/or the e-mail addresses set forth in the records provided by Defendants, or who otherwise may be identified through further reasonable effort, and shall cause a copy of the Notice and Claim Form (the "Notice Packet") to be mailed to the brokers and nominees contained in the Claims Administrator's broker database (*see* ¶ 10 below);

c.     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 3, respectively, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

d.     not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

e.     not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

9.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, 3 and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form on the Settlement Website, and the publication of the Summary Notice in the manner and forms set forth in ¶ 8 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of

the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Fairness Hearing shall be included in the Postcard Notice, Notice and Summary Notice before they are mailed (and/or e-mailed), posted and published, respectively.

10. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Bradesco PADS during the Settlement Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or e-mail the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance

6

with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked, or submitted online, no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

12.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.     Any Settlement Class Member who does not timely and validly submit a Claim Form
or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her,
or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any
distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and
all proceedings, determinations, orders, and judgments in the Action relating thereto, including,
without limitation, the Judgment and the Releases provided for therein; and (d) will be barred and
enjoined from bringing any action, claim or other proceeding of any kind against the Defendant
Releasees with respect to the Released Plaintiffs' Claims in the event the Effective Date occurs with
respect to the Settlement, as more fully described in the Stipulation and Notice.  Notwithstanding the
foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 11 above.

14.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who
wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing
within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request
for exclusion from the Settlement Class must be mailed or delivered such that it is received no later
than twenty one (21) calendar days prior to Settlement Fairness Hearing, to: *Banco Bradesco S.A.
Securities Litigation Settlement*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O.
Box 4259, Portland, OR  97208-4259, and (b) each request for exclusion must (i) state the name,
address, and telephone number of the person or entity requesting exclusion, and in the case of entities,
the name and telephone number of the appropriate contact person; (ii) state that such person or entity
"requests exclusion from the Settlement Class in *In re Banco Bradesco S.A. Securities Litigation*, Civil Case
No. 1:16-cv-04155 (GHW)"; (iii) state the number of Bradesco PADS that the person or entity
requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between
August 8, 2014 and July 27, 2016, inclusive), as well as the dates, number of Bradesco PADS, and
prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity

requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

15. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein; and (d) will be barred and enjoined from bringing any action, claim or other proceeding of any kind against the Defendant Releasees with respect to the Released Plaintiffs' Claims in the event the Effective Date occurs with respect to the Settlement, as more fully described in the Stipulation and Notice.

17. **Appearance and Objections at Settlement Fairness Hearing** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering to both Lead Counsel and Defendants' Counsel, at the addresses set forth in ¶ 18 below, a notice of appearance such that it is received no later than twenty one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may

otherwise direct.  Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

18.     Any Settlement Class Member who does not request exclusion from the Settlement Class may submit a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, the Plan of Allocation, and/or the motion for attorneys' fees and payment of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on representatives of both Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty one (21) calendar days prior to the Settlement Fairness Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Andrew L. Zivitz, Esq. | Richard C. Pepperman II, Esq. |
| Johnston de F. Whitman, Jr., Esq. | Marc De Leeuw, Esq. |
| Kessler Topaz Meltzer | Sullivan & Cromwell LLP |
| & Check LLP | 125 Broad Street |
| 280 King of Prussia Road | New York, NY  10004-2498 |
| Radnor, PA 19087 | |

19.     Any objections by a Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (c) indicate whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) state with specificity the grounds

for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (e) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of Bradesco PADS that the objector purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between August 8, 2014 and July 27, 2016, inclusive), as well as the dates, number of Bradesco PADS, and prices of each such purchase/acquisition and/or sale. Documentation establishing membership in the Settlement Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors shall be allowed to present argument and evidence solely at the discretion of the Court.

20.     Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21.     **Stay and Temporary Injunction** – The Court hereby stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the

11

Stipulation. Further, pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendant Releasees.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

23. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes and Tax Expenses owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, including as a result of any appeals, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of the date immediately prior to the execution of the Term Sheet, as provided in the Stipulation.

26. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendant Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees or in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however,* that if the Stipulation is approved by the Court,

the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

27. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

28. **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § I 715(b)-(c), Defendants shall timely serve the CAFA notice upon the appropriate federal and state officials. Defendants shall be responsible for all costs and expenses related to CAFA notice.

29. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED.

Dated: July 24, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge

EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANCO BRADESCO S.A. SECURITIES LITIGATION | Civil Case No. 1:16-cv-04155 (GHW)<br><br>ECF CASE |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the Southern District of New York ("Court") if, during the period from August 8, 2014 through July 27, 2016, inclusive ("Settlement Class Period"), you purchased or otherwise acquired the preferred American Depositary Shares ("PADS") issued by Banco Bradesco S.A. ("Bradesco" or the "Company"), and were injured thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 21 below), has reached a proposed settlement of the Action with defendants Bradesco, Luiz Carlos Trabuco Cappi ("Trabuco"), and Luiz Carlos Angelotti ("Angelotti" and collectively with Bradesco and Trabuco, the "Defendants") for $14,500,000 in cash that, if approved, will resolve all claims in the Action ("Settlement").

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Defendants or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 65 below).**

**Additional information about the Settlement is available on the website, www.bancobradescosecuritieslitigation.com.**

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated July 1, 2019 ("Stipulation"), which is available at www.bancobradescosecuritieslitigation.com.

Case 1:16-cv-04155-GHW Document 197 Filed 07/24/19 Page 18 of 56 Page 17 of 57

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending putative securities class action brought by a Bradesco investor alleging, among other things, that Defendants violated the federal securities laws by making false and misleading statements and omissions. A more detailed description of the Action is set forth in ¶¶ 11-20 below. The Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 21 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle the Action in exchange for a settlement payment of $14,500,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any interest earned thereon while in escrow ("Settlement Fund") less (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses, including any reimbursement of costs and expenses to Plaintiffs, awarded by the Court; and (iv) any attorneys' fees awarded by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages consultant's estimate of the number of Bradesco PADS purchased or otherwise acquired during the Settlement Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) per eligible PADS is approximately $0.05. **Settlement Class Members should note, however, that the foregoing average recovery per eligible PADS is only an estimate.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired Bradesco PADS; (ii) whether they sold their Bradesco PADS and, if so, when; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per Bradesco PADS that would be recoverable if Lead Plaintiff was to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel have not received any payment of attorneys' fees for their representation of the Settlement Class in the Action and have advanced the funds to pay expenses incurred to prosecute this Action with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Lead Counsel, Kessler Topaz Meltzer & Check, LLP, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. In

addition, Lead Counsel will apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $1.1 million, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $75,000.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  The estimated average cost per eligible Bradesco PADS, if the Court approves Lead Counsel's fee and expense application, is approximately $0.018 per PADS. **Please note that this amount is only an estimate**.

6.     **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by Andrew L. Zivitz, Esq. and Johnston de F. Whitman, Jr., Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA  19087, 1-610-667-7706, info@ktmc.com.  Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Lead Counsel or the Court-authorized Claims Administrator at:  *Banco Bradesco S.A. Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O.    Box    4259,    Portland,    OR    97208-4259;    1-877-848-4284; info@bancobradescosecuritieslitigation.com; www.bancobradescosecuritieslitigation.com.

7.     **Reasons for the Settlement:**  Lead Plaintiff's principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation.  Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after full discovery, contested motions, a trial of the Action, and the likely appeals that would follow a trial.  This process could be expected to last several years.  Defendants, who deny all allegations of wrongdoing or liability whatsoever, have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions of the Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN _____, 2019.** | This is the only way to be eligible to receive a payment from the Settlement Fund.  If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 30 below) that you have against Defendants and the other Defendant Releasees (defined in ¶ 31 below), so it is in your interest to submit a Claim Form. |

| EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019. | Get no payment. If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you to ever be part of any other lawsuit against the Defendants concerning the claims that were, or could have been, asserted in this Action. It is also the *only* way for Settlement Class Members to remove themselves from the Settlement Class. **If you are considering excluding yourself from the Settlement Class, please note that there is a risk that any new claims asserted against the Defendants may no longer be timely and would be time-barred.** |
|---|---|
| OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019. | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. In order to object, you must remain a member of the Settlement Class, may not exclude yourself, and you will be bound by the Court's determinations |
| GO TO A HEARING ON _____, 2019 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2019. | If you have filed a written objection and wish to appear at the hearing, you must also file a notice of intention to appear by _____, 2019, which allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing. |
| DO NOTHING. | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Fairness Hearing – currently scheduled for _____, 2019 at __:__ __.m. – is subject to change without further notice to the Settlement Class. If you plan to attend the hearing, you should check the website <u>www.bancobradescosecuritieslitigation.com</u> or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

| WHAT THIS NOTICE CONTAINS |
|---|

What Is The Purpose Of This Notice?                              Page __
What Is This Case About?                                              Page __

How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Settlement Class?                                          Page __
What Are Lead Plaintiff's Reasons For The Settlement?      Page __
What Might Happen If There Were No Settlement?       Page __
How Are Settlement Class Members Affected By The Action
   And The Settlement?                                              Page __
How Do I Participate In The Settlement?  What Do I Need To Do?  Page __
How Much Will My Payment Be?                     Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
   How Will The Lawyers Be Paid?                        Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
   How Do I Exclude Myself?                            Page __
When And Where Will The Court Decide Whether To Approve The
   Settlement? Do I Have To Come To The Hearing?  May I Speak
   At The Hearing If I Don't Like The Settlement?       Page __
What If I Bought Bradesco PADS On Someone Else's Behalf?   Page __
Can I See The Court File?  Whom Should I Contact If I Have
   Questions?                                      Page __
Proposed Plan of Allocation of Net Settlement Fund Among
   Authorized Claimants                               Appendix A

## WHAT IS THE PURPOSES OF THIS NOTICE?

8.     The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the proposed Settlement and their options in connection therewith before the Court rules on the proposed Settlement.  Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.     The purpose of this Notice is to inform potential Settlement Class Members of the existence of this case, that it is a class action, how you (if you are a Settlement Class Member) might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform potential Settlement Class Members of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's application for an award of attorneys' fees and payment of Litigation Expenses ("Settlement Fairness Hearing"). *See* ¶ 55 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time.

| WHAT IS THIS CASE ABOUT? |
| --- |

11.     This Action arose out of Operation Zealots, the Brazilian Federal Police's multi-year investigation into the bribery of Brazilian tax officials, which revealed that, during the relevant time period, Defendants are alleged to have offered to pay millions of dollars in bribes in exchange for billions of dollars in favorable tax rulings and benefits for Bradesco. Specifically, this Action alleged that the Company and three of its senior executives — Bradesco's Chief Executive Officer, Trabuco, Bradesco's Managing Officer and Investor Relations Officer, Angelotti, and Bradesco's Executive Vice President during the relevant time period, Domingos Figueiredo de Abreu ("Abreu") — issued false and misleading statements and failed to disclose material adverse facts in an attempt to conceal this tax bribery scheme.

12.     The Action was commenced on June 3, 2016, with the filing of a putative securities class action complaint in this Court captioned *Bryan v. Banco Bradesco S.A. et. al.*, Case No. 1:2016-cv-04155-GHW. By Order dated August 15, 2016, the Court appointed Public Employees' Retirement System of Mississippi as lead plaintiff, Kessler Topaz Meltzer & Check, LLP as lead counsel and Labaton Sucharow as liaison counsel.

13.     On October 21, 2016, Lead Plaintiff filed the operative complaint in the Action — the Amended Class Action Complaint ("Amended Complaint"). The Amended Complaint asserted claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder, including SEC Rule 10b-5 (17 C.F.R. § 240.10b-5), against Bradesco, Trabuco, Angelotti and Abreu.

14.     On December 23, 2016, Bradesco, Trabuco, Angelotti and Abreu moved to dismiss the Amended Complaint ("Motion to Dismiss"). On February 3, 2017, Lead Plaintiff filed its opposition to defendants' Motion to Dismiss, and on March 3, 2017, defendants filed a reply in support of their motion. By Order dated September 29, 2017, the Court granted in part and denied in part defendants' Motion to Dismiss the Amended Complaint. Pursuant to its Order, the Court (i) sustained Lead Plaintiff's claims under § 10(b) of the Exchange Act and Rule 10b-5 thereunder with respect to certain statements made by Bradesco, Trabuco and Angelotti; (ii) sustained Lead Plaintiff's claims under § 20(a) of the Exchange Act against Trabuco; and (iii) granted defendants' Motion to Dismiss in all other respects, including all claims against Abreu.

15.     Thereafter, the Parties commenced discovery. Defendants filed their answer to the Amended Complaint on January 31, 2018, and filed an amended answer on April 6, 2018.

16.     On August 17, 2018, Lead Plaintiff moved for certification of the class, including appointment of Lead Plaintiff and Boilermaker-Blacksmith National Pension Fund ("Boilermaker-Blacksmith") as class representatives ("Motion to Certify"). On August 21, 2018, Defendants filed a letter seeking a pre-motion conference regarding Defendants' proposed motion to strike Lead Plaintiff's addition of Boilermaker-Blacksmith. Lead Plaintiff filed its response letter on August 27, 2018. On September 14, 2018, pursuant to request of the Court, Lead Plaintiff filed a motion for leave to add Boilermaker-Blacksmith as a proposed class representative ("Motion to Add").

17.     Defendants opposed Lead Plaintiff's Motion to Add and Motion to Certify on September 24, 2018 and November 9, 2018, respectively.  Lead Plaintiff filed replies in support of its motions on September 28, 2018 and December 14, 2018.  Pursuant to leave by the Court, Defendants filed a sur-reply in opposition to the Motion to Certify on February 7, 2019 and Lead Plaintiff filed a sur-sur-reply in support of its motion on March 8, 2019.  Defendants filed a response to Lead Plaintiff's sur-sur-reply on April 5, 2018.

18.     While Lead Plaintiff's Motion to Add and Motion to Certify were pending, the Parties agreed to discuss a possible resolution of the Action.  To facilitate their negotiations, the Parties scheduled a formal mediation with Jed D. Melnick, Esq. of JAMS and The Weinstein Melnick Team for April 15, 2019.  In advance of the mediation, the Parties exchanged detailed mediation statements.  At the mediation, the Parties reached an agreement-in-principle to resolve the Action for $14.5 million in cash.

19.     On July 1, 2019, the Parties entered into the Stipulation, which sets forth the final terms and conditions of the Settlement.  The Stipulation can be viewed at www.bancobradescosecuritieslitigation.com.

20.     On _____, 2019, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** **WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |
| --- |

21.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class.  The Settlement Class provisionally certified by the Court for purposes of effectuating the Settlement consists of:

> **All persons and entities who purchased or otherwise acquired Bradesco PADS during the period from August 8, 2014 through July 27, 2016, inclusive, and were injured thereby.**

Excluded from the Settlement Class are: (i) Defendants; (ii) the individual Defendants' Immediate Family members; (iii) any person who was an officer or director of Bradesco during the Settlement Class Period; (iv) any firm, trust, corporation, or other entity in which a Defendant has or had a controlling interest; (v) Bradesco's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases or otherwise acquired PADS through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity.  Also excluded from the Settlement Class are any persons and entities who or which exclude themselves from the Settlement Class by submitting a request for exclusion that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page __ below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2019.**

| WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|---|

22. Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit; however, they also recognize the substantial risks in continuing to litigate the Action. For example, Defendants have raised a number of arguments and defenses, including that Defendants made no misrepresentations, that the alleged misrepresentations were immaterial and that Lead Plaintiff would not be able to establish that Defendants acted with the requisite intent. Even assuming Lead Plaintiff could establish Defendants' liability, the amount of damages that could be attributed to the allegedly false statements would be hotly contested. Additionally, Lead Plaintiff and Lead Counsel recognize the significant expense and length of continued proceedings necessary to pursue their claims against Defendants through the completion of discovery, both foreign and domestic, further motion practice, trial, and appeals. Thus, there were very significant risks attendant to the continued prosecution of the Action.

23. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $14,500,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after further discovery, summary judgment, trial, and appeals, possibly years in the future.

24. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

| WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT? |
|---|

25. If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

26.     The law firm of Kessler Topaz Meltzer & Check, LLP was appointed to represent all Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be separately charged for the services of these lawyers.  The Court will determine the amount of Lead Counsel's fees and expenses.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  As a Settlement Class Member, you are represented by Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.  If you choose to hire your own lawyer, such counsel must file a notice of appearance on your behalf. *See* "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

27.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page __ below.

28.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and payment of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

29.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, beneficiaries, insurers, reinsurers, predecessors, successors and assigns (and assignees of each of the foregoing) in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 30 below) against the Defendant Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees.

30.     "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other member of the Settlement Class have, had, or may in the future have that relate in any way, directly or indirectly, to the purchase, sale, acquisition, disposition, or holding of PADS during the Settlement Class Period and (i) were asserted in the Action or (ii) could have been asserted or could in the future be asserted in any court or forum and arise out of or are based upon the allegations,

transactions, facts, matters or occurrences, representations, or omissions set forth in the Action. "Released Plaintiff's Claims" do not include (i) any claims relating to the enforcement of the Settlement; (ii) the right to receive a monetary recovery from any related governmental proceeding; or (iii) any claims of any person or entity who or which submits a timely request for exclusion from the Settlement Class that is accepted by the Court.

31. "Defendant Releasees" means (i) Defendants and their attorneys; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, employees, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

32. "Unknown Claims" means any claims, accrued or unaccrued, that Lead Plaintiff, any other Settlement Class Member or any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims. Unknown Claims include claims that, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement, including, but not limited to, whether or not to object to the Settlement or to the release of the Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, expressly waived, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Parties acknowledge that they may hereafter discover facts in addition to or different from those which he or it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims, but, upon the Effective Date, Lead Plaintiff and Defendants shall expressly settle and release, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment or the Alternative Judgment, if applicable, shall have, settled and released, any and all Released Claims without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of the Judgment or the Alternative Judgment, if applicable, to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

33. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, trusts, trustees, estates, beneficiaries, insurers, reinsurers, predecessors, successors and assigns (and

assignees of each of the foregoing) in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against the Plaintiff Releasees (as defined in ¶ 35 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees.

34.     "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. "Released Defendants' Claims" do not include any claims relating to the enforcement of the Settlement.

35.     "Plaintiff Releasees" means (i) Lead Plaintiff, its attorneys and all other Settlement Class Members, including Boilermaker-Blacksmith; (ii) the current and former parents, affiliates, subsidiaries, successors, predecessors, assigns, and assignees of each of the foregoing in (i); and (iii) the current and former officers, directors, Immediate Family members, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, agents, affiliates, insurers, reinsurers, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns and advisors of each of the persons or entities listed in (i) and (ii), in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

36.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.bancobradescosecuritieslitigation.com, no later than _____, 2019***. You can obtain a copy of the Claim Form on the website, www.bancobradescosecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at      1-877-848-4284,      or      by      emailing      the      Claims      Administrator      at info@bancobradescosecuritieslitigation.com.  **Please retain all records of your ownership of and transactions in Bradesco PADS, as they may be needed to document your Claim.**  If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

37.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

38.     Pursuant to the Settlement, Defendants shall pay or cause to be paid $14,500,000 in cash.  The Settlement Amount will be deposited into an escrow account.  The Settlement

Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (as defined in ¶ 2 above) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

39. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

40. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final, including following any appeals. Defendants and the other Defendant Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

41. Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before _____, 2019 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 30 above) against the Defendant Releasees (as defined in ¶ 31 above) and will be enjoined and prohibited from prosecuting any of the Released Plaintiffs' Claims against any of the Defendant Releasees whether or not such Settlement Class Member submits a Claim Form.

42. Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating Bradesco PADS purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those eligible Bradesco PADS purchased/acquired during the Settlement Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Bradesco PADS during the Settlement Class Period may be made by the Employee Plan(s)' trustees. **Please Note**: As set forth in ¶ 21 above, Bradesco's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases or otherwise acquired Bradesco PADS through such plan(s) are excluded from the Settlement Class and such persons or entities shall not receive, either directly or indirectly, any payment from the Settlement Fund.

43. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

44. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

45. Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

46. **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff. At the Settlement Fairness Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID? |
| --- |

47. Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees and payment of Litigation Expenses. Lead Counsel has fee-sharing agreements with Liaison Counsel, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, and additional counsel Gadow Tyler, PLC, 511 E. Pearl Street, Jackson, MS 39201, which provide that Lead Counsel will compensate these firms solely from the attorneys' fees that Lead Counsel receives in this Action in amounts commensurate with those firms' efforts in the Action, such that this will not increase the fees awarded by the Court. Lead Counsel's application for attorneys' fees will not exceed 25% of the Settlement Fund plus payment of Litigation Expenses not to exceed $1.1 million incurred in connection with the prosecution and resolution of this Action. Lead Counsel's application for attorneys' fees and Litigation Expenses, which may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4), in an aggregate amount not to exceed $75,000, will be filed by _____, 2019, and the Court will consider this application at the Settlement Fairness Hearing. A copy of Lead Counsel's application for fees and expenses will be available for review at www.bancobradescosecuritieslitigation.com once it is filed. Any award of attorneys' fees and payment of Litigation Expenses, including any reimbursement of costs and expenses to Plaintiffs, will be paid from the Settlement Fund prior to allocation and payment to Authorized Claimants. ***Settlement Class Members are not personally liable for any such attorneys' fees or expenses***.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS?  HOW DO I EXCLUDE MYSELF? |
| --- |

48. Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Banco Bradesco S.A. Securities Litigation Settlement*, EXCLUSIONS, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4259, Portland, OR 97208-4259. The request for exclusion must be ***received* no later than _____, 2019**. You will not be able to exclude yourself from the Settlement Class after that date.

49.     Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Banco Bradesco S.A. Securities Litigation*, Civil Case No. 1:16-cv-04155 (GHW)"; (iii) state the number of Bradesco PADS that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between August 8, 2014 and July 27, 2016, inclusive), as well as the dates, number of PADS, and prices of each such purchase/acquisition and/or sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

50.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 49 and is received within the time stated above, or is otherwise accepted by the Court.

51.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendant Releasees. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Defendant Releasees concerning the Released Plaintiffs' Claims.  Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.  In addition, Defendants and the other Defendant Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

52.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

53.     Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by Lead Plaintiff and Defendants.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

54.     **Settlement Class Members do not need to attend the Settlement Fairness Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.**  Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Settlement Class. If you plan on attending the hearing, please check the website, www.bancobradescosecuritieslitigation.com or contact Lead Counsel to confirm that the date and/or time of the hearing has not changed.

55.     The Settlement Fairness Hearing will be held on _____, **2019 at __:__ _.m.**, before the Honorable Gregory H. Woods at U.S. Courthouse, 500 Pearl Street, New York, NY,

10007, Courtroom 12C. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Settlement Class.

56.     Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below as well as serve copies on Lead Counsel and on Defendants' Counsel at the addresses set forth below *on or before _____, 2019*.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | Andrew L. Zivitz | Richard C. Pepperman II |
| Southern District of | Johnston de F. Whitman, Jr. | Marc De Leeuw |
| New York | Kessler Topaz Meltzer & | Sullivan & Cromwell LLP |
| U.S. Courthouse | Check, LLP | 125 Broad Street |
| 500 Pearl Street | 280 King of Prussia Road | New York, NY  10004 |
| New York, NY 10007 | Radnor, PA  19087 | |

57.     To object, you must send a letter to the Court saying that you object to the Settlement in *In re Banco Bradesco S.A. Securities Litigation*, Civil Case No. 1:16-cv-04155 (GHW), and stating the reasons that you object to the Settlement, or any part thereof.

58.     Any objection must: (i) state the name, address, and telephone number of the person or entity objecting and be signed by the objector; (ii) state whether the objector is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel; (iii) indicate whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) state with specificity the grounds for the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (v) include documents sufficient to prove membership in the Settlement Class, consisting of documents showing the number of Bradesco PADS that the objector purchased/acquired and/or sold during the Settlement Class Period (*i.e.*, between August 8, 2014 and July 27, 2016, inclusive), as well as the dates, number of PADS, and prices of each such purchase/acquisition and/or sale.

59.     **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

60.     You may submit an objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures

described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

61.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 56 above so that it is ***received* on or before _____, 2019**.  Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

62.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 56 above so that the notice is ***received* on or before _____, 2019**.

63.     **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT BRADESCO PADS ON SOMEONE ELSE'S BEHALF?

64.     If you purchased or otherwise acquired Bradesco PADS between August 8, 2014 and July 27, 2016, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses (and e-mail addresses, if available) of all such beneficial owners to *Banco Bradesco S.A. Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4259, Portland, OR 97208-4259.  If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice to the beneficial owners.  Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may be obtained from the Settlement website, www.bancobradescosecuritieslitigation.com, by calling the Claims Administrator toll-free at 1-877-848-4284, or by emailing the Claims Administrator at info@bancobradescosecuritieslitigation.com.

| CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS? |
|---|

65.     This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.bancobradescosecuritieslitigation.com.  More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.nysd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007.  Additionally, copies of any related orders entered by the Court will be posted on the website for the Settlement, www.bancobradescosecuritieslitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Banco Bradesco S.A. Securities Litigation Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 4259
Portland, OR  97208-4259
1-877-848-4284
info@bancobradescosecuritieslitigation.com
www.bancobradescosecuritieslitigation.com

and/or

Andrew L. Zivitz
Johnston de F. Whitman, Jr.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA  19087

**PLEASE DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2019                            By Order of the Court
                                                     United States District Court
                                                     Southern District of New York

# APPENDIX A

**Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants**

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with its damages consultant. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification of the Plan of Allocation will be posted on the website for the Settlement, www.bancobradescosecuritieslitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Complaint, as opposed to economic losses caused by market or industry factors or company-specific factors unrelated thereto. To that end, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in the per share price of Bradesco PADS over the course of the Settlement Class Period that was allegedly proximately caused by Defendants' alleged materially false and misleading misrepresentations and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiff's damages consultant considered price changes in Bradesco PADS in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions. The calculations made pursuant to the Plan of Allocation, however, do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Settlement Class Members would recover after a trial. Nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired Bradesco PADS during the Settlement Class Period (i.e., from August 8, 2014 through July 27, 2016, inclusive) and ***held such Bradesco PADS through*** at least one of the alleged corrective disclosures that removed alleged artificial inflation related to that information. To that end, Lead Plaintiff's damages consultant identified four dates (i.e., March 26, 2015, May 20, 2015, May 31, 2016, and July 27, 2016) on which alleged corrective disclosures were made that removed alleged artificial inflation from the price of Bradesco PADS on the following dates: March 27, 2015, May 21, 2015, May 31, 2016, and July 28, 2016.[2]

---

[2] On March 26, 2015, the Brazilian Federal Police announced their investigation into bribery allegations related to certain tax proceedings, including tax proceedings involving some Brazilian banks. News reports that day and on March 27, 2015 also revealed that certain individuals at some of Brazil's largest banks

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.　　For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of Bradesco PADS will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 6 below.

2.　　A "Recognized Loss Amount" will be calculated as set forth below for each Bradesco PADS purchased or otherwise acquired from August 8, 2014 through July 27, 2016, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

3.　　Bradesco PADS underwent a series of stock splits during the Settlement Class Period. To account for this, all prices for Bradesco PADS as well as artificial inflation amounts listed in this Plan of Allocation have been adjusted to reflect all stock splits that occurred through August 2018.[3] Claimants' submitted transactions will be adjusted using the Split Adjustment Factors set forth in **Table 1** below. Specifically, share amounts will be multiplied by the relevant Split Adjustment Factor set forth in **Table 1** and purchase/acquisition and sale prices will be divided by the relevant Split Adjustment Factor set forth in **Table 1**.

4.　　For each Bradesco PADS purchased or otherwise acquired between August 8, 2014 and July 27, 2016, inclusive, and sold on or before October 25, 2016,[4] an "Out of Pocket Loss"

could face criminal charges for their illegal conduct. On this news, after accounting for a stock dividend, the price of Bradesco PADS fell from an adjusted close of $8.62[$7.12] on March 25, 2015 to an adjusted close of $8.05[$6.66] on March 27, 2015. *See* Amended Complaint ¶ 12. Thereafter, on May 20, 2015, the Brazilian Federal Police announced that the police were dividing up their investigation into separate, company-specific investigations in order to expedite the proceedings and that they would focus first on certain "priority" cases. On this day, federal officials also revealed that the Federal Revenue Service of Brazil was "clos[ing] [the] taps" that had previously allowed for companies to illegally manipulate the tax system and divert public funds. In response to this news, the price of Bradesco PADS declined by $0.37[$0.27] per share, from a close of $10.08[$7.57] per share on May 20, 2015 to a close of $9.17[$7.31] per share on May 21, 2015. *See* Amended Complaint ¶ 14. On May 31, 2016, Trabuco, Angelotti and Abreu were formally charged with multiple counts of violating Brazil's anti-corruption laws and in response to news of such indictments, the price of Bradesco PADS declined from a closing price of $6.63[$5.48] per share on May 27, 2016 to a closing price of $6.26[$5.17] per share on May 31, 2016. *See* Amended Complaint ¶ 15. Finally, on July 27, 2016 criminal allegations were sustained against Trabuco, Angelotti and Abreu. In response to this news, the price of Bradesco PADS declined from a closing price of $8.73[$7.21] per share on July 27, 2016 to a closing price of $8.31[$6.87] per share on July 28, 2016. *See* Amended Complaint ¶¶ 16, 195. The prices appearing in brackets reflect the closing prices after being adjusted to reflect all stock splits that occurred through August 2018.

[3] During the Litigation, expert analysis of Bradesco PADS prices and shares was submitted to the Court in August 2018, and those prices and shares reflected all stock splits through August 2018. For consistency, the same adjustments to prices and shares are being used herein.

[4] October 25, 2016 represents the last day of the 90-day period subsequent to the end of the Settlement Class Period, i.e., July 27, 2016 (the "90-day look-back period;" the period of July 28, 2016 through October

will be calculated. Out of Pocket Loss is defined as the per-PADS purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the per-PADS sale price (excluding all fees, taxes, and commissions) after adjusting for the PADS stock splits as set forth in **Table 1** below. Specifically, purchase/acquisition and sale prices will be divided by the relevant Split Adjustment Factor set forth in **Table 1**. To the extent that the calculation of an Out of Pocket Loss results in a negative number, that number shall be set to zero.

    5.    A Claimant's Recognized Loss Amount per Bradesco PADS purchased or otherwise acquired during the Settlement Class Period will be calculated as follows:

    A.    For each Bradesco PADS purchased or otherwise acquired during the Settlement Class Period and subsequently sold prior to the opening of trading on March 27, 2015, the Recognized Loss Amount is $0.

    B.    For each Bradesco PADS purchased or otherwise acquired during the Settlement Class Period and subsequently sold after the opening of trading on March 27, 2015 and prior to the close of trading on July 27, 2016, the Recognized Loss Amount shall be ***the lesser of***:

        (i)    the dollar amount of alleged artificial inflation applicable to each such PADS on the date of purchase/acquisition as set forth in **Table 2** below *minus* the dollar amount of alleged artificial inflation applicable to each such PADS on the date of sale as set forth in **Table 2** below; or

        (ii)    the Out of Pocket Loss.

    C.    For each Bradesco PADS purchased or otherwise acquired during the Settlement Class Period and subsequently sold after the close of trading on July 27, 2016 and prior to the close of trading on October 25, 2016 (i.e., the last day of the 90-day look-back period), the Recognized Loss Amount shall be ***the least of***:

        (i)    the dollar amount of alleged artificial inflation applicable to each such PADS on the date of purchase/acquisition as set forth in **Table 2**;

---

25, 2016). The PSLRA imposes a statutory limitation on recoverable damages using the 90-day look-back period. This limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the Bradesco PADS and the average price of Bradesco PADS during the 90-day look-back period if the Bradesco PADS was held through October 25, 2016, the end of this period. Losses on Bradesco PADS purchased/acquired during the period between August 8, 2014 and July 27, 2016, inclusive, and sold during the 90-day look-back period cannot exceed the difference between the purchase price paid for the Bradesco PADS and the average price of Bradesco PADS during the portion of the 90-day look-back period elapsed as of the date of sale (the "90-Day look-back value"), as set forth in **Table 3** below.

(ii)     the purchase/acquisition price of each such PADS (excluding all fees, taxes, and commissions) *minus* the 90-Day Look-back Value as set forth in **Table 3** below; or

(iii)    the Out of Pocket Loss.

D.     For each Bradesco PADS purchased or otherwise acquired during the Settlement Class Period and still held as of the close of trading on October 25, 2016 (i.e., the last day of the 90-day look-back period), the Recognized Loss Amount shall be ***the lesser of***:

(i)     the dollar amount of alleged artificial inflation applicable to each such PADS on the date of purchase/acquisition as set forth in **Table 2** below; or

(ii)     the purchase/acquisition price of each such PADS (excluding all fees, taxes, and commissions) *minus* $7.56 (the average closing price of Bradesco PADSs during the 90-day look-back period (i.e., July 28, 2016 through October 25, 2016), as shown on the last line in **Table 3** below.

## ADDITIONAL PROVISIONS

6.     The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶11 below) is $10.00 or greater.

7.     If a Settlement Class Member has more than one purchase/acquisition or sale of Bradesco PADS during the Settlement Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Settlement Class Period sales will be matched first against any holdings of Bradesco PADS at the beginning of the Settlement Class Period, and then against purchases/acquisitions of Bradesco PADS, in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

8.     Purchases/acquisitions and sales of Bradesco PADS shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Bradesco PADS during the Settlement Class Period, shall not be deemed a purchase, acquisition or sale of these Bradesco PADS for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Bradesco PADS unless (i) the donor or decedent purchased or otherwise acquired such Bradesco PADS during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Bradesco PADS; and (iii) it is specifically so provided in the instrument of gift or assignment.

9.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Bradesco PADS. The date of a "short sale" is deemed to be the date of sale of Bradesco PADS. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in

Bradesco PADS, the earliest purchases or acquisitions during the Settlement Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

10.     Bradesco PADS are the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Bradesco PADS are not securities eligible to participate in the Settlement. With respect to Bradesco PADS purchased or sold through the exercise of an option, the purchase/sale date of the Bradesco PADS is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of Bradesco PADS acquired during the Settlement Class Period through the exercise of an option on Bradesco PADS[5] shall be computed as provided for other purchases of Bradesco PADS in the Plan of Allocation.

11.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

13.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Lead Plaintiff's damages consultant, Defendants, Defendants' Counsel, any of the other Plaintiff Releasees or Defendant Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions

---

[5] This includes (1) purchases of Bradesco PADS as the result of the exercise of a call option, and (2) purchases of Bradesco PADS by the seller of a put option as a result of the buyer of such put option exercising that put option.

made substantially in accordance with the Stipulation, the Plan of Allocation approved by the
Court, or further orders of the Court. Plaintiffs, Defendants and their respective counsel, and all
other Defendant Releasees, shall have no responsibility or liability whatsoever for the investment
or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the
determination, administration, calculation, or payment of any Claim Form or nonperformance of
the Claims Administrator; the payment or withholding of Taxes or Tax Expenses; or any losses
incurred in connection therewith.

| TABLE 1 Split Adjustment Factor to be Applied to Claimants' Transactions | |
| --- | --- |
| **Transaction Date** | **Split Adjustment Factor** |
| August 8, 2014 - March 26, 2015 | 1.5972[6] |
| March 27, 2015 - April 17, 2016 | 1.331 |
| April 18, 2016 - May 1, 2017 | 1.21 |
| May 2, 2017 – April 1, 2018 | 1.1 |
| April 2, 2018 – August 31, 2018 | 1 |

| TABLE 2 Estimated Alleged Artificial Inflation in Bradesco PADS | | |
| --- | --- | --- |
| **From** | **To** | **Estimated Alleged Artificial Inflation Per PADS** |
| August 8, 2014 | March 26, 2015 | $0.83 |
| March 27, 2015 | May 20, 2015 | $0.69 |
| May 21, 2015 | May 31, 2016 (prior to 2:02 PM EST)[7] | $0.49 |

---

[6] The appropriate Split Adjustment Factor will be applied to any Bradesco PADS held as of the start of the
Settlement Class Period.

[7] For purposes of this Plan of Allocation, the Claims Administrator will assume that any Bradesco PADS
purchased/acquired or sold on May 31, 2016 at any price less than $5.34 per PADS occurred after the
corrective information was released to the market at 2:02 p.m. EST on May 31, 2016, and any PADS
purchased/acquired or sold on May 31, 2016 at any price equal to or greater than $5.34 per PADS occurred
prior to the release of the corrective information at 2:02 p.m. EST on May 31, 2016.

| TABLE 2 | | |
|---|---|---|
| **Estimated Alleged Artificial Inflation in Bradesco PADS** | | |
| **From** | **To** | **Estimated Alleged Artificial Inflation Per PADS** |
| May 31, 2016 (at or after 2:02 PM EST) | July 27, 2016 | $0.27 |

**PLEASE NOTE:** The alleged artificial inflation amounts have been adjusted to reflect all stock splits that occurred through August 2018.

| TABLE 3 | | | |
|---|---|---|---|
| **Bradesco PADSs 90-Day Look-back Value by Sale/Disposition Date** | | | |
| **Sale Date** | **90-Day Look-back Value** | **Sale Date** | **90-Day Look-back Value** |
| 7/28/2016 | $6.87 | 9/13/2016 | $7.38 |
| 7/29/2016 | $7.03 | 9/14/2016 | $7.36 |
| 8/1/2016 | $7.06 | 9/15/2016 | $7.35 |
| 8/2/2016 | $7.05 | 9/16/2016 | $7.34 |
| 8/3/2016 | $7.09 | 9/19/2016 | $7.34 |
| 8/4/2016 | $7.15 | 9/20/2016 | $7.33 |
| 8/5/2016 | $7.21 | 9/21/2016 | $7.34 |
| 8/8/2016 | $7.24 | 9/22/2016 | $7.34 |
| 8/9/2016 | $7.28 | 9/23/2016 | $7.35 |
| 8/10/2016 | $7.29 | 9/26/2016 | $7.35 |
| 8/11/2016 | $7.32 | 9/27/2016 | $7.35 |
| 8/12/2016 | $7.34 | 9/28/2016 | $7.36 |
| 8/15/2016 | $7.36 | 9/29/2016 | $7.36 |
| 8/16/2016 | $7.38 | 9/30/2016 | $7.37 |
| 8/17/2016 | $7.39 | 10/3/2016 | $7.37 |
| 8/18/2016 | $7.40 | 10/4/2016 | $7.38 |
| 8/19/2016 | $7.40 | 10/5/2016 | $7.39 |
| 8/22/2016 | $7.40 | 10/6/2016 | $7.40 |
| 8/23/2016 | $7.39 | 10/7/2016 | $7.40 |

| TABLE 3 | | | |
|---|---|---|---|
| Bradesco PADSs 90-Day Look-back Value by Sale/Disposition Date | | | |
| Sale Date | 90-Day Look-back Value | Sale Date | 90-Day Look-back Value |
| 8/24/2016 | $7.38 | 10/10/2016 | $7.41 |
| 8/25/2016 | $7.37 | 10/11/2016 | $7.42 |
| 8/26/2016 | $7.36 | 10/12/2016 | $7.43 |
| 8/29/2016 | $7.36 | 10/13/2016 | $7.44 |
| 8/30/2016 | $7.37 | 10/14/2016 | $7.45 |
| 8/31/2016 | $7.37 | 10/17/2016 | $7.46 |
| 9/1/2016 | $7.36 | 10/18/2016 | $7.48 |
| 9/2/2016 | $7.37 | 10/19/2016 | $7.49 |
| 9/6/2016 | $7.38 | 10/20/2016 | $7.51 |
| 9/7/2016 | $7.39 | 10/21/2016 | $7.53 |
| 9/8/2016 | $7.40 | 10/24/2016 | $7.54 |
| 9/9/2016 | $7.40 | 10/25/2016 | $7.56 |
| 9/12/2016 | $7.39 | | |
| **PLEASE NOTE**: The alleged artificial inflation amounts have been adjusted to reflect all stock splits that occurred through August 2018. | | | |

**EXHIBIT 2**

***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
PLEASE VISIT WWW.BANCOBRADESCOSECURITIESLITIGATION.COM FOR MORE INFORMATION.***

The parties in the action *In re Banco Bradesco S.A. Securities Litigation*, No. 1:16-cv-04155 (GHW) (S.D.N.Y.) have reached a proposed settlement of the claims against Banco Bradesco S.A. ("Bradesco") and certain of its executives (collectively, "Defendants"). If approved, the Settlement will resolve a lawsuit in which Lead Plaintiff alleged that Defendants made false and misleading statements and failed to disclose material facts in order to conceal an alleged tax bribery scheme in Brazil. Defendants deny any liability or wrongdoing. You received this Postcard Notice because you, or an investment account for which you serve as a custodian, may be a member of the following Settlement Class: all persons and entities who purchased or otherwise acquired the preferred American Depositary Shares issued by Bradesco ("Bradesco PADS") during the period from August 8, 2014 through July 27, 2016, inclusive, and were injured thereby.

Pursuant to the Settlement, Defendants have agreed to pay $14,500,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, notice and administration costs, and taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the settlement of the action and the release of all claims asserted in the action and related claims. **For additional information regarding the Settlement and procedures, please review the full Notice available on the Settlement Website, www.bancobradescosecuritieslitigation.com.** Your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in Bradesco PADS. If all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per eligible PADS will be $0.05 before deduction of Court-approved fees and expenses. Your share of the Settlement proceeds will be determined by the plan of allocation reported in the Notice, or other plan as may be ordered by the Court.

**To qualify for payment, you must submit a valid Claim Form.** The Claim Form can be found on the Settlement Website, or you can request that one be mailed to you. You can also submit a claim via the Settlement Website. **Claim Forms must be postmarked (if mailed), or submitted online, by \_\_\_, 2019. If you do not want** to be legally bound by any releases, judgments or orders in the action, **you must exclude yourself** from the Settlement Class by \_\_\_, **2019**. If you exclude yourself, you may be able to sue Defendants about the claims being resolved in this action, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection by \_\_\_, **2019**. The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on \_\_\_, 2019 at \_\_:\_\_.m., to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to 25% of the Settlement Fund in attorneys' fees, plus expenses of no more than $1.1 million (which equal a cost of $0.018 per PADS). You may attend the hearing and ask to be heard by the Court, but you do not have to. **For more information, call 1-877-848-4284, send an email to info@bancobradescosecuritieslitigation.com or visit the Settlement Website www.bancobradescosecuritieslitigation.com to review the detailed Notice.**

Banco Bradesco Securities Litigation
Claims Administrator
P.O. Box 4259
Portland, OR 97208-4259

## *COURT-ORDERED LEGAL NOTICE*

*In re Banco Bradesco S.A. Securities Litigation*
Civil Case No. 1:16-cv-04155 (GHW)
(S.D.N.Y.)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this Notice carefully.**

**For more information, please visit www.bancobradescosecuritieslitigation.com or call 1-877-848-4284**

**EXHIBIT 3**

*Banco Bradesco S.A. Securities Litigation Settlement*
**c/o Epiq Class Action & Claims Solutions, Inc**.
**P.O. Box 4259**
**Portland, OR  97208-4259**

**Toll-Free Number:  1-877-848-4284**
**Email:  info@bancobradescosecuritieslitigation.com**
**Website:  www.bancobradescosecuritieslitigation.com**

## PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND IN CONNECTION WITH THE PROPOSED SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND MAIL IT BY PREPAID, FIRST-CLASS MAIL TO THE ABOVE ADDRESS, OR SUBMIT IT ONLINE AT WWW.BANCOBRADESCOSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2019**.

FAILURE TO SUBMIT YOUR CLAIM FORM BY THE DATE SPECIFIED WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM BEING ELIGIBLE TO RECOVER ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENT.

**DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE PARTIES TO THE ACTION, OR THEIR COUNSEL. SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE, OR ONLINE AT WWW.BANCOBRADESCOSECURITIESLITIGATION.COM.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | ___ |
| **PART II – CLAIMANT INFORMATION** | ___ |
| **PART III – SCHEDULE OF TRANSACTIONS IN THE PREFERRED AMERICAN DEPOSITARY SHARES ISSUED BY BANCO BRADESCO S.A. ("BRADESCO PADS" OR "PADS")** | ___ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | ___ |

## PART I – GENERAL INSTRUCTIONS

1.      This Claim Form is directed to members of the Settlement Class, as defined in the Stipulation and Agreement of Settlement dated July 1, 2019 ("Stipulation") and Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice"), available for download on the website www.bancobradescosecuritieslitigation.com. Certain persons and entities are excluded from the Settlement Class by definition as set forth in ¶ 21 of the Notice. Please read the Notice carefully. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the Releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (*see* definition of Settlement Class contained in ¶ 21 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Bradesco PADS. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Bradesco PADS, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Bradesco PADS set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Bradesco PADS. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

6.      All joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired Bradesco PADS during the Settlement Class Period and held the PADS in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Bradesco PADS during the Settlement Class Period and the PADS were registered in the name of a third party,

such as a nominee or brokerage firm, you are the beneficial owner of these PADS, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

7.     **One Claim should be submitted for each separate legal entity**.  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

8.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)     expressly state the capacity in which they are acting;

(b)     identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Bradesco PADS; and

(c)     furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

9.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, Epiq Class Action & Claims Solutions, Inc., at the above address, by email at info@bancobradescosecuritieslitigation.com, or by toll-free phone at 1-877-848-4284, or you can visit the website maintained by the Claims Administrator, www.bancobradescosecuritieslitigation.com, where copies of the Claim Form and Notice are available for downloading.

10.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the website for the Settlement, www.bancobradescosecuritieslitigation.com, or you may email the Claims Administrator's electronic filing department at info@bancobradescosecuritieslitigation.com.  **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@bancobradescosecuritieslitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT PLEASE NOTE: YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN**

**ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-877-848-4284.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                                                                    State      Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                                    Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.

Page 5

Account Number (where securities were traded)[1]:

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|-|

Claimant Account Type (check appropriate box)
- Individual (includes joint owner accounts)  • Pension Plan  • Trust
- Corporation  • Estate
- IRA/401K  • Other _____ (please specify)

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see ¶ 7 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

Page 6

## PART III – SCHEDULE OF TRANSACTIONS IN BRADESCO PADS

Complete this Part III if and only if you purchased or otherwise acquired Bradesco PADS during the period from August 8, 2014 through July 27, 2016, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 5, above.  Do not include information regarding securities other than Bradesco PADS.

| | |
|---|---|
| **1.  HOLDINGS AS OF AUGUST 8, 2014** – State the total number of Bradesco PADS held as of the opening of trading on August 8, 2014.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed · |

**2.  PURCHASES/ACQUISITIONS FROM AUGUST 8, 2014 THROUGH JULY 27, 2016, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Bradesco PADS from after the opening of trading on August 8, 2014 through and including the close of trading on July 27, 2016.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | · |
| /     / | | $ | $ | · |
| /     / | | $ | $ | · |
| /     / | | $ | $ | · |
| /     / | | $ | $ | · |

**3.  PURCHASES/ACQUISITIONS FROM JULY 28, 2016 THROUGH OCTOBER 25, 2016** – State the total number of Bradesco PADS purchased/acquired (including free receipts) from after the opening of trading on July 28, 2016 through and including the close of trading on October 25, 2016.  (Must be documented.)  If none, write "zero" or "0."[2] _____

| | |
|---|---|
| **4.  SALES FROM AUGUST 8, 2014 THROUGH OCTOBER 25, 2016, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Bradesco PADS from after the opening of trading on August 8, 2014 through and including the close of trading on October 25, 2016. (Must be documented.) | **IF NONE, CHECK HERE** · |

---

[2]  **Please note**:  Information requested with respect to your purchases/acquisitions of Bradesco PADS from after the opening of trading on July 28, 2016 through and including the close of trading on October 25, 2016 is needed in order to perform the necessary calculations for your claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5.  HOLDINGS AS OF OCTOBER 25, 2016 –** State the total number of shares of Bradesco PADS held as of the close of trading on October 25, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

# PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __
OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, trusts, trustees, estates, beneficiaries, insurers, reinsurers, predecessors, successors and assigns (and assignees of each of the foregoing) in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) member(s) of the Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.      that the claimant has **not** submitted a request for exclusion from the Settlement Class;

4.      that I (we) own(ed) the Bradesco PADS identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendant Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Bradesco PADS and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the Releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

Page 9

10.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it is subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it is subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____     _____
Signature of claimant                                                                                      Date

_____
Print claimant name here

_____     _____
Signature of joint claimant, if any                                                                  Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____     _____
Signature of person signing on behalf of claimant                                        Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – *see* ¶ 8 on page __ of this Claim Form.)

**REMINDER CHECKLIST**

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-877-848-4284.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@bancobradescosecuritieslitigation.com, or by toll-free phone at 1-877-848-4284 or you may visit www.bancobradescosecuritieslitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.BANCOBRADESCOSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____, 2019.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Banco Bradesco S.A. Securities Litigation Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 4259
Portland, OR 97208-4259

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2019, is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

EXHIBIT 4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANCO BRADESCO S.A. SECURITIES LITIGATION | Civil Case No. 1:16-cv-04155 (GHW) <br><br> <u>ECF CASE</u> |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES; AND (III) SETTLEMENT FAIRNESS HEARING

**TO:** **All persons and entities who purchased or otherwise acquired the preferred American Depositary Shares ("PADS") issued by Banco Bradesco S.A. during the period from August 8, 2014 through July 27, 2016, inclusive, and were injured thereby ("Settlement Class").** Certain persons and entities are excluded from the Settlement Class as set forth in detail in the Stipulation and Agreement of Settlement dated July 1, 2019 ("Stipulation") and the Notice described below.

## PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York ("Court"), that the above-captioned action ("Action") has been provisionally certified as a class action for the purposes of settlement only and that the parties to the Action have reached a proposed settlement for $14,500,000 in cash ("Settlement") that, if approved, will resolve all claims in the Action. A hearing will be held on _____, 2019 at __:__ _.m., before the Honorable Gregory H. Woods at the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007, Courtroom 12C, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described below) should be entered; (iii) whether the Settlement Class should be certified for purposes of effectuating the Settlement; (iv) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (v) whether Lead Counsel's application for an award of attorneys' fees and payment of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** This notice provides only a summary of the information contained in the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses; and (III) Settlement Fairness Hearing ("Notice"). You

may obtain a copy of the Notice, along with the Claim Form, on the website for the Settlement, www.bancobradescosecuritieslitigation.com, or from Lead Counsel's website, www.ktmc.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *Banco Bradesco S.A. Securities Litigation Settlement*, c/o Epiq Class Action & Claims Solutions, Inc., P.O. Box 4259, Portland, OR 97208-4259; 1-877-848-4284; info@bancobradescosecuritieslitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online, no later than _____, 2019***, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received no later than _____, 2019***, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgments or orders entered by the Court in the Action and you will not be eligible to share in the net proceeds of the Settlement. Excluding yourself is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself from the Settlement Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and payment of expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received no later than _____, 2019***, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*Banco Bradesco S.A. Securities Litigation Settlement*
c/o Epiq Class Action & Claims Solutions, Inc.
P.O. Box 4259
Portland, OR 97208-4259
1-877-848-4284
info@bancobradescosecuritieslitigation.com
www.bancobradescosecuritieslitigation.com

Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

Andrew L. Zivitz
Johnston de F. Whitman, Jr.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706
info@ktmc.com

DATED: _____ __, 2019    BY ORDER OF THE COURT
                United States District Court
                Southern District of New York