# EXHIBIT 4

1
2
3
4
5
6
7

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

12 - 7 - 09
DEC - 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY     SDM          DEPUTY

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

SOUTHERN DIVISION

11
12

| | |
|---|---|
| MIDDLESEX RETIREMENT SYSTEM, , Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> QUEST SOFTWARE, VINCENT C. SMITH, M. BRINKLEY MORSE, MICHAEL J. LAMBERT, DAVID M. DOYLE, JERRY MURDOCK, JR., and KEVIN BROOKS, <br><br> Defendants. | Case No. 2:06-06863-DOC (RNBx) <br><br> CLASS ACTION <br><br> [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT OF CLASS ACTION AND ESTABLISHING NOTICE PROCEDURES |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    WHEREAS, by Order dated September 8, 2009, the Court certified the
2  above-captioned action (the "Action") to proceed as a class action under Fed. R.
3  Civ. P. 23(a) and (b)(3);

4    WHEREAS, the "Parties" have presented the proposed settlement of the
5  Action by and between Lead Plaintiff, Middlesex Retirement System, individually
6  and on behalf of the Class (as defined below), and Defendants Quest Software, Inc.
7  ("Quest"), Vincent C. Smith, M. Brinkley Morse, Michael J. Lambert, David M.
8  Doyle, Jerry Murdock, Jr., and Kevin Brooks (collectively, "Defendants") to the
9  Court for preliminary approval pursuant to Rule 23 of the Federal Rules of Civil
10  Procedure (the "Settlement");

11    WHEREAS, the terms of the Settlement are set forth in a Stipulation of
12  Settlement that was executed by the Parties on November 6, 2009 (the
13  "Stipulation");

14    WHEREAS, the Settlement was reached after extensive litigation, including
15  discovery, motion practice, class certification, consultation with experts, and
16  arm's-length and protracted negotiations;

17    NOW, upon consent of the Parties, after review and consideration of the
18  Stipulation filed with the Court and the exhibits annexed thereto, and after due
19  deliberation,

20    IT IS HEREBY ORDERED, that:

21    1.    The Court, for purposes of this Order Preliminarily Approving
22  Settlement of Class Action and Establishing Notice Procedures (the "Preliminary
23  Approval Order"), adopts all defined terms as set forth in the Stipulation.

24    2.    Pursuant to the Order of this Court dated September 8, 2009, and as
25  further set forth herein, this Action is certified as a class action pursuant to Fed. R.
26  Civ. P. 23(a) and (b)(3) on behalf of all persons and entities who purchased Quest
27  common stock on the open market during the Class Period, and who were damaged
28  thereby, with Lead Plaintiff certified as the Class Representative. Excluded from

1   the Class are: (i) Defendants; (ii) all officers, directors, and partners of any

2   Defendant and of any Defendant's partnerships, subsidiaries, trusts, or affiliates at

3   all relevant times; (iii) members of the immediate family of any of the foregoing

4   excluded parties; (iv) any entity in which any of the foregoing excluded parties has

5   or had a controlling interest, other than any entities that, as of or after the beginning

6   of the Class Period, no excluded party held a 5% or greater interest in; and (v) the

7   legal representatives, heirs, successors, and assigns of any of the foregoing

8   excluded parties. Also excluded from the Class are any members of the Class who

9   exclude themselves by timely requesting exclusion in accordance with the

10  requirements set forth in the Notice.

11      3.   Class Counsel is authorized to act on behalf of the Class with respect

12  to all acts required by, or which may be undertaken pursuant to, the Stipulation or

13  such other acts that are reasonably necessary to consummate the proposed

14  Settlement set forth in the Stipulation.

15      4.   The Court preliminarily approves: (1) the Settlement of the Action as

16  set forth in the Stipulation; and (2) the proposed Plan of Allocation described in the

17  Notice, pending a final hearing on the Settlement and subject to the right of any

18  Class Member to challenge the fairness, reasonableness, and adequacy of the

19  Stipulation or the proposed Plan of Allocation, and to show cause, if any exists,

20  why a final judgment dismissing the Action against the Defendants and otherwise

21  finally approving the Stipulation should not be ordered herein after due and

22  adequate notice to the Class has been given in conformity with this Order.

23      5.   Pursuant to Fed. R. Civ. P. Rule 23(e), a final hearing (the "Settlement

24  Hearing") shall be held on ___*March 15*___, 2010, at _*8*_ : _*30*_ a.m., in the

25  United States District Court for the Central District of California, the Honorable

26  David O. Carter presiding, to:

27      a.   determine whether the Settlement should be approved by the Court as

28          fair, reasonable, adequate, and in the best interests of the Class;

b.     determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

c.     rule on Plaintiff's Counsels' application for an award of attorney's fees and the reimbursement of litigation expenses;

d.     rule on Lead Plaintiff's application for reimbursement of reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. § 78u-4(a)(4);

e.     determine whether the Final Order and Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against Defendants with prejudice and releasing all Settled Claims (as defined in the Stipulation); and

f.     rule on such other matters as the Court may deem appropriate.

6.     The Claims Administrator shall cause notice of the proposed Settlement and the Settlement Hearing to be provided to potential members of the Class as follows:

a.     Within five (5) business days after the entry of this Order, Quest or its transfer agent shall provide to the Claims Administrator a list of the names and addresses of the record holders of Quest common stock as of the close of trading on November 8, 2001, and throughout the Class Period (eliminating duplicates), to be e-mailed to the Claims Administrator, or in CD or DVD format, in an Excel spreadsheet, text tab-delimited or fixed length with file layout. Quest shall bear all reasonable costs or expenses associated with providing the Claims Administrator with the above-described shareholder information from its or the transfer agent's records.

b.     Within twenty-one (21) calendar days following receipt of the information in ¶6a, the Claims Administrator shall cause a Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing ("Notice") and Proof of Claim and Release Form ("Proof of Claim"), substantially in the forms annexed

1 hereto as Exhibits A-1 and A-2, to be mailed by first class mail, postage pre-paid, to
2 persons or entities who can be identified from Quest's transfer and other records as
3 potential members of the Class.

4       c.     Within twenty-one (21) calendar days following receipt of the
5 information in ¶6a, the Claims Administrator shall cause the Notice to be mailed to
6 all brokers or other institutions that the transfer records, or other information,
7 indicate may have held Quest common stock in street name, or as nominees for
8 Class Members. Such nominees who hold or held Quest common stock purchased
9 on the open market for Class Members are directed (a) to provide to the Claims
10 Administrator, within five (5) business days of receipt of the Notice, a list(s) of the
11 names and last known addresses of the beneficial owners for whom they purchased
12 Quest common stock during the Class Period on the open market, or (b) to request,
13 within five (5) business days of receipt of the Notice, additional copies of the
14 Notice and Proof of Claim. If the nominee elects to request additional copies of the
15 Notice and Proof of Claim and to send these documents to each beneficial owner,
16 then the nominee is directed to mail, either by first class mail, postage prepaid, or
17 by e-mail (for those accounts for which the nominee has current e-mail addresses)
18 the Notice and Proof of Claim within five (5) business days of receipt of the
19 additional, requested copies of the Notice and Proof of Claim from the Claims
20 Administrator, and upon such mailing the nominee shall send a statement to the
21 Claims Administrator confirming that the mailing was made as directed, and shall
22 provide the Claims Administrator with a list of the names and addresses of the
23 persons and entities to whom the Notice and Proof of Claim was mailed. Nominees
24 who elect to mail the Notice and Proof of Claim to their customers are directed to
25 retain the list of names and addresses of the persons and entities to whom the
26 Notice and Proof of Claim was mailed so that it will be available for future
27 mailings. Upon full compliance with this Order, such nominees may seek
28 reimbursement from Defendants of their reasonable expenses actually incurred in

complying with this Order (i.e., those expenses that would not have otherwise been incurred) by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, subject to further order of this Court with respect to any dispute concerning such compensation.

d.    The Notice shall inform the nominees that they are directed by this Order to retain all records of trading in Quest common stock during the Class Period pending final determination of this Action.

e.    Within ten (10) business days after the Notice deadline, as set forth in subparagraphs (a) and (b), above, the Claims Administrator shall cause a summary notice (the "Publication Notice"), substantially in the form annexed as Exhibit A-3, to be published once in the National Edition of The Wall Street Journal.

7.    At least five (5) business days prior to the Settlement Hearing, the Claims Administrator shall file with the Court an affidavit confirming mailing of the Notice and Proof of Claim and publication of the Publication Notice.

8.    The Notice and Proof of Claim shall also be placed on the Claims Administrator's and Class Counsel's websites.

9.    The Court appoints Rust Consulting, Inc. as Claims Administrator to supervise and administer the notice and claims procedures set forth in the Stipulation. The Parties and their counsel shall not be liable in any way for any act or omission of the Claims Administrator.

10.    Pursuant to the Stipulation, Defendants are liable for all costs associated with providing notice to the Class. Costs of administration of the Settlement are a reimbursable expense from the Settlement Fund.

11.    Class Counsel, as Escrow Agent, is authorized and directed to cause to have prepared any tax returns and any other tax reporting for or in respect of the Settlement Fund, and for paying from the Settlement Fund the costs of tax preparation and any Taxes owed with respect to the Settlement Fund, and to otherwise cause to be performed all obligations with respect to Taxes and any

1   reporting or filings in respect thereof as contemplated by the Stipulation, without
2   further order of the Court.

3       12.   The Notice and Publication Notice shall provide that Class Members
4   may exclude themselves from the Class. However, to be effective, any request for
5   exclusion from the Class must be mailed to the address(es) provided in the Notice,
6   and must be postmarked on or before *February 15, 2010* [28 days prior to the
7   Settlement Hearing], and the Notice shall so inform Class Members. A Request for
8   Exclusion must state: (1) the name, address, and telephone number of the person or
9   entity requesting exclusion; (2) the person's or entity's purchases and sales of Quest
10  common stock on the open market made during the Class Period, including the
11  dates, the number of shares of Quest common stock purchased or sold, the price(s)
12  paid or received per share of Quest common stock for each such purchase or sale,
13  and whether such person continues to hold such Quest common stock; (3) the
14  amount or number of shares of Quest common stock held as of the beginning of the
15  Class Period on November 9, 2001; and (4) that the person wishes to be excluded
16  from the Class.

17      13.   All persons who submit valid and timely Requests for Exclusion, in
18  the manner set forth in above paragraph and in the Notice, shall have no rights
19  under the Stipulation and shall not share in the distribution of the Net Settlement
20  Fund. Any member of the Class who fails to properly and timely request exclusion
21  shall be included in the Class and be bound by any orders or judgment in the
22  Action.

23      14.   The Claims Administrator shall provide a copy of any request for
24  exclusion to Plaintiff's Counsel and Quest's Counsel within three (3) business days
25  of receipt.

26      15.   The Court approves the form and the content of the Notice, the Proof
27  of Claim, and the Publication Notice, annexed hereto as Exhibits A-1, A-2, and A-
28  3, respectively, and finds that the procedures for publication, mailing, and

1  distribution of these notices substantially in the manner and form set forth in this
2  Order constitute the best notice practicable under the circumstances to members of
3  the Class, and are in full compliance with and satisfy the requirements of Rule 23 of
4  the Federal Rules of Civil Procedure, § 21D(a)(7) of the Private Securities
5  Litigation Reform Act of 1995 (the "PSLRA"), and constitutional due process.

6      16.    Any Class Member may enter an appearance in the Action, at his own
7  expense, individually or through counsel of his own choice.  If any Class Member
8  does not enter an appearance, he will be represented by Plaintiff's Counsel.

9      17.    Any Class Member who wishes to participate in the Net Settlement
10 Fund must submit a valid Proof of Claim to the Claims Administrator, at the
11 address indicated in the Notice, postmarked not later than  _May 14_ , 2010.
12 Such deadline may be further extended by Court order.  Provided that it is received
13 before the first motion for the Class distribution Order is filed, a Proof of Claim
14 shall be deemed to have been submitted when postmarked, if mailed by first class,
15 registered, or certified mail, postage prepaid, and if addressed in accordance with
16 the instructions given in the Proof of Claim.  All other Proofs of Claim shall be
17 deemed to have been submitted at the time they are actually received by the Claims
18 Administrator.

19     18.    To be valid, a Proof of Claim must: (1) be completed in a manner that
20 permits the Claims Administrator to determine the eligibility of the claim as set
21 forth in the Proof of Claim; (2) include the release by the claimant of all Released
22 Parties as set forth in the Stipulation; and (3) be signed by the claimant with an
23 affirmation that the information contained therein is true and correct.  All Class
24 Members who do not submit valid and timely Proofs of Claim and who do not
25 request exclusion from the Class shall be forever barred from receiving any
26 payments from the Net Settlement Fund, but will in all other respects be subject to
27 and bound by the provisions of the Stipulation and Final Order and Judgment, if
28 entered.

19.     Any member of the Class who timely and properly objects to the Settlement, the Plan of Allocation, the application for attorneys' fees and reimbursement of expenses, and/or the Lead Plaintiff's application for reimbursement of costs and expenses, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no person other than the parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person shall be considered by the Court unless on or before February 15 , 2010__ [(28) days prior to the Settlement Hearing] such person files with the Court and serves upon counsel listed below: (1) a written statement of such person's objections to any matters before the Court concerning this Settlement; (2) the grounds therefore or the reasons that such person desires to appear and be heard, as well as all documents or writings such person desires the Court to consider; (3) whether that person intends to present any witnesses, and, if so, the identity of such witnesses; and (4) the person's purchases and sales of Quest common stock on the open market made during the Class Period, including the dates, the number of shares of Quest common stock purchased, acquired or sold, the price(s) paid or received per share of Quest common stock for each such purchase or sale, and whether such person continues to hold such Quest common stock at the time of the statement.  Counsel to be served with such papers are:

| Cooley Godward Kronish LLP<br>4401 Eastgate Mall<br>San Diego, CA 92121-1909<br>e-mail: QuestClassAction@cooley.com | Wolf Popper LLP<br>845 Third Avenue<br>New York, New York 10022<br>e mail: IRRep@wolfpopper.com |
|---|---|
| Hulett Harper Stewart LLP<br>525 B Street, Suite 760<br>San Diego, CA 92101<br>e-mail: office@hulettharper.com | |

[PROPOSED] ORDER PRELIMINARILY APPRVG STLMNT OF
CLASS ACTION & ESTABLISHING NOTICE PROCEDURES
CASE NO. 2:06-06863-DOC (RNBx)

20.     Any Class Member who does not object, in the manner provided for herein, to the Settlement, the Plan of Allocation, and/or any other matter to be heard at the Settlement Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement and the Plan of Allocation, or to the application by Plaintiff's Counsel for an award of attorneys' fees and payment of expenses, or to any possible award of costs and expenses (including lost wages) to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act, or to the Order and Final Judgment to be entered approving the Settlement.

21.     If the Settlement is approved, all Class Members will be bound by the proposed Settlement as set forth in the Stipulation, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not any Class Member submits a Proof of Claim.

22.     If the Settlement, including any amendment made in accordance with the Stipulation, is not finally approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

23.     Pending final determination of whether the Settlement should be approved, all proceedings in the Action against the Released Parties, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, the Class Representative and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, or asserting any action asserting any claims against the Released Parties that are or relate in any way to the Settled Claims as

defined in the Stipulation.

24.     The Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Plaintiff's Counsels' application for an award of attorneys' fees and payment of litigation expenses, or with respect to Lead Plaintiff's application for reimbursement of reasonable costs and expenses (including lost wages). The Plan of Allocation, Plaintiff's Counsel's application for an award of attorneys' fees and payment of litigation expenses, and Lead Plaintiff's application for reimbursement of reasonable costs and expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Settlement Hearing, the Court will determine whether the proposed Plan of Allocation should be approved, the amount of attorneys' fees and litigation expenses to be awarded to Plaintiff's Counsel, and Lead Plaintiff's application for reimbursement of reasonable costs and expenses (including lost wages). Any appeal from any orders relating to the Plan of Allocation, Plaintiff's Counsels' application for an award of attorneys' fees and litigation expenses, or Lead Plaintiff's application for reimbursement of reasonable costs and expenses, or reversal or modification of any order(s) thereon, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of Judgment approving the Stipulation and the Settlement of the Action set forth therein.

25.     The contents of the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of such fund shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

26.     Neither the Stipulation nor any terms or provisions contained in the Stipulation, nor any negotiations, statements, or proceedings in connection therewith, nor any action undertaken pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession on the part of any Defendant or any other person of any liability, wrongdoing, or fault by them, or any of them,

1 and shall not be offered or received in evidence in any action or proceeding, or be

2 used in any way as an admission, concession, or evidence of any liability,

3 wrongdoing, or fault of any nature, and shall not be construed as, or deemed to be

4 evidence of, an admission or concession that the Class Representative, any member

5 of the Class, or any other person, has or has not suffered any damage.

6 27. Any party making submissions to the Court in support of approval of

7 the Settlement or the Plan of Allocation, or in support of Plaintiff's Counsel's

8 application for an award of attorneys' fees and reimbursement of litigation

9 expenses, or for an award under the Private Securities Litigation Reform Act to

10 Lead Plaintiff, shall do so by seven (7) calendar days before the date scheduled for

11 the Settlement Hearing.

12 28. Only Class Members, Plaintiff's Counsel, and Lead Plaintiff shall have

13 any right to any portion of, or any rights in the distribution of the Settlement Fund

14 unless otherwise ordered by the Court or as otherwise provided for above or in the

15 Stipulation.

16 29. The Court directs payment of notice and administration expenses in

17 accordance with the Stipulation.

18 30. As set forth in the Stipulation, the proceeds of the Settlement Fund

19 may be used to pay all reasonable costs and expenses in connection with the

20 administration of the Settlement including, soliciting claims, assisting with the

21 filing of the claims, administering and distributing the Net Settlement Fund,

22 processing Proof of Claim forms, and paying taxes, escrow fees, and costs. In the

23 event the Court does not approve the Settlement, or if it otherwise fails to become

24 effective, neither Lead Plaintiff nor Plaintiff's Counsel shall have any obligation to

25 repay any amounts actually and properly incurred or disbursed for administration

26 purposes or for any amounts paid or incurred in connection with providing notice as

27 set forth in the Stipulation.

28 31. There shall be no distribution of the Net Settlement Fund to Class

1  Members who filed valid Proof of Claims until a plan of allocation is finally

2  approved and is affirmed on appeal or is no longer subject to review by appeal or

3  *certiorari* and the time for any petition for rehearing, appeal, or review has expired.

4      32.    The Court may, for good cause, extend any deadlines set forth in this

5  order without further notice to Class Members.

6      33.    Without further notice of any kind to Class Members, the Court

7  reserves the right to adjourn or continue the Settlement Hearing or any adjournment

8  or continuance thereof, including the consideration of Plaintiff's Counsel's

9  application for attorneys' fees and reimbursement of litigation expenses, or the

10  application of Lead Plaintiff.

11      34.    The Court reserves the right to approve the Settlement at or after the

12  Settlement Hearing with such modification as may be consented to by the Parties

13  and without further notice to the Class.

14      35.    The Court retains jurisdiction of this Action to consider all further

15  applications or matters arising out of or connected with the proposed Settlement.

16

17  DATED:

18  *December 7, 2009*

19                           *David O. Carter*

20                     THE HONORABLE DAVID O. CARTER

21                     UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

EXHIBIT A-1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| MIDDLESEX RETIREMENT SYSTEM, Individually and on behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> QUEST SOFTWARE, INC., VINCENT C. SMITH, M. BRINKLEY MORSE, MICHAEL J. LAMBERT, DAVID M. DOYLE, JERRY MURDOCK, JR., and KEVIN BROOKS, <br><br> Defendants. | Case No. CV 06-6863-DOC (RNBx) |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF
CLASS ACTION AND SETTLEMENT HEARING

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED QUEST SOFTWARE, INC. ("QUEST") COMMON STOCK ON THE OPEN MARKET DURING THE PERIOD NOVEMBER 9, 2001 THROUGH JULY 3, 2006, INCLUSIVE (the "CLASS PERIOD"), AND WHO WERE DAMAGED THEREBY (the "CLASS").[1]

The Settlement resolves the above-captioned lawsuit, *Middlesex Retirement System v. Quest Software, Inc.*, Case No. CV06-6863-DOC (RNBx) (the "Action"),[2] pending in the United States District Court for the Central District of California (the "Court"). The Action concerns allegations that Defendants violated the Securities Exchange Act of 1934 by making materially false and misleading statements and omissions regarding Quest's financial condition during the period from November 9, 2001 through July 3, 2006, inclusive. Specifically, Middlesex Retirement System ("Middlesex", "Lead Plaintiff" or "Class Representative") alleges in this Action that during the Class Period, Defendants did not properly account for stock option grants that had been issued at prices which were below fair market value on the actual date

---

[1] Excluded from the Class are: (i) Defendants; (ii) all officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries, trusts, or affiliates at all relevant times; (iii) members of the immediate family of any of the foregoing excluded parties; (iv) any entity in which any of the foregoing excluded parties has or had a controlling interest, other than any entities that, as of or after the beginning of the Class Period, no excluded party held a 5% or greater interest in; and (v) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded parties. Also excluded from the Class are any members of the Class who exclude themselves by timely requesting exclusion in accordance with the requirements set forth in this Notice.

[2] Capitalized terms that are not defined herein may be defined in the Stipulation (as defined below) or other documents related to the Settlement. If you have any questions about the definition of a capitalized term, you may read the answers to the questions below or contact the attorneys or the Claims Administrator, as described in this Notice.

that the grant was approved, which caused, among other things, Quest's financial statements to be materially false and misleading in that they failed to accurately reflect Quest's compensation expenses, resulting in Quest's operating and net income to be overstated.  Defendants deny all of Middlesex's allegations and claims.  Defendants' position is that Quest did not knowingly engage in any improper backdating of stock options.

The "Settlement" provides for a fund of twenty nine million four hundred thousand dollars ($29,400,000.00) ("Settlement Amount") (plus the costs of providing Notice to the Class), plus earned interest for the benefit of Class Members (as defined below) who purchased Quest common stock during the Class Period.

Your legal rights are affected whether or not you act.  Read this Notice carefully.

The Court in charge of this case still has to decide whether to approve the Settlement.  Payments will be made only if the Court approves the Settlement and only after any appeals are resolved.  Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A PROOF OF CLAIM FORM (by [Proof of Claim deadline]) | The only way to get a payment.  You will release any and all claims related to this Action.  A copy of the Proof of Claim and Release form ("Proof of Claim") is enclosed and is also available at www.QuestSoftwareClassActionSettlement.com or www.wolfpopper.com. |
| EXCLUDE YOURSELF (by [opt out deadline]) | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case. |
| OBJECT (by [objection deadline]) | File with the Clerk of the Court your written objections about why you do not like the Settlement, the Plan of Allocation, counsel's request for fees and expenses, or the reimbursement to the Lead Plaintiff for costs and expenses (including lost wages). |
| GO TO A HEARING ([Settlement Hearing date]) | Ask to speak in Court concerning the fairness of the Settlement, the Plan of Allocation, counsel's request for fees and expenses, or the reimbursement to the Lead Plaintiff for costs and expenses (including lost wages). |
| DO NOTHING | Get no payment.  Give up rights. |

## SUMMARY OF THE NOTICE

**Securities and Time Period**
The Settlement relates to Quest common stock.  In order to be considered part of the Class, you must have purchased Quest common stock on the open market during the Class Period (November 9, 2001 through July 3, 2006, inclusive), and not be otherwise excluded.

**Settlement Fund and Lead Plaintiff's Statement of Recovery**
The Settlement Amount consists of twenty nine million four hundred thousand dollars ($29,400,000.00) plus interest earned ("Settlement Fund").  In addition to funding the Settlement Fund, Defendants have also agreed to pay for all costs associated with providing notice of this Settlement to the Class, an additional substantial benefit to the Class.  Plaintiff believes that this Settlement represents a substantial recovery for the Class based on the estimated damages and the risks and delays of proceeding through trial and certain appeals therefrom.  Your recovery will depend on the number of shares of Quest common stock you purchased during the Class Period, and the timing of those

transactions. It will also depend on the number of valid Proof of Claim forms that members of the Class submit and the amount of such claims. Assuming that all of the investors who purchased Quest common stock during the Class Period and suffered damages participate in this Settlement, Plaintiff's Counsel estimates that the estimated average distribution will be approximately $0.535 per share of Quest common stock before the deduction of Court-approved fees and expenses as described in the answer to Question 18 below and the cost of claims administration. Historically, fewer than all eligible investors submit claims.

**Statement of Potential Outcome of the Action**

Defendants disagree with Lead Plaintiff on the liability of Defendants and on the average amount of damages per share, if any, that would be recoverable if the Lead Plaintiff were to prevail on each claim alleged. Defendants deny that they are liable in any respect. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false, misleading, or whether the Defendants are otherwise liable under the securities laws for those statements or omissions; (2) whether the Defendants acted intentionally; (3) the appropriate economic model for determining the amount by which the price of Quest common stock was allegedly artificially inflated (if at all) during the Class Period; (4) the amount by which the price of Quest common stock was allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces influencing the trading prices of Quest common stock at various times during the Class Period; (6) the extent to which external factors, such as general market and industry conditions, influenced the trading prices of Quest common stock at various times during the Class Period; (7) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced the trading prices of Quest common stock at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced the trading prices of Quest common stock at various times during the Class Period.

**Fees and Expenses**

The fee and expense applications are subject to the approval of the Court. At the Settlement Hearing (as defined below), Plaintiff's Counsel (as defined below) will request the Court award attorneys' fees of 25% of the Settlement Fund, plus the payment of expenses (not to exceed $695,000), which were incurred in connection with the Action, plus interest thereon. In addition, Lead Plaintiff will seek compensation pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") of a total of not more than $25,000 for its reasonable costs and expenses incurred in prosecuting this Action, plus interest thereon. This compensation will be paid from the Settlement Fund. If the amounts requested are awarded by the Court, the average cost per share of Quest common stock will be $0.147 (this amount will vary depending on the number of claims submitted). Persons who fall within the definition of the Class and who do not request exclusion from the Class in accordance with the procedures established by the Court ("Class Members") are not personally liable for any such fees or expenses. To date, Plaintiff's Counsel have not received any payment for their services in conducting the Action and counsel have not been paid for their expenses incurred.

**Reasons for the Settlement**

For the Class Representative, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery for the Class. This benefit must be compared to the risk that no recovery or a smaller recovery might be achieved after more motion practice and litigation through a contested trial and certain appeals thereafter, possibly years into the future. For Defendants, who deny all allegations of wrongdoing, the principal reason for the Settlement is to eliminate the expense, risks, and uncertain outcome of the Action.

**Further Information**

Further information regarding the Action and this Notice may be obtained by contacting the Claims Administrator (as defined below) at (888) 356-0272 or Class Counsel (as defined below) at irrep@wolfpopper.com, or by visiting www.QuestSoftwareClassActionSettlement.com or www.wolfpopper.com. **Please Do Not Call The Court Or Quest With Questions About The Settlement.**

## WHAT THIS NOTICE CONTAINS

1. Why did I get this notice package?.......................................................................................................................
2. What is this lawsuit about?..................................................................................................................................
3. Why is this Action a class action?.......................................................................................................................

4.  Why is there a settlement?..................................................................................................
5.  How do I know if I am part of the Settlement? ................................................................
6.  Are there exceptions to being included in the Class? .......................................................
7.  I'm still not sure if I am included ....................................................................................
8.  What does the Settlement provide? ..................................................................................
9.  How much will my payment be?.......................................................................................
10. How can I get a payment? ...............................................................................................
11. When would I get my payment?.......................................................................................
12. What am I giving up to get a payment or stay in the Class?.............................................
13. What is the Plan of Allocation and how will claims be calculated?.................................
14. How do I exclude myself from the Class and the Settlement? .........................................
15. If I do not exclude myself, can I sue Defendants for the same thing later?......................
16. If I exclude myself, can I get money from this Settlement? .............................................
17. Do I have a lawyer in this case? ......................................................................................
18. How will the lawyers be paid? ........................................................................................
19. How do I object? ..............................................................................................................
20. What is the difference between objecting to the Settlement and excluding myself from the Settlement? ............
21. When and where will the Court decide whether to approve the Settlement? ....................
22. Do I have to come to the Settlement Hearing? ................................................................
23. May I speak at the Settlement Hearing?..........................................................................
24. What happens if I do nothing at all?................................................................................
25. How do I get more information? ......................................................................................
SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES.......................................

**1.  Why did I get this notice package?**

You or someone in your family may have purchased Quest common stock during the Class Period.  The Court directed that Class Members be sent this Notice because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.  If the Court approves it and after objections and appeals (if there are any) are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.  This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2.  What is this lawsuit about?**

The Action was commenced on October 27, 2006 as a class action alleging that Defendants violated the Securities Exchange Act of 1934 ("Exchange Act") by making materially false and misleading statements and omissions regarding Quest's financial condition during the period from November 9, 2001 through July 3, 2006, inclusive. Specifically, Middlesex alleges in this Action that during the Class Period, Defendants did not properly account for stock option grants that had been issued at prices which were below fair market value on the actual date that the grant was approved, which caused, among other things, Quest's financial statements to be materially false and misleading in that they failed to accurately reflect Quest's compensation expenses, resulting in Quest's operating and net income to be overstated.  Defendants deny all of Middlesex's allegations and claims.

Defendants' position is that Quest did not knowingly engage in any improper backdating of stock options. Defendants deny the claims and contentions alleged by Lead Plaintiff in this Action, deny any wrongdoing whatsoever, and maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Action.

On January 22, 2007, the Court appointed Middlesex, a Massachusetts pension fund, to serve as the Lead Plaintiff for the Action, and approved Middlesex's selection of Wolf Popper LLP, 845 Third Avenue, New York, New York 10022 as lead counsel ("Lead Counsel") and Hulett Harper Stewart LLP, 525 B Street, Suite 760, San Diego, California, 92101 as liaison counsel ("Liaison Counsel") for the Class.

On March 26, 2007, Middlesex filed its First Amended Class Action Complaint (the "First Amended Complaint"). On May 25, 2007, Defendants moved to dismiss the First Amended Complaint. On July 24, 2007, Middlesex filed its opposition to Defendants' motion to dismiss the First Amended Complaint. On October 22, 2007, the Court issued an order granting, in part, and denying, in part, Defendants' motion to dismiss the First Amended Complaint.

On January 18, 2008, Middlesex filed its Second Amended Class Action Complaint (the "Second Amended Complaint") against Quest, Vincent C. Smith (Chairman of the Board of Directors and Chief Executive Office of Quest) ("Smith"), M. Brinkley Morse (former Quest Senior Vice President of Corporate Development) ("Morse"), Michael J. Lambert (Chief Financial Officer and former Senior Vice President of Finance of Quest) ("Lambert"), Douglas F. Garn (President and former Vice President of Worldwide Sales of Quest) ("Garn"), David M. Doyle (co-founder and former President and Member of the Board of Directors of Quest) ("Doyle"), Jerry Murdock, Jr. (member of the Board of Directors of Quest) ("Murdock"), and Kevin Brooks (former Vice President and Corporate Controller of Quest) ("Brooks", collectively with Smith, Morse, Lambert, Doyle and Murdock, the "Individual Defendants"). The Second Amended Complaint asserted claims for violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5 against Defendants Quest, Smith, Morse, Doyle, Murdock and Brooks (the "Section 10(b) Defendants"), violations of Section 20(a) of the Exchange Act against Defendants Smith, Morse, Lambert, Doyle, Murdock and Brooks (the "Section 20(a) Defendants"), and for violations of Section 20A of the Exchange Act against Defendants Smith, Brooks, Garn, Doyle and Murdock (the "Section 20A Defendants").

On February 26, 2008, defendants Quest, Smith, Lambert, Garn, Doyle and Brooks filed a motion to dismiss the Second Amended Complaint. On March 4, 2008, defendants Murdock and Morse filed separate motions to dismiss the Second Amended Complaint. On April 11, 2008, Middlesex opposed the three motions to dismiss the Second Amended Complaint. Defendants filed their replies on April 25, 2008 and May 2, 2008. On July 10, 2008 the Court issued an order granting, in part, and denying, in part, Defendants' motions to dismiss the Second Amended Complaint. The Court denied the Defendants' Motion to Dismiss the claims in the Second Amended Complaint for violations of Sections 10(b) and 20(a) of the Exchange Act. The Court granted the Defendants' Motions to Dismiss the claims in the Second Amended Complaint for violations of Section 20A against Defendants Doyle, Murdock and Garn and denied the Defendants' Motions to Dismiss the Section 20A claims in the Second Amended Complaint as to all other Defendants. On July 10, 2008, the Court also ordered that discovery in the Action commence immediately.

On July 24, 2008, Defendants filed Answers to Middlesex's Second Amended Complaint.

During the pendency of the Action, Middlesex and the Defendants (collectively, the "Parties") engaged in substantial and extensive discovery. Plaintiff's Counsel served numerous requests for production of documents, interrogatories, and requests for admission on Defendants. On September 8, 2008, Quest began producing documents to Middlesex. Defendants produced, and Plaintiff's Counsel reviewed, well over 350,000 pages of documents. Plaintiff's Counsel also served subpoenas for the production of documents on over 25 third parties, and reviewed documents produced by those third parties. Plaintiff's Counsel also conducted depositions of certain Defendants and current and former officers and employees of Quest. The Parties conducted dozens of telephonic and written meet-and-confer conferences with respect to discovery disputes among themselves and with third parties, through which numerous discovery disputes were resolved. In two instances in which disputes could not be resolved, Plaintiff's Counsel filed a motion to compel the production of documents it viewed as improperly withheld by Defendants.

On May 12, 2009, the Parties participated in a mediation, to determine whether the Action could be resolved, before David Geronemus, Esq. ("Mediator") at JAMS in New York, NY. The Parties submitted confidential mediation statements for the Mediator and exchanged expert reports with respect to damages. The mediation was unsuccessful.

On June 12, 2009, Middlesex filed its Motion for Class Certification. After extensive discovery, briefing, and oral argument, the Court, by order dated September 8, 2009, certified this Action to proceed as a class action pursuant to

Rule 23 of the Federal Rules of Civil Procedure. The Order also certified Middlesex as the Class Representative and confirmed Wolf Popper LLP as Lead Counsel for the Class and Hulett Harper Stewart LLP as Liaison Counsel for the Class (collectively, "Plaintiff's Counsel").

On October 16, 2009, the Parties reached the proposed agreement to settle the Action, subject to Court approval.

**3. Why is this Action a class action?**
In a class action, one or more people called class representatives (in this case Middlesex) sue on behalf of people who have similar claims. All of these people and/or entities are a class or members of the class. Bringing a case, such as this one, as a class action allows adjudication of many similar claims that might be economically too small to bring in individual actions. One court resolves the issues for all members of the class, except for those who exclude themselves from the class.

**4. Why is there a settlement?**
After three years of litigation, the parties reached an agreement to settle this case. The Settlement reflects a compromise that resolves the Class' claims without trial. The Settlement was reached before a trial, and the Court did not decide in favor of Lead Plaintiff or Defendants. Instead, the lawyers for both sides of the Action have negotiated a settlement that they believe is in the best interest of their respective clients. The Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of trials and appeals, and permits Class Members to be compensated without further delay. Lead Plaintiff, through Plaintiff's Counsel, has analyzed the evidence adduced during pretrial discovery, consulted with accounting, damages, and materiality experts, and researched the applicable law with the respect to the claims of the Class Representative and the Class against Defendants and the potential defenses thereto. The Lead Plaintiff and Plaintiff's Counsel believe that the Settlement is in the best interests of Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to decide if you are a Class Member.

**5. How do I know if I am part of the Settlement?**
The Class includes all persons or entities who purchased Quest Software, Inc. common stock on the open market during the period November 9, 2001 through July 3, 2006, inclusive, and who were damaged thereby.

**6. Are there exceptions to being included in the Class?**
Yes. Excluded from the Class are: (i) Defendants; (ii) all officers, directors, and partners of any Defendant and of any Defendant's partnerships, subsidiaries, trusts, or affiliates at all relevant times; (iii) members of the immediate family of any of the foregoing excluded parties; (iv) any entity in which any of the foregoing excluded parties has or had a controlling interest, other than any entities that, as of or after the beginning of the Class Period, no excluded party held a 5% or greater interest in; and (v) the legal representatives, heirs, successors, and assigns of any of the foregoing excluded parties. Also excluded from the Class are any members of the Class who exclude themselves by timely requesting exclusion in accordance with the requirements set forth in the Notice.

Also, other types of stock or securities of Quest are not included in the Class. For example, if you purchased Quest preferred stock, or received Quest common stock through the conversion of any preferred stock, options, or other convertible security of Quest that you owned, those shares of common stock are not included in the Class.

**7. I'm still not sure if I am included**
If you still are not sure whether you are included, you can ask for free help. You can call the Claims Administrator at (888) 356-0272 or visit www.QuestSoftwareClassActionSettlement.com for more information. If you wish, you may also contact your own attorney.

## THE SETTLEMENT BENEFITS

**8.  What does the Settlement provide?**
In exchange for the settlement and dismissal of the Action, Defendants paid the Settlement Amount of twenty nine million four hundred thousand dollars ($29,400,000.00).  The Settlement Fund (less certain Court authorized expenses) is being invested in short term United States Government or United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and that interest is being accrued and reinvested for the benefit of the Class.  The Settlement Fund will be distributed proportionally to eligible Class Members who send in valid Proof of Claim forms, after payment of Plaintiff's Counsel's legal fees and expenses, any award to Lead Plaintiff for its time, expense and effort in representing the Class, any taxes due on the interest earned by the Settlement Fund, and the expenses and the costs of claims administration, as approved by the Court.  The costs of printing and mailing this Notice and the cost of publishing notice was not paid from the Settlement Fund, rather these expenses were paid directly by Quest, thus providing an additional benefit to the members of the Class by not reducing the Settlement Fund by the amount of such expenses.

**9.  How much will my payment be?**
Your share of the monies available for distribution will depend on the number of shares of Quest common stock represented by valid Proof of Claim forms that Class Members send in and the dollar amount of those claims, how many shares of Quest common stock you purchased, and when you bought and sold them.  A claim will be calculated as follows:  The Settlement Fund, less attorneys' fees and litigation expenses, any award to Lead Plaintiff for its costs and expenses (including lost wages) in representing the Class (such payment is expected to be no more than $25,000), taxes and administration costs ("Net Settlement Fund") will be distributed to Class Members who submit valid, timely Proof of Claim forms ("Authorized Claimants") under the Plan of Allocation (the "Plan") described below.

Each Authorized Claimant will receive an amount equal the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss, as defined below, bears to the total of the Recognized losses of all Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  The Plan of Allocation has been prepared by Plaintiff's Counsel with the assistance of a damages expert.  Defendants do not agree with the characterization that any damages were suffered by Lead Plaintiff or the Class.

## HOW YOU GET A PAYMENT - SUBMITTING A CLAIM FORM

**10.  How can I get a payment?**
To qualify for a payment, you must send in a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice.  You may also get a Proof of Claim form from the Claims Administrator at: Quest Software, Inc. Class Action Settlement, c/o Rust Consulting, Inc. ("Claims Administrator"), P.O. Box 2259, Faribault, MN  55021-2379, or from the Internet at either www.QuestSoftwareClassActionSettlement.com or www.wolfpopper.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it to the Claims Administrator at the above address postmarked no later than **[Proof of Claim deadline]**.

**11.  When would I get my payment?**
The Court will hold a Settlement Hearing on **[Settlement Hearing date]** to decide whether to approve the Settlement.  Even if the Court approves the Settlement, there could be objections and there could be appeals. Resolving these can take time, perhaps more than a year.  It also takes time for all the Proof of Claim forms to be processed.  If there are no appeals and depending on the number of claims submitted, the Claims Administrator could distribute the Net Settlement Fund within about a year after the deadline for filing the Proof of Claim forms. Please be patient.  You can always contact Class Counsel and the Claims Administrator for information.

**12.  What am I giving up to get a payment or stay in the Class?**
Unless you exclude yourself, you will remain in the Class, and that means you cannot sue or be part of any other lawsuit against the Defendants regarding the same issues or the claims that were or could have been raised in the Action.  To receive the payment under the Settlement, if the Settlement is approved, you must release all "Settled Claims" against Defendants and their "Related Parties" (as defined below).

"**Related Parties**" means each of Quest or an Individual Defendant's past or present directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities; any entity in which Quest or an Individual Defendant has or had a controlling interest, other than any entities that, as of or after the beginning of the Class Period, no excluded party held a 5% or greater interest in; any member of any Individual Defendant's immediate family; or any trust of which any Individual Defendant is the settlor or which is for the benefit of any member of an Individual Defendant's immediate family.

"**Released Parties**" means Quest, the Individual Defendants, and the Related Parties.

"**Settled Claims**" means and includes any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action or liabilities of any kind or nature whatsoever (including, but not limited to, any claims for damages (whether compensatory, special, incidental, consequential, punitive, exemplary or otherwise), injunctive relief, declaratory relief, rescission or rescissory damages, interest, attorneys' fees, expert or consulting fees, costs, expenses, or any other form of legal or equitable relief whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below and as set forth in the Proof of Claim form) that: (i) have been asserted in this Action by Class Representative on behalf of the Class and its Class Members against any of the Released Parties, or (ii) have been or could have been asserted in any forum by the Class Representative, Class Members or any of them against any of the Released Parties, including derivative claims and claims under the Employee Retirement Income Security Act of 1974, which arise out of, relate to or are based upon the allegations, transactions, facts, matters, occurrences, representations or omissions involved or set forth in the complaints filed in this Action (collectively, the "Complaint"). Settled Claims shall also include any and all claims, debts, demands, controversies, obligations, losses, rights or causes of action that the Class Representative, Class Members or any of them may have against the Released Parties or any of them which involve or relate in any way to the defense of the Action or the Settlement of the Action.

"**Unknown Claims**" means any and all claims that the Class Representative or any Class Member does not know or suspect to exist and any and all claims that Quest or any Individual Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of, as applicable, the Released Parties, the Class Representative, and Class Members, or might have affected his, her or its decision to object or not to object to this Settlement. The Class Representative, Class Members, Quest and the Individual Defendants and each of them may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims and/or the Settled Defendants' Claims and Unknown Claims include those claims in which some or all of the facts comprising the claim may be undisclosed or hidden. Nevertheless, with respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights and benefits of California Civil Code § 1542 and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. California Civil Code § 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties expressly acknowledge, and the Class Members shall be deemed to have, and by operation of the

Judgment shall have acknowledged, that the waiver and release of Unknown Claims constituting Settled Claims and/or Settled Defendants' Claims was separately bargained for and is a material element of the Settlement.

## HOW YOU GET A PAYMENT - SUBMITTING A CLAIM FORM

**13. What is the Plan of Allocation and how will claims be calculated?**
The Net Settlement Fund shall be distributed to Class Members who submit timely and valid Proofs of Claim ("Authorized Claimants") under the Plan of Allocation (the "Plan") described below:

For purposes of determining the amount a Claimant may recover under the Plan, Plaintiff's Counsel conferred with their damage consultants and the Plan reflects an assessment of the damages that they believe could have been recovered had Plaintiffs prevailed at trial. Defendants have had, and shall have, no involvement or responsibility for the terms or application of the Plan described herein. The Court may approve the Settlement and Stipulation, even if it does not approve the Plan of the settlement proceeds.

The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below. The Recognized Loss formula is intended to equitably apportion the Net Settlement Fund among Class Members. The Recognized Loss formula is not an estimate of what your out-of-pocket losses might be for tax purposes; nor is it an estimate of what a Class Member would have recovered after trial; nor is it the amount that the Authorized Claimant will be paid pursuant to the Settlement. If, however, as expected, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Claimant, then each Claimant shall be paid the percentage of the Net Settlement Fund that each Claimant's Recognized Loss bears to the total of the Recognized Losses of all Claimants – i.e., the Claimant's pro rata share of the Net Settlement Fund. Payment in this manner shall be deemed conclusive against all Claimants.

The calculation of each Class Member's Recognized Loss takes into account when during the Class Period the Class Member purchased Quest common stock and when (if at all) the Class Member sold such Quest Common stock during or after the Class Period. The proposed Plan reflects Plaintiffs' allegations that over the course of the Class Period, the trading prices of Quest Software, Inc. common stock were artificially inflated on account of the Defendants' misrepresentations and omissions concerning option grant improprieties and irregular accounting for option compensation. Estimated damages and the Plan were developed based on an event study analysis, which determines how much artificial inflation was in the stock price on each day during the Class Period by measuring how much the stock price rose as a result of misrepresentations and omissions and declined as a result of disclosures that corrected the alleged misrepresentations and omissions. Because corrective disclosures reduced the artificial inflation in stages over the course of the Class Period, the damages suffered by any particular Claimant depends on when that Claimant purchased and sold shares, and whether the Claimant retained shares beyond the end of the Class Period.

For purposes of this Settlement only, Recognized Loss will be calculated as follows:

For each share of Quest Software, Inc. common stock purchased or otherwise acquired during any of

the periods shown below in Table 1, and:
  a. sold within the same period, the Recognized Loss per share is zero.
  b. sold in a subsequent period, the Recognized Loss per share is the lesser of:
       i. the decline in inflation per share shown below in Table 1; or
       ii. the purchase price per share less the sales price per share.
  c. retained beyond July 3, 2006, the Recognized Loss per share is the lesser of:
       i. the decline in inflation per share shown in Table 1; or
       ii. the purchase price per share less $13.27. [3]

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action

| Purchase Date | Sale Date | | | | Retained Beyond 7/3/2006 |
|---|---|---|---|---|---|
| | 11/9/2001 - 5/16/2006 | 5/17/2006 | 5/18/2006 | 5/19/2006 - 7/3/2006 | |
| 11/9/2001- 5/16/2006 | $ 0.00 | $ 0.86 | $ 0.25 | $ 2.08 | $ 3.36 |
| 5/17/2006 | | $ 0.00 | $ 0.00 | $ 1.22 | $ 2.50 |
| 5/18/2006 | | | $ 0.00 | $ 1.83 | $ 3.11 |
| 5/19/2006 - 7/3/2006 | | | | $ 0.00 | $ 1.28 |

For Class Members who held shares at the beginning of the Class Period, or who made multiple purchases, acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a Recognized Loss. Under the FIFO method, shares sold during the Class Period will be matched first against shares held at the beginning of the Class Period. The sale of any remaining shares during the Class Period will then be matched in chronological order against shares purchased during the Class Period.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if an Authorized Claimant had a net loss, after all profits from transactions in Quest Software, Inc. common stock during the Class Period are subtracted from all losses.

No Authorized Claimant whose proportionate share of the Net Settlement Fund is less than $10.00 shall receive a distribution from the Net Settlement Fund. Rather, that Claimant's proportionate share of the Net Settlement Fund shall be redistributed among all remaining Authorized Claimants.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. Class Members who do not submit a request for exclusion and do not submit an acceptable Proof of Claim by the deadline for submitting claims will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. Subject to the approval of the Court, if any funds remain in the Net Settlement Fund by reason of the uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after the initial distribution of such funds shall be redistributed to Class Members, if feasible in an equitable and economic fashion, who have cashed their initial distributions. If after six months after such redistribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed as follows: any balance shall be donated to one or more secular § 501(c)(3) organizations designated by Class Counsel.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds. Payment pursuant to the Plan shall be conclusive against all Claimants. No Person shall have any claim against Plaintiff's Counsel, Lead Plaintiff, the Claims Administrator, Defendants and their Related Parties, or any Person designated by Plaintiff's Counsel based on distributions made substantially in accordance with the

---

arising under this chapter in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." $13.27 was the mean (average) daily closing trading price of Quest Software, Inc. common stock during the 90-day period beginning on July 5, 2006 and ending on October 2, 2006.

Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

## EXCLUDING YOURSELF FROM THE CLASS AND THE SETTLEMENT

**14. How do I exclude myself from the Class and the Settlement?**
You can exclude yourself from the Class and the Settlement. If you do not want a payment from the Settlement, but you want to keep any right to sue Quest, or any of the Defendants or any of the Related Parties, about the claims you would otherwise be releasing in this Settlement, then you must take steps to exclude yourself from the Settlement. This is called excluding yourself or is sometimes referred to as "opting out" of the Class. To exclude yourself, you must send a letter by mail saying that you want to be excluded from the *Middlesex Retirement System v. Quest Software, Inc.* Action.

Your request to be excluded must be signed and must state: (a) your name, address, telephone number, fax number (if available), and email address (if available); (b) your purchases and sales of Quest common stock made during the Class Period, including the dates, the number of shares of Quest common stock purchased and sold, the price(s) paid or received per share of Quest common stock for each such purchase or sale, and whether you continue to hold such Quest common stock; (c) the amount or number of shares of Quest common stock held as of the beginning of the Class Period on November 9, 2001 and whether you continue to hold such common stock; and (d) that you wish to be excluded from the Class. You must mail your exclusion request postmarked on or before **[opt out deadline]** to:

Quest Software, Inc. Class Action Settlement
c/o Rust Consulting, Inc.
P.O. Box 2259
Faribault, MN 55021-2379

You cannot exclude yourself on the phone or by email. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. Also, you will not be legally bound by anything that happens in this lawsuit, and you would not be prevented by this Settlement from suing Defendants and their Related Parties for the Settled Claims in the future. However, if you exclude yourself and bring your own lawsuit, you would be subject to all the risks of litigation, including the risk that your lawsuit would be rejected because you filed it too late. If you do not file your request for exclusion on time, you will be legally bound by all the proceedings in this Action, including all court orders and judgments in the Action, even if you have a lawsuit pending against the Released Parties that covers Settled Claims, or if you subsequently start a lawsuit or an arbitration or any other proceeding against any of the Released Parties that are covered by the Settled Claims.

**15. If I do not exclude myself, can I sue Defendants for the same thing later?**
No. Unless you exclude yourself, you give up any right to sue Defendants or their Related Parties for the claims that this Settlement resolves. Remember, the exclusion deadline is **[opt out deadline]**.

**16. If I exclude myself, can I get money from this Settlement?**
No. If you exclude yourself, unless you retract your exclusion prior to the Settlement Hearing, do not send in a Proof of Claim form to ask for any money. Once you exclude yourself, you will receive no cash payment even if you also submit a Proof of Claim form, unless you withdraw your notice of exclusion before the Settlement Hearing.

## THE LAWYERS REPRESENTING YOU

**17. Do I have a lawyer in this case?**
Pursuant to Orders of the Court dated January 22, 2007 and September 8, 2009, Lead Plaintiff and the Class are represented by Wolf Popper LLP, 845 Third Avenue, New York, New York 10022 (Lead and Class Counsel) and Hulett Harper Stewart LLP, 525 B Street, Suite 760, San Diego, California, 92101 (Liaison Counsel) (collectively, "Plaintiff's Counsel"). You will not be separately charged for these lawyers' work. The Court will determine the

amount of Plaintiff's Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

**18. How will the lawyers be paid?**

All fee and expense applications are subject to the approval of the Court. At the Settlement Hearing, Plaintiff's Counsel will request the Court to award attorneys fees of 25% of the Settlement Fund, plus payment of expenses, not to exceed $695,000, which were incurred in connection with the Action, plus interest thereon. In addition, Lead Counsel are also asking the Court to award a payment of up to no more than $25,000 to the Court-appointed Lead Plaintiff for the reasonable costs and expenses directly relating to its prosecuting the Action on behalf of the Class. This compensation will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. To date, Plaintiff's Counsel have not received any payment for their services in conducting the Action nor have they or Lead Plaintiff been paid for their expenses incurred.

## OBJECTING TO THE SETTLEMENT

**19. How do I object?**

If you are a Class Member (and you have not excluded yourself) and you want to object to the Settlement or any of its terms, the proposed Plan of Allocation, the application by Plaintiff's Counsel for an award of fees and the reimbursement of expenses, and/or the request for an award to the Lead Plaintiff under the Private Securities Litigation Reform Act, the Court will consider your views if you file a proper objection within the deadline below, and according to the following procedures. To object, you must send a signed letter saying that you object to the proposed Settlement in "Middlesex Retirement System v. Quest Software, Inc., Case No. CV 06-6863-DOC (RNBx) (United States District Court for the Central District of California)." Your letter must include your name, address, telephone number, fax number (if available) and email address (if available) and your original signature (no copies). You must also include: (a) a written statement of your objections; (b) the grounds or the reasons for why you object or desire to appear and be heard, as well as copies of all documents or any writings that you wish the Court to consider; (c) whether you intend to present any witnesses and, if so, the identity of such witnesses; and (d) information about your purchases and sales of Quest common stock made during the Class Period, including the dates, number of shares, the price(s) paid or received per share, and whether you continue to hold such Quest common stock. If you object to the Settlement, Plan of Allocation, or any fee or expense application relating to the Settlement, you may be subject to a deposition prior to the Settlement Hearing.

You must mail such objection, on or before **[objection deadline]**, to: Clerk of the Court, United States District Court for the Central District of California, Southern Division, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516. You must also send a copy of what you send to the Court to the following attorneys on or before **[date]**:

Wolf Popper LLP
845 Third Avenue, 12th Floor
New York, NY 10022
Email: IRRep@wolfpopper.com

Hulett Harper Stewart LLP
525 B Street, Suite 760
San Diego, CA 92101
Email: office@hulettharper.com

Cooley Godward Kronish LLP
4401 Eastgate Mall
San Diego, CA 92121
QuestClassAction@cooley.com

You may object either on your own or through an attorney that you hire at your own expense. If you do hire an attorney to represent you, your attorney must file a Notice of Appearance with the Clerk of the Court and deliver a copy of that notice to the above counsel on or before **[date]**.

You do not need to go to the Settlement Hearing to have your written objection considered by the Court. At the Settlement Hearing, any Class Member who (1) has not previously submitted a request for exclusion from the Class and (2) has complied with the procedures set out for filing with the Court, and provided to the counsel for Lead Plaintiff and Defendants a statement of an intention to appear at the Settlement Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation, Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of expenses, and/or the proposed award to the Lead Plaintiff. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Settlement Hearing.

If you do not follow the directions in this Notice for objecting to the Settlement, you will forfeit all rights that you may have to object to and/or appeal this Settlement unless the Court orders otherwise. You will be bound by the orders and judgments in this lawsuit.

**20.  What is the difference between objecting to the Settlement and excluding myself from the Settlement?**
Objecting is telling the Court that you do not like something about the proposed Settlement or any other matter to be considered at the Settlement Hearing. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

### THE COURT'S SETTLEMENT HEARING - SCHEDULED FOR [Settlement Hearing date]

**21.  When and where will the Court decide whether to approve the Settlement?**
The Court will hold a hearing at [time] on [Settlement Hearing date], at the United States District Court for the Central District of California, Southern Division, 411 West Fourth Street, Santa Ana, CA 92701-4516, in Courtroom 9D ("Settlement Hearing"). At this Settlement Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will also decide whether to approve the Plan of Allocation and the payment of fees, costs and expenses to Plaintiff's Counsel, including the payment under the Private Securities Litigation Reform Act to Lead Plaintiff to compensate it for its time and expenses incurred in this case. We do not know how long the Settlement Hearing will take or whether the Court will make its decision about the Settlement or related issues on that day or sometime later. The Court will take into consideration any written objections filed in accordance with the instructions in the response to Question 19. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the Settlement Hearing; but decisions regarding the conduct of the Settlement Hearing will be made by the Court.

At or after the Settlement Hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take. You should be aware that the Court may change the date and time of the Settlement Hearing. Thus, if you want to come to the Settlement Hearing, you should check with Plaintiff's Counsel before coming to be sure that the date and/or time has not changed.

**22.  Do I have to come to the Settlement Hearing?**
No. Class members do not need to appear at the Settlement Hearing or take any other action to indicate that they approve of the Settlement. Plaintiff's Counsel will answer questions the Court may have about the Settlement. But if you would like to attend the Settlement Hearing, you are welcome to do so, at your own expense. If you send an objection, you do not have to come to Court to talk about it. The Court will consider your written objection, as long as you mailed your objection in on time (see response to question 19). You may also pay your lawyer to attend, but it is not necessary.

**23.  May I speak at the Settlement Hearing?**
If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see response to question 19) a statement that it is your "Notice of Intention to

Appear in Middlesex Retirement System v. Quest Software, Inc." Persons who intend to object to any part of the Settlement must provide in their written objections any evidence they intend to present at the Settlement Hearing and must also include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at such Settlement Hearing.

*You cannot speak at the Settlement Hearing if you exclude yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing by the deadline above, and in accordance with the procedures described in this Notice.*

### IF YOU DO NOTHING

**24. What happens if I do nothing at all?**

If you do nothing, you will not receive any payments from this Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, or be part of any other lawsuit against the Defendants or their Related Parties about the Settled Claims in this case ever again.

### GETTING MORE INFORMATION

**25. How do I get more information?**

For additional, more detailed information concerning the proposed Settlement or the matters involved in this Action, you may inspect the Stipulation of Settlement dated November 6, 2009 (the "Stipulation"), pleadings, the orders of the Court, and other papers filed in this Action at the office of the Clerk of the United States District Court for the Central District of California, Southern Division, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, during regular business hours, or at www.QuestSoftwareClassActionSettlement.com. You can also contact Plaintiff's Counsel at the addresses above, or the Claims Administrator at:

Quest Software, Inc. Class Action Settlement
c/o Rust Consulting, Inc.
P.O. Box 2259
Faribault, MN 55021-2379
888-356-0272.
info@QuestSoftwareClassActionSettlement.com

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Quest common stock on the open market between November 9, 2001 and July 3, 2006, inclusive, for beneficial owners who are Class Members, then THE COURT HAS DIRECTED THAT WITHIN TEN (10) BUSINESS DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide the Administrator the name and last known address of each person or entity for whom or which you purchased such Quest common stock during the Class Period or (b) request additional copies of the Notice and Proof of Claim forms from the Claims Administrator, which will be provided to you free of charge, and within five (5) business days of receipt, mail the Notice and Proof of Claim forms by first class mail [or e-mail (for those accounts for which you have current email addresses)] directly to the beneficial owners of the Quest common stock. If you choose to follow alternative (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. Additionally, if you elect to mail the Notice and Proof of Claim forms directly to your customers, then the Court has further directed that you retain the list of names and addresses of the persons and entities to whom the Notice and Proof of Claim forms were mailed so that it will be available for future mailings, if necessary, pending the final determination of this Action. Upon full compliance with these directives, you may seek reimbursement from the Defendants of the reasonable expenses actually incurred in forwarding the Notice and Proof of Claim forms to beneficial owners, which would not have been incurred but for the obligation to forward the documents. Requests for reimbursement of expenses should be directed to the Claims Administrator and must be

accompanied by proper documentation supporting the expenses for which reimbursement is sought.  All communications should be directed to the Claims Administrator at the following address:

Quest Software, Inc. Class Action Settlement
Rust Consulting, Inc.
P.O. Box 2259
Faribault, MN  55021-2379
888-356-0272.
info@QuestSoftwareClassActionSettlement.com

***Please do not write or telephone the Court, the Judge, or
the Clerk of the Court regarding this Notice or this Action.***

If you have any questions regarding this Notice or the Action, you may contact Class Counsel by writing: WOLF POPPER LLP, 845 Third Avenue, 12th Floor, New York, NY 10022, or email IRRep@wolfpopper.com.

Dated: [Month] [Day], 2009                     By Order of the United States District Court
                                               For the Central District of California,
                                               Southern Division

EXHIBIT A-2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| MIDDLESEX RETIREMENT SYSTEM, Individually and on behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>QUEST SOFTWARE, INC., VINCENT C. SMITH, M. BRINKLEY MORSE, MICHAEL J. LAMBERT, DAVID M. DOYLE, JERRY MURDOCK, JR., and KEVIN BROOKS,<br><br>Defendants. | Case No. CV 06-6863-DOC (RNBx)<br><br><br>CLASS ACTION<br>PROOF OF CLAIM AND RELEASE |

**I.    GENERAL INSTRUCTIONS**

1.    To recover as a Member of the Class based on your claims in the action entitled *Middlesex Retirement System v. Quest Software, Inc.,* Case No. CV06-6863-DOC (RNBx) (the "Action"), you must complete and, on page 4, sign this Proof of Claim and Release.  If you fail to timely file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of the Settlement in the Action.

3.    YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED NO LATER THAN **[claims deadline]**, ADDRESSED AS FOLLOWS:

*Quest Software, Inc. Class Action Settlement*

c/o Rust Consulting, Inc.

P.O. Box 2259

Faribault, MN  55021-2379
Toll-Free Number ( 888) 356-0272

If you are NOT a Member of the Class (as defined in the "Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing") DO NOT submit a Proof of Claim and Release form.

4.    If you are a Member of the Class, and you do not timely and validly request exclusion, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

**II.    DEFINITIONS**

Terms as defined in the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing shall also apply herein.

**III.    CLAIMANT IDENTIFICATION SECTION OF FORM**

1.    If you purchased Quest Software, Inc. ("Quest") common stock, and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.    Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the

beneficial purchaser of Quest common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS, OF THE QUEST COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.  All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and proof of their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

IV.  CLAIM FORM

1.  Use Part II of this form entitled "Schedule of Transactions in Quest Common Stock" to supply all required details of your transaction(s) in Quest common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.  On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Quest common stock which took place at any time beginning November 9, 2001 through July 3, 2006, inclusive (the "Class Period").  Failure to report all such transactions may result in the rejection of your claim.

You must also provide *all* of your sales of Quest common stock which took place during the period from July 5, 2006 through the close of trading on October 1, 2006.  Although losses on purchases of Quest common stock after July 3, 2006 are not recoverable, sales information for 90 days after the end of the Class Period is required because the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(e)(1), affects the amount of damages that investors can recover.

3.  List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day and year of each transaction you list.

4.  The date of covering a "short sale" is deemed to be the date of purchase of Quest common stock.  The date of a "short sale" is deemed to be the date of sale of Quest common stock.

5.  Copies of broker confirmations or other documentation of your transactions in Quest common stock must be attached to your claim.  *Do not send originals.*  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  Certain Claimants with a large number of transactions, such as institutional holders, may ask (or be asked) to submit claim information in an electronic format.  The Claims Administrator will decide when electronic filing of information will be authorized.  In these cases, all Claimants *must* still submit a manually signed paper Proof of Claim form.  The Proof of Claim form must list all the data and transactions, whether or not they are also submitted electronically.  Only electronic files authorized by the Claims Administrator will be considered properly submitted.  The Claims Administrator will issue a written acknowledgement of receipt and acceptance of electronically submitted data to the Claimant.

Reminder Checklist:

1.  Please sign the release and declaration.

2.  If this claim is being made on behalf of joint claimants, both must sign.

3.  Remember to attach supporting documentation.

4.  Do not send original or copies of stock certificates.

5.  Keep a copy of your Proof of Claim form and all documents submitted for your records.

6.  If you desire an acknowledgment of receipt of your Proof of Claim form, please send it Certified Mail, Return Receipt Requested.

7.  If you move, please send us your new address.

These forms and your supporting documentation must be postmarked no later than **[claims deadline]**.

<table>
<tr><td>MUST BE POSTMARKED NO LATER THAN [CLAIMS DEADLINE]</td><td>MIDDLESEX  RETIREMENT SYSTEM v. QUEST SOFTWARE, INC.</td><td>For office use only</td></tr>
</table>

Case No. CV 06-6863-DOC (RNBx)

<u>PROOF OF CLAIM AND RELEASE</u>

<u>Please Type or Print</u>

PART I:     <u>CLAIMANT IDENTIFICATION SCHEDULE</u> – Complete either Section A or B.

A.   Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account.  Otherwise, proceed to B.

Last Name (Beneficial Owner)

First Name (Beneficial Owner)

Last Name (Joint Beneficial Owner, if applicable)

First Name (Joint Beneficial Owner, if applicable)

Name of IRA Custodian, if applicable

If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box above (e.g. Jones IRA).

B.   Complete this Section ONLY if the Beneficial Owner is an Entity, such as a corporation, trust, estate, etc.  Then proceed to C.

Name of Custodian, if applicable

Name of Representative, if applicable (Executor, administrator, trustee, c/o, etc.)

C.   Mailing Information

Number and Street  or P.O. Box

City

State

Zip Code

Foreign Province and Postal Code

Foreign Country

Telephone Number (Day, including area and/or country code)

Telephone Number (Evening, including area and/or country code)

E-mail Address

|

Account No.

Enter Taxpayer Identification Number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  If you fail to provide this information, your claim may be rejected.

Social Security No. (for individuals)

OR

Taxpayer Identification No. (for estates, trusts, corporations, etc.)

PART II:    SCHEDULE OF TRANSACTIONS IN QUEST COMMON STOCK

BEGINNING SHARES

A.   State the total number of shares of Quest common stock owned at the close of trading on November 8, 2001, long or short *(must be documented)*:

**Number of Shares**

PURCHASES

B.   Separately list each and every purchase of Quest common stock during the period November 9, 2001 through July 3, 2006, inclusive, and provide the following information *(must be documented)*:

| Trade Date *(List Chronologically)* (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Amount Paid (net of commissions, taxes & fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

C.   Total number of shares of Quest common stock purchased from July 5, 2006 though the close of trading on October 1, 2006, long or short *(if none, write "zero" or "0")*:

**Number of Shares**

SALES

D.   Separately list each and every sale of Quest common stock during the period November 9, 2001 through the close of trading on October 1, 2006, inclusive (see instruction IV.2 above regarding this date), and provide the following information *(must be documented)*:

| Trade Date *(List Chronologically)* (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes & fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

UNSOLD SHARES

E.   State the total number of shares of Quest common stock you still owned at the close of trading on October 1, 2006, long or short *(must be documented)*:

**Number of Shares**

PART III:    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any Judgment that may be entered in the Action. I agree to furnish additional information to the Claims Administrator to support this claim if required to do so. I have not submitted any other claim covering the same purchases or sales of Quest common stock during the Class Period and know of no other Person having done so on my behalf.

PART VI:    RELEASE

1.  I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Settled Claims (including Unknown Claims) each and all of the Released Parties and each and all of their "Related Parties," defined as each of Quest or an Individual Defendant's past or present directors, officers, employees, partners, principals, members, insurers, co-insurers, re-insurers, controlling shareholders, attorneys, advisors, accountants, auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities; any entity in which Quest or an Individual Defendant has or had a controlling interest, other than any entities that, as of or after the beginning of the Class Period, no excluded party held a 5% or greater interest in; any member of any Individual Defendant's immediate family; or any trust of which any Individual Defendant is the settlor or which is for the benefit of any member of an Individual Defendant's immediate family.

2.  "Settled Claims" means and includes any and all claims, including "Unknown Claims" (as defined in ¶ 3 below), arising from the purchase of Quest common stock that: (i) have been asserted in this Action by Class Representative on behalf of the Class and its Class Members against any of the Released Parties, or (ii) have been or could have been asserted in any forum by the Class Representative, Class Members or any of them against any of the Released Parties, which arise out of, relate to or are based upon the allegations, transactions, facts, matters, occurrences, representations or omissions involved, or set forth in the Complaint.

3.  "Unknown Claims" means any and all claims that the Class Representative or any Class Member does not know or suspect to exist and any and all claims that Quest or any Individual Defendant does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of, as applicable, the Released Parties, the Class Representative, and Class Members, or might have affected his, her or its decision to object or not to object to this Settlement. The Class Representative, Class Members, Quest and the Individual Defendants and each of them may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims and/or the Settled Defendants' Claims and Unknown Claims include those claims in which some or all of the facts comprising the claim may be undisclosed or hidden. Nevertheless, with respect to any and all Settled Claims and Settled Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, the Parties shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, waived all provisions, rights and benefits of California Civil Code § 1542 and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542. California Civil Code § 1542 provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Parties expressly acknowledge, and the Class Members shall be deemed to have, and by operation of the Judgment shall have acknowledged, that the waiver and release of Unknown Claims constituting Settled Claims and/or Settled Defendants' Claims was separately bargained for and is a material element of the Settlement.

4.  This release shall only be in force when the Court approves the Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in the Stipulation).

5.  I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.  I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Quest common stock which occurred during the Class Period as well as the number of shares of Quest common stock held by me (us) at the opening of trading on November 9, 2001, through the close of trading on October 1, 2006.

PART V:   <u>CERTIFICATION</u>

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1. The number shown on this form is my correct Taxpayer Identification Number; and

2. I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:       If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed         day                              ,                 in                              ,                              .
     this              (
                         f
     ____         _____     _____     _____     _____
                      (Month)              (Year)              (City)              (State/Country)

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

| | |
|---|---|
| Signature of Claimant | Type/print name here |
| Signature of Joint Claimant (if any) | Type/print Joint Claimant name here |
| Signature of person signing on behalf of Claimant | Type/print name of person signing on behalf of Claimant |

Capacity of person(s) signing (*e.g.*, Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Mail your Proof of Claim, postmarked no later than **[deadline]** to:

*Quest Software, Inc. Class Action Settlement*

c/o Rust Consulting, Inc.

P.O. Box 2259

Faribault, MN  55021-2379

1

2

3

4

5

6

7

EXHIBIT A-3

8

9

10

11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

12

13

MIDDLESEX RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,

14

Plaintiff,

15

v.

16

17

18

19

QUEST SOFTWARE, INC., VINCENT C. SMITH, M. BRINKLEY MORSE, MICHAEL J. LAMBERT, DAVID M. DOYLE, JERRY MURDOCK, JR., and KEVIN BROOKS,

20

Defendants.

Case No.  CV06-6863 DOC (RNBx)

SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, AND SETTLEMENT HEARING

21

22

23

24

25

26

27

28

TO:  ALL  PERSONS  AND  ENTITIES  WHO  PURCHASED  QUEST SOFTWARE, INC. ("QUEST") COMMON STOCK ON THE OPEN MARKET DURING THE PERIOD NOVEMBER 9, 2001 THROUGH JULY 3, 2006, INCLUSIVE (the "CLASS PERIOD"), AND WHO WERE DAMAGED THEREBY (the "CLASS").

YOU ARE HEREBY NOTIFIED that the above-captioned action (the "Action") has been certified as a class action and that a settlement in the amount of $29,400,000.00 (plus interest and the cost of providing notice to the Class) (the "Settlement") has been reached. A hearing (the "Settlement Hearing") will be held before the Honorable David O. Carter in the United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, Courtroom 9D, at 8:30 a.m., on _____ , 2010, to determine whether: (a) the proposed Settlement should be finally approved by the Court as fair, reasonable, and adequate; (b) the proposed plan of allocation to distribute the Settlement Fund is fair, reasonable, and adequate and should be approved in connection with the Settlement; (c) Plaintiff's Counsel's application for an award of attorneys' fees of not more than 25% of the Settlement Fund and reimbursement of expenses of not more than $695,000 should be approved; (d) the Court-appointed Lead Plaintiff and Class representative should be reimbursed up to $25,000.00 for its reasonable costs and expenses (including lost wages) directly related to its prosecution of this case on behalf of the Class; and (e) the claims against Defendants should be dismissed with prejudice.

IF YOU ARE A MEMBER OF THE CLASS YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you purchased Quest common stock on the open market in the Class Period and you have not already received the detailed printed Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing ("Notice") and Proof of Claim and Release Form ("Proof of Claim"), which more

1  fully describes the case, the Settlement, and your rights thereunder, and tells you
2  what a person or entity must do to be excluded from the Class, then you may obtain
3  copies by downloading them from www.questsoftwareclassactionsettlement.com or
4  www.wolfpopper.com, or by contacting the Court approved Claims Administrator,
5  as follows:

Quest Software, Inc. Class Action Settlement
c/o Rust Consulting, Inc.
P.O. Box 2259
Faribault, MN 55021-2379
Toll-Free Number (888) 356-0272

If you are a Class member, in order to be eligible to share in the distribution of the
Settlement proceeds, you must submit a Proof of Claim by no later than
_____, 2010, establishing that you are entitled to recovery.
All members of the Class will be bound by any judgment rendered in the Action
unless you properly request to be excluded, in writing to the above address,
postmarked by _____, 2010. Your request to be excluded must
include your name, address, and telephone number. IF YOU DO NOT TIMELY
FILE A PROPER PROOF OF CLAIM FORM AND DO NOT EXCLUDE
YOURSELF FROM THE CLASS, THEN YOU WILL NOT SHARE IN THE
SETTLEMENT, BUT YOU WILL BE BOUND BY THE FINAL JUDGMENT OF
THE COURT.

Any objection to any of the matters to be determined at the Settlement Hearing
must be filed with the Court and delivered to counsel for the parties, postmarked no
later than _____, 2010, in the manner and form set forth in the Notice.
Inquiries may be made to the Claims Administrator at the address and telephone
number set forth above.

PLEASE DO NOT WRITE OR TELEPHONE THE
COURT OR THE JUDGE FOR INFORMATION OR ADVICE

Dated: _____, 2009

By Order of the United States District Court

2.  **SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, AND SETTLEMENT HEARING**

1     For the Central District of California

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, AND SETTLEMENT HEARING**