# EXHIBIT 5

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CASSANDRA PACE, as an individual and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PETSMART, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | CASE NO. SACV13-500 DOC (RNBx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [69]** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# ORDER

Plaintiff Cassandra Pace ("Plaintiff" or "Class Representative"), having made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the settlement of the litigation pursuant to the Joint Stipulation of Class Action Settlement and Release (the "Agreement"); (b) conditionally certifying a class of with respect to any employees who received their final pay via paycard kit on or after July 1, 2014, for purposes of proceedings in connection with the final approval of the Agreement; (c) approving the form of Class Notice of Settlement and directing the manner of delivery thereof; (d) approving Larry W. Lee of Diversity Law Group and Dennis S. Hyun of Hyun Legal as Class Counsel and Plaintiff as Class Representative.

IT IS HEREBY ORDERED THAT:

1. All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with this Court.

2. The Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among the Plaintiff and Defendant PetSmart, Inc. (hereinafter referred to as "Defendant" or "PetSmart"). In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

3. On June 4, 2014, this Court issued its Order Granting Class Certification in Part (Doc. No. 58), which was subsequently amended pursuant to

the Parties stipulation, in which it certified a class of "[a]ll former employees who were employed by Defendants in the State of California at any time from February 20, 2010, through the present, who during their employment received their normal payroll wages through check or direct deposit, but upon their separation of employment received their terminating wages in the form of a paycard kit" (the "Paycard Class").

4. On June 20, 2014, this Court approved the Parties' Stipulation to Disseminate Class Notice, as well as the Amended Class Notice on July 22, 2014. (Doc. Nos. 63 & 65). On August 16 and September 15, 2014, the opt-out periods expired for Paycard Class members with no opt-outs received by the administrator. Thus, with respect to these class members, given that they have not opted-out, they have elected to be bound by any settlement in this case.

5. In addition to the previously certified class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the following Class:

(a) All former employees who were employed by Defendant in the State of California at any time from July 1, 2014, through the date this Settlement is preliminarily approved by the Court, who during their employment, received their normal payroll wages through check or direct deposit, but upon their separation of employment received their terminating wages in the form of a paycard kit.

6. With respect this provisionally certified class for settlement purposes, if the Agreement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Agreement shall have no bearing on, and will not be admissible in connection with, the issue of whether a class in this action should be certified in a non-settlement context. The Court's findings are for purposes of conditionally certifying a Settlement Class and will not

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1 have any claim or issue or evidentiary preclusion or estoppel effect in any other action against the Released Parties, or in this Action if the Agreement is not finally approved.

7. With respect to the provisionally certified class for settlement purposes only, the Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), that the number of class members is sufficiently numerous, the class members are ascertainable based on the Defendant's records, the Plaintiff's claims are typical of those in the class, and that there is adequate and fair representation.

8. Accordingly, for purposes of the Agreement only, this Court hereby CONDITIONALLY CERTIFIES the class as defined above action pursuant to Fed. R. Civ. P. 23(e).

9. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for settlement purposes only Larry W. Lee of Diversity Law Group and Dennis S. Hyun of Hyun Legal. The Court finds that Class Counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

10. Plaintiff is approved as Class Representative for the Settlement Class Members for settlement purposes only.

11. The Court finds on a preliminary basis that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs and the Class Representative Service Payment) falls within the "range of reasonableness" and therefore grants preliminary approval of the Agreement. Based on a review of the papers submitted by the Parties, the Court finds that the Agreement is the result of extensive arms-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of an experienced

3
**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

mediator in the settlement process supports the Court's conclusion that the Agreement is non-collusive.

12. The Court hereby APPROVES CPT Group as Settlement Administrator for the purposes of this settlement.

13. A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED to be held before the Court on **May 4, 2015** at **8:30 a.m.** at **Courtroom 9D** for the following purposes:

    a. to determine finally whether the additionally provisionally certified class satisfies the applicable prerequisites for class action treatment of a settlement class;

    b. to determine whether the proposed Agreement is fair, reasonable and adequate and should be granted final approval by the Court;

    c. to determine whether the Order of Final Approval as provided under the Agreement should be entered, and to determine whether the Released Parties should be released of and from the Released Claims as provided in the Agreement;

    d. to determine whether the proposed plan of allocation of the Settlement Amount is fair and reasonable and should be approved by the Court;

    e. to finally consider Plaintiff's application for the Class Representative enhancement payment;

    f. to finally determine whether Class Counsel's application for an award of attorneys' fees and costs is fair, reasonable, and adequate and should be approved by the Court;

    g. to determine that the Claim's Administrator's costs should be paid from the Settlement Amount; and

    h. to rule upon such other matters as the Court may deem appropriate.

14.     The form of Class Notice appended to the Agreement as Exhibits A and B is hereby APPROVED.  No later than fourteen (14) calendar days after the entry of this Order, Defendant shall provide the Settlement Administrator with each Class Member's name, last known address, social security number, and any other necessary information for the Settlement Class.  No later than ten (10) calendar days of receipt of the Settlement Class' information from Defendant, Settlement Administrator will send via first class mail the documents constituting the Notice Packet appended to the Agreement as Exhibits A & B to each Class Member by first-class mail, postage prepaid.

15.     The Court finds that the Class Notice, along with the related notification materials, constitute the best notice practicable under the circumstances and are in full compliance with the laws of the State of California, the United States Constitution, and the requirements of due process.  The Court further finds that the notifications fully and accurately inform the Settlement Class Members of all material elements of the proposed settlement, of the Settlement Class Members' right to dispute their share of the settlement, of the Settlement Class Members' right to be excluded from the Settlement Class, and of each Settlement Class Member's right and opportunity to object to the settlement.

16.     The Court hereby APPROVES the proposed Response Deadline of sixty (60) calendar days from the initial mailing of the Notice Packet.

17.     With respect to those class members who have already received class notice and have not opted-out, they are now bound by this Settlement and cannot opt-out.  However, with respect to the provisionally certified class, the Court hereby APPROVES the proposed procedure for opting out of the Settlement Class.  The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted.  Any member of the Class who requests exclusion from the settlement will not be entitled to any share of the settlement and will not be bound by the Agreement or have any

right to object, appeal or comment thereon. Members of the Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the settlement.

18. All reasonable costs of settlement and claims administration, including the mailing of Class Notice, shall be paid for as provided in the Agreement.

19. To object, a Class Member must file a valid Notice of Objection with the Court and serve copies of the Notice of Objection on the Parties on or before the Response Deadline. The Notice of Objection must be signed by the Class Member and contain all information required by this Settlement Agreement. The postmark date of the filing and service shall be deemed the exclusive means for determining that the Notice of Objection is timely. Class Members who fail to object in the manner specified above shall be deemed to have waived all objections to the Settlement and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement. Class Members who file and serve timely notices of objection will have a right to appear at the Final Approval Hearing in order to have their objections heard by the Court.

20. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

21. All Parties are otherwise ordered to comply with the terms of the Agreement.

22. The Agreement solely resolves the First through Third Causes of Action as set forth in the Second Amended Complaint.

23. Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Class Members for all matters relating to this Litigation, the Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agreement

6

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1 | and this Order.
2 |     IT IS SO ORDERED.
3 | DATED: January 14, 2015

*/s/ David O. Carter*
_____
HON. DAVID O. CARTER
United States District Judge

7

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**