# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOU BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEAWORLD ENTERTAINMENT, INC., et al.,<br><br>Defendants. | Case No.: 14cv2129-MMA (AGS)<br><br>**ORDER GRANTING CLASS REPRESENTATIVES' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF THE SETTLEMENT TO THE CLASS**<br><br>[Doc. No. 516] |

On November 29, 2017, this Court certified the pending action, *Baker v. SeaWorld Entertainment, Inc., et al.*, (the "Action"), to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired the publicly traded common stock of SeaWorld Entertainment, Inc. ("SeaWorld") between August 29, 2013 and August 12, 2014, who did not sell such acquired securities before August 13, 2014, and were damaged (the "Class").[1] *See* Doc. No. 259.

---

[1] Excluded from the Class are: (i) Defendants; (ii) present or former executive officers of SeaWorld, members of SeaWorld's Board of Directors, and members of their immediate families; (iii)

1  Pursuant to the Court's December 6, 2018 Order, the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things: (i) the Action pending against the defendants SeaWorld, The Blackstone Group L.P. (now known as The Blackstone Group Inc.), James Atchison, James M. Heaney, and Marc Swanson (collectively, "Defendants"); (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion. *See* Doc. No. 336.

Court-appointed Class Representatives Arkansas Public Employees Retirement System and Pensionskassen For Børne-Og Ungdomspædagoger (together, "Class Representatives"), on behalf of themselves and the other members of the Court-certified Class, and Defendants (together with Class Representatives, the "Parties") have determined to settle and dismiss with prejudice all claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated February 10, 2020 (the "Stipulation"), subject to the approval of this Court (the "Settlement"). *See* Doc. No. 516.

Class Representatives move, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and authorizing notice of the Settlement to Class Members as more fully described herein. *See id.*

Upon review and consideration of: (i) Class Representatives' motion for preliminary approval of the Settlement and authorization to disseminate notice of the Settlement to the Class, and the papers filed and arguments made in connection

---

any of the foregoing persons' legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest or any affiliate of SeaWorld. Also excluded from the Class are any persons and entities that submitted a request for exclusion in connection with Class Notice as set forth on Appendix 1 to the Stipulation.

therewith; and (ii) the Stipulation[2] and the exhibits attached thereto, the Court hereby **GRANTS** Class Representatives' motion and **ORDERS** as follows:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily **APPROVES** the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Fairness Hearing to be conducted as described below.

2. **Settlement Fairness Hearing** – The Court will hold a settlement hearing (the "Settlement Fairness Hearing") on **July 22, 2020 at 10:00 a.m. in Courtroom 3D** at the Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA 92101, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Fairness Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

---

[2] Unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation.

3. The Court may adjourn the Settlement Fairness Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Class Counsel are hereby authorized to retain Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator" or "Epiq"), the administrator previously approved by the Court to administer the dissemination of the Class Notice, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Fairness Hearing shall be given by Class Counsel as follows:

(a) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached to Class Representatives' motion as Exhibit A-1 (Doc. No. 516-5), to be mailed by first-class mail, or emailed, to potential Class Members who were previously mailed a copy of the Class Notice and any other potential Class Member who otherwise may be identified through further reasonable effort, and shall cause a copy of the Notice and Claim Form, substantially in the forms attached to Class Representatives' motion as Exhibits A-2 and A-4 (Doc. Nos. 516-6 and 516-8), respectively (the "Notice Packet"), to be mailed to the brokers and other nominees (the "Nominees") contained in the Claims Administrator's broker database;

(b) contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the website previously developed for this Action, www.SeaWorldSecuritiesLitigation.com, from which copies of the Notice and Claim Form can be downloaded;

(c) not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached

to Class Representatives' motion as Exhibit A-3 (Doc. No. 516-7), to be published once in *Investor's Business Daily* and to be transmitted once over *PR Newswire*; and

        (d)     not later than seven (7) calendar days prior to the Settlement Fairness Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

    5.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, the Notice, the Summary Notice, and the Claim Form, attached to Class Representatives' motion as Exhibits A-1, A-2, A-3, and A-4 (Doc. Nos. 516-5, 516-6, 516-7, and 516-8) respectively, and (b) finds that the mailing and distribution of the Postcard Notice, the posting of the Notice and Claim Form on the Settlement Website, and the publication of the Summary Notice in the manner and forms set forth in ¶ 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and of their right to appear at the Settlement Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Fairness Hearing shall be included in the Postcard Notice, the Notice, and the Summary Notice before they are mailed (and/or emailed), posted, and published, respectively.

    6.     **Nominee Procedures** – In the previously disseminated Class Notice, Nominees were advised that, if they purchased or otherwise acquired the publicly traded common stock of SeaWorld between August 29, 2013 and August 12, 2014 for the

beneficial interest of any person or entity other than themselves, they must either: (i) within seven (7) calendar days of receipt of the Class Notice, request from Epiq sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Class Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and last known addresses of all such beneficial owners to Epiq.

(a) For Nominees who chose the first option (i.e., elected to mail the Class Notice directly to beneficial owners), Epiq shall forward the same number of Postcard Notices to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Postcard Notices, mail the Postcard Notices to their beneficial owners;

(b) For Nominees who chose the second option (i.e., provided a list of names and addresses of beneficial owners to Epiq), Epiq shall promptly mail a Postcard Notice to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee purchased or otherwise acquired the publicly traded common stock of SeaWorld during the Class Period for beneficial owners whose names and addresses were not previously provided to Epiq, or the Nominees is aware of name and address changes for these beneficial owners, these Nominees need not take any further action;

(c) For Nominees who purchased or otherwise acquired the publicly traded common stock of SeaWorld during the Class Period for beneficial owners whose names and addresses were not previously provided to Epiq or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to Epiq, such Nominees shall within seven (7) calendar days of receipt of the Notice Packet, provide a list of the names and addresses of all such beneficial owners to Epiq, or shall request from Epiq sufficient copies of the Postcard Notice to forward to all such beneficial owners which the Nominee shall, within seven

(7) calendar days of receipt of the Postcard Notices from Epiq, mail to the beneficial owners; and

        (d)    Upon full and timely compliance with this Order, Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

    7.    **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Fairness Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

    8.    **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

    9.    Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance

with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Class Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Class Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11. **<u>No Second Opportunity to Request Exclusion From the Class</u>** – In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, as well as the notification they received that there may not be a second opportunity to opt out, the Court is exercising its discretion not to allow a second opportunity for

Class Members to exclude themselves from the Class in connection with the Settlement proceedings. *See, e.g., Low v. Trump Univ., LLC*, 881 F.3d 1111, 1121 (9th Cir. 2018); *Denney v. Deutsch Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006).

12. **Appearance and Objections at Settlement Fairness Hearing** – Any Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at the addresses set forth in paragraph 13 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Class Counsel.

13. Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing.

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| Kessler Topaz Meltzer & Check, LLP<br>Joshua E. D'Ancona, Esq.<br>280 King of Prussia Road<br>Radnor, PA 19087 | Simpson Thacher & Bartlett LLP<br>Jonathan K. Youngwood, Esq.<br>425 Lexington Avenue<br>New York, NY 10017 |
| Nix Patterson, LLP<br>Jeffrey J. Angelovich, Esq.<br>3600 N. Capital of Texas Hwy.<br>Suite B350<br>Austin, TX 78746 | Katten Muchin Rosenman LLP<br>Michael J. Diver, Esq.<br>525 W. Monroe Street<br>Chicago, IL 60661-3693 |

14. Any objections, filings, and other submissions by the objecting Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (c) include documents sufficient to prove membership in the Class, including the number of shares of SeaWorld publicly traded common stock that the objecting Class Member: (A) owned as of the opening of trading on August 29, 2013, and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Fairness Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

15. Any Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

16. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Class Representatives and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

17. **Notice and Administration Costs** – All reasonable Notice and Administration Costs shall be paid from the Settlement Fund as set forth in the Stipulation without further order of the Court.

18. **Settlement Fund** – The contents of the Settlement Fund held by the Escrow Agent, Huntington National Bank, shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

19. **Taxes** – Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect

thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

20. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representatives, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 3, 2020, as provided in the Stipulation.

21. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Class Representatives or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of

the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement, and may file the Stipulation and/or the Judgment in any action in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. **Supporting Papers** – Class Counsel shall file and serve the opening papers in support of final approval of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Fairness Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

**IT IS SO ORDERED.**

Dated: February 18, 2020

HON. MICHAEL M. ANELLO
United States District Judge