1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**SOUTHERN DISTRICT OF CALIFORNIA**

9

10 | LOU BAKER, Individually and on Behalf of All Others Similarly Situated,

11

12 | Plaintiff,

13 | v.

14 | SEAWORLD ENTERTAINMENT, INC. et al.,

15 | Defendants.

16

Case No. 14-cv-2129-MMA (AGS)

**ORDER GRANTING CLASS REPRESENTATIVES' UNOPPOSED MOTION AND APPROVING DISTRIBUTION PLAN**

[Doc. No. 531]

17

18    This matter comes before the Court on Class Representatives' Motion for Approval

19 of Distribution Plan.  Doc. No. 531.  The motion is made pursuant to Paragraph 28 of the

20 Stipulation and Agreement of Settlement dated February 11, 2020.  Doc. No. 516-3 at 30

21 ("Settlement" or "Stipulation").

22    By its Order Granting Plaintiff's Motion for Approval of Class Action Settlement

23 and Plan of Allocation; and Granting Plaintiff's Motion for Attorneys' Fees and

24 Litigation Expenses dated July 24, 2020, Doc. No. 529, and its Judgment and Order of

25 Dismissal dated July 24, 2020, Doc. No. 530, the Court approved the terms of the

26 Settlement and the proposed plan for allocating the net settlement proceeds to eligible

27 Class Members, Doc. No. 523-3, Ex. B, Appx. A) ("Plan of Allocation").

28

1    The Court directed the parties to consummate the terms of the Settlement and Plan

2    of Allocation.

3    The Settlement provided for consideration of $65,000,000 in cash ("Settlement

4    Amount") and, pursuant to the terms of the Stipulation, the Settlement Amount was

5    deposited into an escrow account established by Class Counsel for the benefit of the

6    Class.

7    As set forth in the mailed Postcard Notice and the posted Notice of (I) Proposed

8    Settlement; (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and

9    Litigation Expenses, Doc. No. 523-3, Exs. A & B ("Notice"), the deadline for Class

10   Members to submit Claims to the Court-appointed claims administrator for the

11   Settlement, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), in order to be

12   potentially eligible to participate in the distribution of the Net Settlement Fund has

13   passed.

14   In satisfaction of due process requirements, all Class Members who submitted

15   Claims that were in any way ineligible or deficient were: (i) informed that their Claims

16   were ineligible or deficient; and (ii) given opportunities to correct any curable

17   deficiencies prior to their Claims being finally rejected, or to contest the determination as

18   to such deficiencies, by requesting judicial review;

19   The process of reviewing Claims has been completed.

20   Class Representatives, through Class Counsel, now seek authorization to distribute

21   the proceeds of the Settlement Fund to Authorized Claimants, after deduction of any

22   taxes, fees, and expenses previously approved by the Court or approved by this Order

23   ("Net Settlement Fund").  The Court retained jurisdiction over this Action, the Parties,

24   and each of the Class Members for all matters relating to this Action, including any

25   motion to approve the Class Distribution Order.  Doc. No. 530 ¶ 14.

26   Upon careful consideration of: (i) the Declaration of Nicholas Schmidt in Support

27   of Class Representatives' Unopposed Motion for Approval of Distribution Plan submitted

28   on behalf of Epiq ("Schmidt Declaration"); (ii) the Memorandum of Points and

1    Authorities in Support of Class Representatives' Unopposed Motion for Approval of

2    Distribution Plan; and (iii) the other submissions and papers on file with the Court; and

3    upon all prior proceedings heretofore and herein, and after due deliberation, the Court

4    **GRANTS** Class Representatives' motion and **ORDERS** as follows:

5         1.    That all capitalized terms not otherwise defined herein shall have the same

6    meanings as set forth in the Stipulation and in the Schmidt Declaration;

7         2.    That the administrative determinations of Epiq accepting the Claims

8    described in the Schmidt Declaration and listed on Exhibits C-1 and C-2 thereto,

9    calculated pursuant to the Court-approved Plan of Allocation set forth in the Notice, are

10   hereby approved, and said Claims are hereby accepted;

11        3.    That the administrative determinations of Epiq rejecting the Claims

12   described in the Schmidt Declaration and listed on Exhibit C-3 thereto are hereby

13   approved, and said Claims are hereby rejected;

14        4.    That Epiq be paid the sum of $17,833.00 from the Net Settlement Fund as

15   payment for its fees and expenses to be incurred in conducting the Initial Distribution of

16   the Net Settlement Fund;

17        5.    That Epiq conduct the Initial Distribution of the Net Settlement Fund as set

18   forth in the Schmidt Declaration. As set forth in ¶ 40 of the Schmidt Declaration, 90% of

19   the Net Settlement Fund shall be distributed in the Initial Distribution and the remaining

20   10% of the Net Settlement Fund shall be held in reserve (the "Reserve") in order to

21   address any claims administration-related contingencies that may arise following the

22   Initial Distribution. Any Authorized Claimant who would have received a distribution of

23   $10.00 or more, but less than $100.00 based on the total amount of the Net Settlement

24   Fund shall be paid their full award now ("Claims Paid in Full") and shall not receive any

25   future distributions from the Net Settlement Fund. Any Authorized Claimant who would

26   have received a distribution of $100.00 or more based on the total amount of the Net

27   Settlement Fund shall be paid 90% of their award now;

28

6.      That the Net Settlement Fund shall be distributed to the Authorized Claimants listed on Exhibits C-1 and C-2 to the Schmidt Declaration pursuant to the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants as shown on such Exhibits;

7.      That all checks to Authorized Claimants issued in the Initial Distribution shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED BY [DATE 90 DAYS AFTER ISSUE DATE]." Class Counsel and Epiq are authorized to take appropriate actions to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time;

8.      That Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Settlement;

9.      That, after making reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, but not earlier than nine (9) months after the Initial Distribution, Epiq will, if cost-effective to do so, redistribute any funds remaining in the Net Settlement Fund, including from the Reserve and all uncashed checks, to Authorized Claimants who have cashed their Initial Distribution checks and who would receive at least $10.00 from such redistribution based on their *pro rata* share of the remaining funds, after deducting Epiq's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the costs for such redistribution), and after deducting any estimated taxes, the costs of preparing appropriate tax returns and any escrow fees;

10.      That Epiq may make additional distributions of balances remaining in the Net Settlement Fund to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional distributions if Class Counsel, in consultation with Epiq, determine that additional distributions, after deducting any fees and expenses as described above, would be cost-effective;

1        11.     That, at such time as Class Counsel, in consultation with Epiq, determine

2    that further distribution of the funds remaining in the Net Settlement Fund is not cost-

3    effective, any otherwise valid Claims received after September 30, 2021 or Claims

4    adjusted after September 30, 2021 may be paid in accordance with ¶ 40(f) of the Schmidt

5    Declaration;

6        12.     That any balance that remains in the Net Settlement Fund after further

7    distributions or payment of any otherwise valid Claims received after September 30,

8    2021, or Claims adjusted after September 30, 2021, in accordance with ¶ 40(f) of the

9    Schmidt Declaration, which is not cost-effective to reallocate, will be contributed, after

10    deducting any fees and expenses as described above, to non-sectarian, not-for-profit

11    organization(s) recommended by Class Counsel and approved by the Court;

12        13.     That the Court finds that the administration of the Settlement and the

13    proposed distribution of the Net Settlement Fund comply with the terms of the

14    Stipulation and the Plan of Allocation and that all persons and entities involved in the

15    review, verification, calculation, tabulation, or any other aspect of the processing of the

16    Claims submitted in connection with the Settlement of this Action, or who are otherwise

17    involved in the administration or taxation of the Settlement Fund or the Net Settlement

18    Fund are released and discharged from any and all claims arising out of such

19    involvement, and, pursuant to the release terms of the Settlement, all Class Members,

20    whether or not they are to receive payment from the Net Settlement Fund, are barred

21    from making any further claims against the Net Settlement Fund or the parties released

22    pursuant to the Settlement beyond the amount allocated to them pursuant to this Order;

23        14.     That Epiq is hereby authorized to destroy paper copies of Claims and all

24    supporting documentation one (1) year after the Second Distribution of the Net

25    Settlement Fund, if that occurs, or, if there is no Second Distribution, two (2) years after

26    the Initial Distribution and all electronic copies of the same one (1) year after all funds

27    have been distributed; and

28

15.    That this Court retain jurisdiction over any further application or matter which may arise in connection with this Action.

**IT IS SO ORDERED**.

Dated:  January 31, 2022

HON. MICHAEL M. ANELLO
United States District Judge